UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POMPANO BEACH POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -v- <br><br> OLO INC., NOAH GLASS, and PETER J. BENEVIDES, <br><br> Defendants. | 22-cv-8228 (JSR) <br><br> MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

This is a putative class action filed by plaintiff Pompano Beach and Firefighters' Retirement System against defendants Olo Inc. ("Olo"), a provider of software to restaurants, and two of Olo's officers, Noah Glass and Peter J. Benevides, on behalf of similarly situated investors in Olo. The Complaint alleges that the defendants made false and/or misleading statements of material fact relating to Olo's partnership with Subway restaurants.

Three investors in Olo initially moved to be appointed as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(1). Subsequently, two movants voluntarily withdrew from consideration, leaving only one movant, Steamship Trade Association-International Longshoreman's Association ("STA-ILA") remaining. See ECF No. 23; Conference of Dec. 16, 2022, Tr. 7:25. On December 16, 2022, the Court held an evidentiary hearing in which, inter alia, it posed questions to Richard P. Krueger

1

III, a representative of STA-ILA who is to supervise this case on behalf of STA-ILA. At that hearing, the Court stated that it appointed STA-ILA as lead plaintiff and that the Court approved of STA-ILA's choice of lead counsel, Scott+Scott, as well. Conference of Dec. 16, 2022, Tr. 16:2-5. The Court also promised a memorandum setting forth the reasons for those rulings. Here is that Memorandum.

I.  Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within sixty days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3). After notice has been published, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the plaintiff that the Court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Such a presumption may nonetheless be rebutted upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

STA-ILA timely filed its motion to be appointed as lead plaintiff.[1] Additionally, since it is the only movant who did not withdraw, it has the largest financial interest at stake. So STA-ILA is entitled to presumption of greatest adequacy if it has also made a *prima facie* showing of satisfying the requirements of Rule 23. Based on STA-ILA's written submissions and the Court's questioning of Mr. Kruger, the Court finds that STA-ILA has made such a *prima facie* showing.

---

[1] STA-ILA submitted its motion on November 28, 2022. The PSLRA provides that motions for lead plaintiff must be submitted not later than 60 days after the date on which notice of an action is published. 15 U.S.C. § 78u-4(a)(3)(A). In this case, notice was given on September 26, 2022 (the same day as the filing of the Complaint). See Decl. of Thomas L. Laughlin, IV, Ex. A, ECF No. 16. Sixty days following that date is November 25, 2022, which was a legal holiday, and the following two days were a Saturday and a Sunday, respectively. While the PSLRA does not specify how to deal with weekends and holidays, Rule 6(a) of the Federal Rules of Civil Procedure provides that any period of time in such a statute "include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." F. R. Civ. P. 6(a)(1)(C). Thus, the deadline for moving to be named lead plaintiff in this case was November 28, 2022, and accordingly STA-ILA's motion was timely.

The typicality requirement is satisfied when a plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all class members. See In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 35 (2d Cir. 2009). Courts in this Circuit have held that the "typicality requirement is not demanding." In re Prestige Brands Holdings, Inc., No. 05 Civ. 6924(CLB), 2007 WL 2585088, *2-3, 2007 U.S. Dist. LEXIS 66199, *10-11 (S.D.N.Y.2007).

Here, STA-ILA alleges that its claims arise from defendants' misstatements and omissions concerning Olo's business, operations, and financial health. This is the same course of events that allegedly injured the other members of the class. Thus, STA-ILA has made a *prima facie* showing of typicality. See In re Petrobras Sec. Litig., 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (finding typicality where a plaintiff sought "recovery for losses incurred as a result of defendants' alleged misrepresentations and omissions with respect to" a single course of conduct).

Rule 23's adequacy requirement, meanwhile, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Additionally, in a putative PSLRA class action, courts seek to assess whether the plaintiff can "act like a 'real' client,

4

carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price." In re Razorfish, Inc. Sec. Litig., 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001).

STA-ILA has made a prima facie showing of satisfying this requirement as well. STA-ILA has chosen Scott+Scott, whose resume indicates that it is experienced in litigating securities class actions. See Decl. of Thomas L. Laughlin, IV ("Laughlin Decl."), Ex. D, ECF No. 16. No conflicts have been identified between the other members of the class and STA-ILA, which is only related to Olo in its capacity as a shareholder, and which is not related to the individual defendants. STA-ILA claims to have over $650,000 at stake in this case, ensuring that it has an incentive to vigorously pursue its claims on behalf of the class. See Laughlin Decl., Ex. B. And Mr. Krueger's responses to the Court's questioning indicate that STA-ILA is able and willing to supervise counsel on behalf of the class.

Because STA-ILA has made a prima facie showing of satisfying the requirements of Rule 23, and because, as the sole movant, it has the largest financial interest at stake, it is entitled to the presumption of greatest adequacy. This presumption has not been rebutted. Thus, the Court appoints STA-ILA as lead plaintiff.

II. Lead Counsel

The PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §

5

78u-4(a)(3)(B)(v). "The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" Kaplan v. S.A.C. Capital Advisors, L.P., 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (quoting Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). Here, STA-ILA's choice of counsel, Scott+Scott, has represented investors in several prior cases and has recovered hundreds of millions of dollars for them. See Laughlin Decl., Ex. D. Further, the Court has examined Scott+Scott's retainer agreement with STA-ILA, and while that agreement is not binding on the Court, it reinforces the Court's confidence in Scott+Scott's professionalism. Thus, the Court approves STA-ILA's choice of counsel.

III. Conclusion

For the foregoing reasons, the Court appoints STA-ILA as lead plaintiff and Scott+Scott as lead counsel. The Clerk is respectfully requested to close numbers 9, 12, and 14 on the docket of this case.

SO ORDERED.

New York, NY
December 21, 2022

JED S. RAKOFF, U.S.D.J.