# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION |

**DECLARATION OF RICHARD P. KRUEGER, III IN SUPPORT OF
LEAD PLAINTIFF STEAMSHIP TRADE ASSOCIATION OF BALTIMORE –
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND'S
MOTION FOR CLASS CERTIFICATION NOTICE OF LEAD PLAINTIFF**

I, Richard P. Krueger, III, being duly sworn, declare as follows:

1.      I am the Co-Administrator of Lead Plaintiff Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("STA-ILA" or "Lead Plaintiff").  I make this declaration in support of Lead Plaintiff's Motion for Class Certification, am authorized to do so on behalf of STA-ILA, and have personal knowledge of the matters stated herein.

2.      STA-ILA is a multiemployer defined benefit pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001 et seq., and a qualified pension plan pursuant to section 401 of the Internal Revenue Code, 26 U.S.C. §401.  STA-ILA is governed by the laws of the State of Maryland to the extent those laws are not superseded or preempted by ERISA.  STA-ILA provides pension benefits to over 3,200 vested and/or retired longshoremen and beneficiaries in Baltimore, Maryland.  STA-ILA was established

1

and is maintained by its plan sponsor, the Joint Board of Trustees (the "Board"), composed of an equal number of trustees representing the Steamship Trade Association of Baltimore and those representing the International Longshoremen's Association. STA-ILA has investments to support its obligations to participants and beneficiaries and defray reasonable expenses of administration. As set forth in its Certification previously filed in this Action, STA-ILA purchased Olo Class A common stock during the Class Period, and suffered damages as a result.

3.      After consulting with Scott+Scott Attorneys at Law LLP ("Scott+Scott"), as well as the Board's counsel, the Law Offices of Michael J. Collins, PC and Abato, Rubenstein and Abato, P.A. ("Fund Counsel"), the Board authorized STA-ILA to participate in this Action, seek leadership as lead plaintiff, and to seek to be appointed as Class Representative.

4.      The Court subsequently appointed STA-ILA as Lead Plaintiff and Scott+Scott as lead counsel ("Lead Counsel"), and with Scott+Scott, STA-ILA has diligently and effectively prosecuted this case, consistent with its fiduciary duties to the Class. STA-ILA understands that those duties include actively supervising, monitoring, and participating in the prosecution of this Action. It will also ensure that all members of the Class have fair and adequate representation, including by working with Lead Counsel, responding to discovery requests, searching for documents, reviewing filings, sitting for depositions, and testifying at trial.

5.      On behalf of STA-ILA, I have and will continue to diligently undertake those duties. For example, I have: (a) received regular updates and status reports from Lead Counsel; (b) communicated regularly with Lead Counsel and Board Counsel, including concerning significant developments in this Action; (c) reviewed pleadings, filings, and other documents in this matter; and (d) participated in discovery.

6.    Further, STA-ILA has acted to protect its and the Class' interests by selecting Scott+Scott as proposed Class Counsel, based on that firm's experience and expertise. In particular, Scott+Scott has significant experience with securities class actions and substantial resources, which enable it to prosecute this case effectively.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of June, 2023, in Baltimore, Maryland.

RICHARD P. KRUEGER, III

3