# Exhibit CC

SCOTT + SCOTT    AMANDA+LAWRENCE

+ Via Email +

May 11, 2023

Jennifer B. Luz
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

      Re:    *STA-ILA v. Olo, Inc*., No. 1:22-cv-08228-JSR (S.D.N.Y.)

Dear Counsel:

I write in response to your letter dated May 8, 2023 ("Letter") regarding the Initial Disclosures issued by Lead Plaintiff Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("Lead Plaintiff" or "STA-ILA") on May 5, 2023 in the above-captioned action (the "Action"). The Letter characterized Lead Plaintiff's Initial Disclosures as "patently deficient" for (1) not identifying particular individuals at STA-ILA likely to have discoverable information and (2) not including the names of any of the Confidential Witnesses referred to in the Complaint. Lead Plaintiff takes issue with your characterization and addresses each concern below.

*First*, as to your complaint that the Initial Disclosures did not name a document custodian or deponent for STA-ILA, it is merely argumentative. Given that your requests for production of documents ("1st RFPs") were to be forthcoming just one week after service of Initial Disclosures, we anticipated naming all relevant custodians (to the extent there are multiple) in either a letter, electronic communication, and/or meet-and-confer after reviewing the 1st RFPs. Similarly, given that you are likely to issue a deposition notice pursuant to Fed. R. Civ. Proc. 30(b)(6) to STA-ILA, we anticipated naming the appropriate representative to speak on behalf of Lead Plaintiff at that point in a similar fashion. However, to resolve this issue expeditiously, Lead Counsel will supplement the Initial Disclosures to name STA-ILA Co-Administrator Richard P. Krueger, III, ("Krueger") as both likely custodian and representative of STA-ILA available for deposition. Additionally on this point, your reference to *In re Monster Worldwide, Inc. Sec. Litig*., 251 F.R.D. 132, 135 (S.D.N.Y. 2008) is both unnecessary and misplaced. As you are aware, the deponent in that action (the deposition of which took place **15 years ago**) is no longer with STA-ILA and Judge Rakoff specifically addressed that case at the leadership hearing on December 16, 2022.

*Second*, the Initial Disclosures are not required to identify the Confidential Witnesses from the Amended Complaint, even if they were referenced at oral argument. Indeed, the Letter cites to the 1993 Advisory Committee Notes, but completely *ignores* the 2000 Committee Notes, which states in relevant part:

> The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been **narrowed** to identification of witnesses and documents that the disclosing party may use to support its claims or defenses. **"Use" includes any use at a pretrial conference, to support a motion, or at trial**. The disclosure obligation is also triggered by intended use in discovery, apart from use to respond to a discovery request; use of a document to question a witness during a deposition is a common example. The disclosure obligation attaches both to witnesses and documents a party intends to use and also to witnesses and to documents the party intends to use if – in the language of Rule 26(a)(3) – "the need arises."

Scott+Scott Attorneys at Law LLP + 156 South Main St., P.O. Box 192 + Colchester, CT 06415 + 860.531.2645 + alawrence@scott-scott.com

Jennifer B. Luz
May 11, 2023
Page 2

> *A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use*.  The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1).  *Because the disclosure obligation is limited to material that the party may use, it is no longer tied to particularized allegations in the pleadings*.  Subdivision (e)(1), which is unchanged, requires supplementation if information later acquired would have been subject to the disclosure requirement.  As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use.

(Emphasis added.)  Therefore, Rule 26 no longer requires a party to disclose "witnesses or documents . . . that it does not intend to use."  And this principle has been accepted in this Circuit.  *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003).  *See also Goonewardena v. N.Y. Workers Comp. Bd.*, 258 F. Supp. 3d 326, 349 n.11 (S.D.N.Y. 2017), *aff'd.* 788 F. App'x 779 (2d Cir. 2019); *Gomas v. City of N.Y.*, 2009 WL 962701, at *1 (E.D.N.Y. Apr. 8, 2009); and *Yaccarino v. Motor Coach Indus., Inc.*, 2006 WL 5230033, at *6 (E.D.N.Y. Sept. 29, 2006).[1]  As we do not intend to rely on any Confidential Witnesses moving forward, Lead Plaintiff is under no obligation to disclose the Confidential Witness names in the Initial Disclosures.  Should we decide otherwise, we will expeditiously supplement the Initial Disclosures with the names of all Confidential Witnesses which we will rely upon.  Committee Notes on Fed. R. Civ. Proc. (2000) ("As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use.").

Thank you,
SCOTT+SCOTT ATTORNEYS AT LAW LLP

Amanda Lawrence

---

[1]    We note your Letter's citation to *Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 338 (S.D.N.Y. 2011) in support of an argument that the attorney work product doctrine does not shield from disclosure the identity of the Confidential Witnesses.  Notably, that case concerns the disclosure of Confidential Witnesses in response to interrogatories, not initial disclosures.  At this point, we take no position on whether the names of the Confidential Witnesses relied upon in the Amended Complaint are protected by the attorney work product doctrine, but we are willing to meet-and-confer with you early next week following receipt of any interrogatories you may propound upon us.