# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION |

**[PROPOSED] ORDER CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVE, AND APPOINTING CLASS COUNSEL**

The Court, having reviewed Lead Plaintiff's motion for class certification and all supporting and opposing papers therein, and the Court finding that:

(a) under Rule 23(a)(1) the proposed Class is sufficiently numerous rendering joinder of all class members impracticable;

(b) under Rule 23(a)(2) there exist common questions of law and fact as to all Class Members, which include, *inter alia*: (i) whether Defendants' statements were materially false and misleading; (ii) whether the underlying misrepresentations and omissions were made with scienter; (iii) whether the price of Olo's Class A common stock was artificially inflated during the Class Period; and (iv) whether Defendants' misrepresentations and omissions caused Class Members to suffer economic losses;

(c) under Rule 23(a)(3) the claims and defenses of the proposed Class Representative are typical of the claims and defenses of all Class Members in that: (1) the proposed Class Representative purchased Olo's Class A common stock during the Class Period; (2) the proposed

1

Class Representative's claims, like those of all other Class Members, derive from the same legal theories and the same misrepresentations and omissions;

(d) under Rule 23(a)(4) the proposed Class Representative has demonstrated that it will fairly and adequately protect the interests of the Class;

(e) under Rule 23(g) the proposed Lead Counsel for the Class, Scott+Scott Attorneys at Law LLP, has demonstrated that it is experienced in prosecuting class actions of this nature and will adequately represent the interests of the Class;

(f) under Rule 23(b)(3) the questions of law or fact are common to the Members of the Class (*e.g.*, whether Defendants have violated the federal securities laws, and if so, the appropriate measure of damages) and predominate over any questions affecting only individual members;

(g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy given the inherent similarity of each of the claims and defenses to be asserted in the action and the adequacy of the class representative; and

(h) it appearing to the Court that good cause has been shown,

IT IS HEREBY ORDERED THAT

1. This case is certified as a class action pursuant to Rules 23(a) and 23(b)(3);

2. The "Class" of plaintiffs is defined as follows: all persons and entities that purchased shares of Olo's Class A common stock between March 17, 2021 and August 11, 2022, inclusive (the "Class Period"). Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Olo during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling

2

interest; (v) Olo's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person.

3.  Lead Plaintiff Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund is appointed as Class Representative.

4.  Scott+Scott Attorneys at Law LLP is appointed as Class Counsel.

**SO ORDERED.**


DATED: _____, 2023
              New York, New York



                                        _____
                                        JED S. RAKOFF, U.S.D.J.

3