

Justin D. Ward
+1 617 570 1499
JWard@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA  02210

goodwinlaw.com
+1 617 570 1000

October 30, 2023

**VIA ECF**

The Honorable Jed S. Rakoff
United States District Judge
500 Pearl Street
New York, New York 10007

**Re:    *Steamship Trade Ass'n of Balt. – Int'l Longshoremen's Ass'n Pension Fund v. Olo Inc. et al.*, No. 1:22-cv-08228-JSR**

Dear Judge Rakoff:

We represent Defendants in the above-referenced action and write to address supplemental legal authority that Lead Plaintiff ("Plaintiff") cited at Friday's class certification argument, *Boston Retirement System v. Uber Technologies, Inc.*, 2022 WL 2954937 (N.D. Cal. July 26, 2022).

In *Uber*, the plaintiff brought claims under the Securities Act of 1933, alleging that Uber had misled investors in its IPO documents by "omitt[ing] material facts concerning the legality (or lack thereof) of Uber's business model, its passenger safety record, and its financial condition." *Id.* at *1. The defendants argued that the plaintiff was subject to unique affirmative defenses based on information it had about the alleged omissions. The court rejected this argument because the information had been "***disseminated in the news media***" before the IPO and amounted to "snippets" that "did not reach the full scope of the alleged omissions," finding that "the actual knowledge defenses as to the proposed class representatives are not so unique to these plaintiffs that they defeat typicality." *Id.* at *3, *5 (emphasis added).

*Uber* is clearly distinguishable and does not support class certification here. The *Uber* court did not even consider an argument that the plaintiff had conducted its own investigation of the issuer or otherwise examined **non-public** sources of information. Yet that is precisely what Brown Capital did. *See* Opp. (ECF No. 94) at 5, 9-10. Nor did Brown Capital possess mere "snippets" about the alleged fraud. The non-public information it possessed was exactly the "truth" Plaintiff claimed was concealed concerning three categories of alleged misrepresentations:  that defendants allegedly "falsely stated that Olo onboards 'all' restaurant locations within each of Olo's brand clients," "falsely stated all restaurant locations go live 'all at the same time,'" and "falsely stated that certain restaurant brand clients had been fully onboarded." Mot. (ECF No. 91) at 1. Plaintiff did not rely on any of these misrepresentations, because Brown Capital knew the "truth" about each of them when it invested in Olo on Plaintiff's behalf. *See* Opp. (ECF No. 94) at 10-11. Plaintiff is thus subject to unique defenses that render it atypical and inadequate, and nothing in *Uber* suggests otherwise.

Sincerely,

*/s/ Justin D. Ward*

Justin D. Ward

cc:    All Counsel of Record (via ECF)