**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>    Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

Deborah S. Birnbach
Jennifer B. Luz
Katherine G. McKenney (*pro hac vice*)
Justin D. Ward
Brendan Blake (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
Fax: 617.523.1231
DBirnbach@goodwinlaw.com
JLuz@goodwinlaw.com
KMcKenney@goodwinlaw.com
JWard@goodwinlaw.com
BBlake@goodwinlaw.com

*Counsel for Defendants Olo Inc., Noah Glass, and Peter Benevides*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 2

    A.  The Second Supplemental Report Still Does Not Even Purport To Identify
        Damages Flowing From The Materialization Of A Risk .................................................... 2

    B.  The Second Supplemental Report Still Does Not Explain How Plaintiff Will
        Disaggregate Confounding Information ........................................................................... 3

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
    2022 WL 151302, at *2 (2d Cir. Jan. 18, 2022) ..........................................................5

*Comcast Corp. v. Behrend*,
    569 U.S. 27, 35 (2013)................................................................................................2, 6

*Ind. Pub. Ret. Sys. v. AAC Holdings, Inc.*,
    2023 WL 2592134, at *23-25 (M.D. Tenn. Feb. 24, 2023)..........................................2

*Mulderrig v. Amyris, Inc.*,
    340 F.R.D. 575, 590-91 (N.D. Cal. 2021) ...................................................................2

**Other Authorities**

Fed. R. Civ. P. 23 ...............................................................................................................2

Pursuant to the Court's Order dated October 30, 2023 (ECF No. 98) (the "10/30/23 Order"), Defendants[1] respectfully submit this supplemental memorandum of law in opposition to class certification.

## PRELIMINARY STATEMENT

On their third bite at the apple, Plaintiff and its expert still have not supplied a damages model that adequately supports class certification. Dr. Officer's second supplemental expert report (ECF No. 102-1) (the "Second Supplemental Report" or "2d Supp. Officer Rep.") does not colorably limit damages to Plaintiff's theory of liability as the law requires. Indeed, it fails to correct the specific flaws that Defendants have now identified twice, initially almost five months ago on Plaintiff's original class-certification motion and again in opposition to the amended motion. *See* Opp. at 22-25; June Opp. at 21-24.

***First***, the Second Supplemental Report still does not say one word about "materialization of risk," which is the sole basis for Plaintiff's damages theory in this case.

***Second***, the Second Supplemental Report still does not explain how Plaintiff will disaggregate losses related to confounding information. Instead, the Second Supplemental Report provides a contrived methodology that purports to identify losses "directly related to the loss of Subway as an Olo customer," while ***assuming*** that all other losses are "attributable to the corrective information with respect to Olo's active locations ***and growth rate***" and thus provide a basis for damages. *See* 2d Supp. Officer Rep. ¶¶ 18, 24 (emphasis added). Yet the Court has already dismissed claims about "Olo's financial prospects" and "Olo's prospects in the enterprise market." ECF No. 84 ("9/26/23 Order") at 1. Thus, disclosures about "growth rate" are not a basis for

---

[1] Capitalized terms used but not defined in this supplemental brief have the meanings assigned in Defendants' opposition brief, ECF No. 94 (the "Opposition" or "Opp."). In addition, Defendants' initial class certification opposition filed in June (ECF No. 64) will be cited as the "June Opp."

damages, but rather confounding information that must be excluded from damages. And Dr. Officer does not even consider whether there was other confounding information beyond the Subway Transition.

On its face, Plaintiff's proffered damages methodology is inadequate. A "model purporting to serve as evidence of damages in [a] class action must measure only those damages attributable to [plaintiff's] theory [of liability]. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). Thus, and for the reasons set forth in Defendants' Opposition, class certification should be denied.

## ARGUMENT

### A.  The Second Supplemental Report Still Does Not Even Purport To Identify Damages Flowing From The Materialization Of A Risk.

As Defendants have now explained twice, Plaintiff's damages methodology—a generic model copied and pasted from another securities litigation—fails to address the "materialization of risk" theory that is the sole basis for putative class's alleged losses. Opp. at 22-24; June Opp. at 21-23. Like Dr. Officer's prior reports, the Second Supplemental Report does not address risk materialization in any way. Indeed, the words "materialization" and "risk" do not even appear in Dr. Officer's analysis. *See generally* 2d Supp. Officer Rep.

Dr. Officer's complete silence on this issue renders his report insufficient, as shown by two recent, persuasive decisions cited in Defendants' previously-filed oppositions. *See Ind. Pub. Ret. Sys. v. AAC Holdings, Inc.*, 2023 WL 2592134, at *23-25 (M.D. Tenn. Feb. 24, 2023); *Mulderrig v. Amyris, Inc.*, 340 F.R.D. 575, 590-91 (N.D. Cal. 2021); *see also* Opp. at 22-24; June Opp. at 21-23. The Court should follow those decisions and deny class certification.

2

**B.      The Second Supplemental Report Still Does Not Explain How Plaintiff Will Disaggregate Confounding Information.**

In addition, Plaintiff's generic damages methodology still fails to explain how Plaintiff will disaggregate confounding factors. *See* Opp. at 24-25; June Opp. at 23-24. At the class-certification hearing, the Court identified this issue and indicated that the Court might give Plaintiff another chance to correct it, explaining:

> But assuming for the sake of argument that I thought you had otherwise satisfied me as to class certification, but I wasn't convinced that your expert had identified a methodology sufficient to ascertain ***what damages are attributable to the remaining claims in this case***, I would be tempted at least in that situation to give you another shot at that, if that were the only remaining issue, to see if you could come up with a methodology or not.

10/27/23 Hr'g Tr. at 28:9-16 (emphasis added). The Court then ordered Plaintiff to submit a supplemental expert report on that issue, including how damages could be calculated "if the Subway Transition claim is eliminated." 10/30/23 Order at 1.

In response, Plaintiff's Second Supplemental Report purports to carve out news "directly related to the loss of Subway as an Olo customer," while failing to consider any other potential confounding factors. 2d Supp. Officer Rep. ¶ 18. Dr. Officer ultimately assigns a mere 21.1% of the excess price decline on August 11, 2022, to the Subway Transition, and assumes—without explanation or analysis—that the remaining 78.9% is recoverable as damages attributable to the alleged fraud ***and*** alleged corrective disclosures about "growth rate." *See id.* ¶ 24. Even at class certification, this transparently flimsy analysis cannot carry Plaintiff's burden.[2]

On August 11, 2022—the date of the alleged "corrective" disclosure—Olo made a variety

---

[2] Even if the Court did grant class certification, this methodology would be unable to satisfy *Daubert* or Plaintiff's substantive burden on loss causation, as Defendants will show following the completion of expert discovery and in accordance with the Court's schedule for the filing of substantive motions.

of statements about its business, including the following:

- Olo was facing "elongated sales cycles" and "elongated deployment time lines," and therefore had "factored in lower expectations for net new deployments and revenue in the second half of the year." Ex. S (8/11/22 Earnings Call, ECF No. 66-19) at 5.

- Olo was reducing its FY2022 revenue guidance. *See id.* at 8.

- Subway would be transitioning away from Olo, with "the balance of their locations being removed from [Olo's] total active location count in the fourth quarter of this year or the first quarter of 2023." *Id.* at 6.

In the SAC, Plaintiff alleged that these disclosures corrected a wide range of purported misstatements and omissions about active locations, Subway, Olo's business prospects, and Olo's total addressable market:

"(a) throughout the Class Period, Defendants reported an inaccurate active locations count and definition;

"(b) throughout the Class Period, Olo was enduring a slowdown and would not meet any of its 2022 goals; and

"(c) Defendants were well aware of the threat of enterprise brands developing ordering systems in-house and were aware – at the latest in January 2022 – that Subway would not be renewing its contract with Olo for this reason."

SAC ¶ 194. When "these material facts were revealed to investors – and/or the undisclosed risks materialized – for the first time on August 11, 2022," investors allegedly suffered the losses that Plaintiff seeks to recover in this case. *Id.* ¶¶ 196-197.

In its bottom-line order on Defendants' motion to dismiss, the Court rejected most of the alleged misstatements and omissions. The Court ruled that, "to the extent plaintiff's claim[s] are premised on misstatements about Subway, Olo's financial prospects, and Olo's prospects in the enterprise market, defendant's motion to dismiss is granted." 9/26/23 Order at 1. The motion was denied only "[t]o the extent plaintiff's claims are predicated upon the misstatement of Olo's active locations." *Id.*

On this record, and despite being afforded a third chance, Plaintiff still cannot carry its burden to proffer an acceptable damages methodology that can limit damages to Plaintiff's remaining theory of liability by identifying and disaggregating all confounding information disclosed on August 11, 2022. As an initial matter, Dr. Officer's methodology does not even disaggregate losses related to the claims in the SAC that the Court has previously dismissed. While purporting to exclude 21.1% of losses "directly" attributable to the Subway Transition, Dr. Officer includes as damages the remaining 78.9% "attributable to the corrective information with respect to Olo's active locations *and growth rate*." 2d Supp. Officer Rep. ¶ 24 (emphasis added). But the Court has already dismissed claims concerning Olo's growth, including statements about "Olo's financial prospects" and "Olo's prospects in the enterprise market." 9/26/23 Order at 1. News about "growth rate" does not relate to the surviving active locations claim and is confounding. Instead of excluding that confounding information, Dr. Officer includes it in damages.

More broadly, Dr. Officer assumes, without any explanation or analysis, that there was *no* confounding information beyond the Subway Transition. That is, Dr. Officer does not opine that there was no confounding information—he simply refuses to look. This approach is contrary to Plaintiff's own allegations that misstatements about Olo's business prospects affected the market price. *See* SAC ¶¶ 193-197. It is contrary to the disclosures Olo made on August 11, 2022, which plainly included numerous categories of confounding information unrelated to active locations. *See supra* p. 4. And it is contrary to the law, which "requires that plaintiffs disaggregate losses caused by disclosures of the truth behind the alleged misstatements from losses that result from other factors, such as changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events." *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 2022 WL 151302, at *2 (2d Cir. Jan. 18, 2022).

5

Because Dr. Officer's methodology does not "measure only those damages attributable to [Plaintiff's] theory [of liability]," class certification should be denied. *Comcast*, 569 U.S. at 35.

## CONCLUSION

For the reasons set forth above and in the Opposition, Defendants respectfully request that the Court deny class certification.


Dated:  November 20, 2023                    Respectfully submitted,



                                             OLO INC., NOAH GLASS, and PETER
                                             BENEVIDES


                                             By their attorneys,

                                             */s/ Jennifer B. Luz*

                                             Deborah S. Birnbach
                                             Jennifer B. Luz
                                             Katherine G. McKenney (*pro hac vice*)
                                             Justin D. Ward
                                             Brendan Blake (*pro hac vice*)
                                             GOODWIN PROCTER LLP
                                             100 Northern Avenue
                                             Boston, MA 02210
                                             Tel.: 617.570.1000
                                             Fax: 617.523.1231
                                             DBirnbach@goodwinlaw.com
                                             JLuz@goodwinlaw.com
                                             KMcKenney@goodwinlaw.com
                                             JWard@goodwinlaw.com
                                             BBlake@goodwinlaw.com


6