# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OLO INC., NOAH GLASS, and PETER BENEVIDES, <br><br> Defendants. | Case No. 1:22-cv-08228-JSR <br><br> CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE

This Stipulation and Agreement of Settlement, dated January 16, 2024 (the "Stipulation"), is made and entered into by and among: (i) Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("STA-ILA" or "Class Representative"), on behalf of itself and each Class Member, by and through Class Counsel; and (ii) Olo Inc. ("Olo" or the "Company"), Noah H. Glass ("Glass"), and Peter J. Benevides ("Benevides," and with Glass, the "Individual Defendants," and Olo, Glass, and Benevides, collectively, the "Defendants"), by and through Defendants' Counsel. Class Representative and Defendants are referred to herein as the "Settling Parties." The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

WHEREAS, Class Representative, on behalf of itself and others similarly situated, filed the above-captioned action (the "Action") as a putative class action in the United States District Court for the Southern District of New York against Olo, Glass, and Benevides.

WHEREAS, Defendants deny all allegations of wrongdoing and have asserted defenses to Class Representative's claims.

WHEREAS, following good faith, arm's length mediations, conducted by Robert A. Meyer, Esq. ("Meyer" or the "Mediator"), Class Representative and Defendants (collectively, the "Parties"), by and through their undersigned counsel, have reached an agreement for the settlement and dismissal with prejudice of the Action on the terms and conditions set forth herein.

WHEREAS, notwithstanding the belief that the claims asserted in the Action have merit,

Class Representative and Scott+Scott Attorneys at Law LLP ("Scott+Scott" or "Class Counsel") recognize and acknowledge the expense, uncertain outcome, and length of continued proceedings necessary to prosecute the Action against Defendants through summary judgment, trial, post-trial motions, and appeals, and having conducted an extensive investigation and review of publicly available documents and documents produced by Defendants and from third-parties, and in consideration of the potential damages in this Action, believe that the Settlement (as defined below) set forth in this Stipulation confers substantial benefits upon the Class and is in the best interest of the Class.

WHEREAS, despite maintaining that they are not liable for the claims asserted herein and having meritorious defenses thereto, Defendants have determined to enter into this Settlement, among other reasons, to avoid further expense, inconvenience, and the burden of protracted litigation, to avoid the distraction and diversion of their personnel and resources, to avoid the risk of litigation, and to obtain a full release of all claims and potential claims from the Class Members (as defined below).

WHEREAS, Class Representative and Class Counsel consider the terms of the Settlement set forth herein to be fair, reasonable, adequate, and in the best interests of the Class.

NOW, THEREFORE, in consideration of the foregoing promises, and for good and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      The Action.

On September 26, 2022, Pompano Beach Police and Firefighters' Retirement System filed a putative class action complaint in the United States District Court for the Southern District of New York against Olo, Glass, Olo's founder and Chief Executive Officer ("CEO"), and Benevides, Olo's Chief Financial Officer ("CFO"). ECF No. 1. The lawsuit was brought on behalf of persons and entities that purchased Olo's Class A common stock ("Olo's common stock") between August 11, 2021 and August 11, 2022, inclusive, and alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). On December 21, 2022, STA-ILA was appointed as Lead Plaintiff and its counsel, Scott+Scott, was appointed as Lead Counsel. ECF No. 30.

On January 13, 2023, STA-ILA filed the Amended Class Action Complaint for Violations of Federal Securities Laws (the "FAC") on behalf of all persons and entities that purchased shares of Olo's common stock between August 10, 2021 and August 11, 2022, inclusive, alleging that Defendants made materially false and misleading statements relating to, among other things, "active locations," one of Olo's key business metrics, and made materially false and misleading statements and/or material omissions with respect to Olo's relationship with Subway restaurants ("Subway"). ECF No. 38. On February 3, 2023, Defendants moved to dismiss the FAC, ECF No. 39, which STA-ILA opposed on February 24, 2023, ECF No. 44, and on March 3, 2023, Defendants filed a reply in support of their motion, ECF No. 45. On March 28, 2023, the Court heard oral arguments on Defendants' motion to dismiss the FAC.

On April 10, 2023, the Court issued a "bottom-line" order denying Defendants' motion to dismiss the FAC. ECF No. 50. Thereafter, the Parties engaged in discovery, including the production of 338 documents by STA-ILA (roughly 11,000 pages), approximately 75,000 documents by Defendants (roughly 435,000 pages), and over 25,200 documents by eight third-parties (roughly 83,000 pages), as well as depositions of the Individual Defendants, nine additional current and former Olo employees, two representatives of STA-ILA, a deposition of a representative of STA-ILA's investment manager, two depositions of STA-ILA's market efficiency/damages expert, a deposition of Defendants' loss causation and damages expert, and a deposition of Defendants' investments expert. In total, the Parties took 18 depositions in the Action in seven months. The Parties also filed or exchanged eight expert reports on market efficiency, loss causation, damages, trends in the enterprise restaurant market, and information available to Olo's investors.

On June 5, 2023, STA-ILA filed a motion for class certification. ECF No. 57. On June 26, 2023, Defendants filed their opposition to STA-ILA's motion, ECF No. 64, and on July 17, 2023, STA-ILA filed a reply in support of its motion, ECF No. 69.

On July 6, 2023, the Parties held an in-person mediation session with Robert Meyer of JAMS in Los Angeles, California. Though the Parties did not reach an agreement to settle the Action at that mediation session, they continued their negotiations through the Mediator.

On July 25, 2023, the Court issued a full order on Defendants' motion to dismiss the FAC, reconfirming its April 10, 2023 bottom-line order, while dismissing the FAC's Subway allegations and sustaining the FAC's active locations allegations against all Defendants. ECF No. 71.

On August 9, 2023, STA-ILA filed the Second Amended Class Action Complaint for Violations of Federal Securities Laws ("SAC") on behalf of itself and all persons and entities that purchased shares of Olo's common stock between March 17, 2021 and August 11, 2022, inclusive, a Class Period that encompassed Olo's initial public offering ("IPO"). ECF No. 72. The SAC realleged the FAC's two principal allegations – (i) the prior, sustained active locations allegations and (ii) the dismissed Subway allegations, repleaded as a theory predicated on Defendants' issuance of a risk disclosure that STA-ILA alleged had already come to pass – and added two new categories of allegations: (iii) that Defendants materially misled investors about Olo's likelihood of success in the enterprise market, particularly in light of what STA-ILA alleged as the then-allegedly existing trend of large restaurants opting to build their own software in-house, and (iv) that Defendants materially misled investors about the Company's financial position and prospects.

On August 24, 2023, Defendants moved to dismiss the SAC, ECF No. 74, which STA-ILA opposed on September 7, 2023, ECF No. 79, and on September 14, 2023, Defendants filed a reply in support of their motion, ECF No. 83. On September 20, 2023, the Court heard oral arguments on Defendants' motion to dismiss the SAC. On September 26, 2023, the Court issued a "bottom-line" order sustaining the SAC's active locations allegations and dismissing the re-pled Subway allegations, as well as the newly-pled allegations about Olo's prospects in the enterprise market and financial prospects. ECF No. 84. The Court also dismissed the remaining §10(b) claim against Benevides, while sustaining the surviving active locations allegations against the Company and Glass.

On October 6, 2023, STA-ILA filed an amended class certification motion, ECF No. 90, which Defendants opposed on October 13, 2023, ECF No. 94, and STA-ILA filed a reply in support of on October 20, 2023, ECF No. 95. On October 27, 2023, the Court heard oral arguments on STA-ILA's class certification motion. On October 30, 2023, the Court issued an order directing the Parties to brief the issue of whether STA-ILA's market efficiency/damages expert would be able to disaggregate the dismissed Subway allegations from a class-wide damages calculation. ECF No. 98. On November 13, 2023, STA-ILA's market efficiency/damages expert filed a report in further support of class certification, demonstrating his methodology for how to calculate damages on a class-wide basis that disaggregated the drop in Olo's common stock price attributable to the Subway-specific portion of the August 11, 2022 disclosure that STA-ILA had alleged constituted a corrective disclosure and/or materialization of an undisclosed risk. ECF No. 102-1. On November 20, 2023, Defendants filed a supplemental brief in further opposition to STA-ILA's motion for class certification, ECF No. 103, and on November 27, 2023, STA-ILA filed a supplemental reply in further support of its motion, ECF No. 104.

On December 1, 2023, the Court issued a full order on Defendants' motion to dismiss the SAC, confirming its September 26, 2023 ruling. ECF No. 105. That same day, the Court issued a "bottom-line" order certifying the Class and appointing STA-ILA as Class Representative and Scott+Scott as Class Counsel. ECF No. 106.

On Friday, December 15, 2023, the Mediator issued a "mediator's proposal" to settle the Action for $9,000,000, which the Parties thereafter accepted.

      2.    <u>No Admission</u>.

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have expressly denied, and continue to deny, that they have committed any act or omission giving rise to any liability under Sections 10(b) or 20(a) of the Exchange Act. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Class Representative in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Class Representative or the Class Members have suffered any damages, that Defendants made any material misrepresentations or omissions, or that Class Representative or the Class Members were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

The Parties agree that the proposed Settlement is a compromise of disputed claims and in no way represents, and may not be construed as, an admission of liability or an admission against interest or an admission of any wrongdoing whatsoever by any of the Defendants. The Settlement shall not be construed as, or received in evidence as, an admission, concession, or presumption against the Class Representative or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable

in the Action would not have exceeded the Settlement Fund. The Settlement and all negotiations, discussions, and proceedings in connection with the Settlement shall not create an inference of wrongdoing, and are inadmissible for any purpose other than the enforcement of the terms of this Settlement.

3.    <u>Select Definitions</u>.

The following terms, as used in this Stipulation, have the following meanings:

    a.    "Authorized Claimant" means a Class Member who submits to the Claims Administrator a timely and valid Proof of Claim, substantially similar in form to that attached to the Notice in **Exhibit A-1** hereto, that is approved by the Claims Administrator in whole or in part.

    b.    "Benevides" means Peter J. Benevides.

    c.    "Claimant" means a Person who submits a Proof of Claim to the Claims Administrator seeking to share in the Settlement Fund.

    d.    "Claims Administrator" means Kroll Settlement Administration, or such other entity to be retained by Class Counsel, subject to Court approval, to provide all Court-approved notices to Class Members, to process proofs of claim, and generally to administer the Settlement.

    e.    The "Class" or the "Settlement Class," means all persons and entities that purchased or otherwise acquired shares of Olo's Class A common stock between March 17, 2021 and August 11, 2022, inclusive, and who were damaged thereby, excluding any of the Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

    f.    "Class Counsel" means Scott+Scott Attorneys at Law LLP.

    g.    "Class Member" or "Settlement Class Member," means any Person included in the definition of the Class as set forth herein, and who does not timely and validly opt out of the Class in accordance with the exclusion procedure and deadline set by the Court.

    h.    "Class Representative" means Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund.

    i.    "Complaint" or "Amended Complaint" means the Second Amended Class Action Complaint for Violations of Federal Securities Laws filed on August 9, 2023.

j.      "Court" means the United States District Court for the Southern District of New York.

k.      "Defendants" means Olo Inc., Noah H. Glass, and Peter J. Benevides.

l.      "Defendants' Counsel" means Goodwin Procter LLP.

m.      "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 7 below have been met and have occurred.

n.      "Eligible Persons" means any Person included in the definition of the Class as set forth herein.

o.      "Escrow Account" means an interest-bearing bank account established by Class Counsel and maintained by the Escrow Agent into which the Settlement Amount shall be deposited as set forth herein. The Escrow Account will be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Class Representative and the Class in accordance with the terms of the Stipulation and any order of the Court.

p.      "Escrow Agent" means Huntington National Bank.

q.      "Excluded Persons" means the Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

r.      "Final Court Approval" means the Court has entered the Final Judgment in accordance with Paragraph 7 and the expiration of the time to appeal or seek reargument, certification, certiorari, or other review with respect to such Final Judgment or, if any appeal, re-argument, writ of certiorari, or other review is filed and not dismissed, after such Final Judgment is upheld in all material respects and is no longer subject to re-argument, certification, certiorari, or other review; provided, however, that an appeal shall not delay, impair, or preclude Final Court Approval to the extent it pertains solely to (i) the Plan of Allocation (while not changing the Settlement Fund), or (ii) any application for attorneys' fees and expenses.

s.      "Glass" means Noah H. Glass.

t.      "Individual Defendants" means Noah H. Glass and Peter J. Benevides.

u.      "Judgment" means the proposed judgment and final order of dismissal with prejudice to be rendered by the Court substantially in the form and content attached hereto as **Exhibit B**. "Judgment" also means, to the extent required

by the context in this Stipulation, the "Alternate Judgment" as defined below.

v.     "Net Settlement Fund" means the Settlement Fund, less any taxes, tax expenses, notification costs, administration expenses, attorneys' fees and expenses, reimbursements, and any other costs or expenses approved by the Court.  The Net Settlement Fund shall be distributed to Authorized Claimants as provided in this Stipulation.

w.     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, which is to be distributed to potential members of the Class substantially in the form attached as **Exhibit A-1**.

x.     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including, but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

y.     "Olo" means Olo Inc.

z.     "Person" means an individual, entity, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

aa.    "Plan of Allocation" means the plan and procedures for allocating the Net Settlement Fund to be distributed to the Authorized Claimants, subject to approval of the Court.

bb.    "Preliminary Court Approval" means an order by the Court substantially similar in form to **Exhibit A** hereto: (i) preliminarily approving the Settlement; (ii) approving the form of the Notice and Summary Notice; and (iii) approving a plan for providing such notice (with any expenses associated with such notice coming out of the Settlement Fund as provided for herein) to Class Members that is practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

cc.  "Proof of Claim" means a Proof of Claim and Release Form substantially in the form attached hereto as **Exhibit A-2**.

dd.  "Released Claims" means all Released Defendants' Claims and all Releasing Class Representative's Claims.

ee.  "Releasing Class Representative's Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), whether arising under federal, state, common, or foreign law by the Releasing Class Representative Parties against any of the Released Defendant Parties that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of Olo's Class A common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action.  For the avoidance of doubt, Releasing Class Representative's Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims in any pending derivative litigation, including, without limitation, *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass, et al.*, C.A. No. 2024-0025 (Del. Ch.); and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

ff.  "Releasing Class Representative Parties" means each and every Settlement Class Member, Class Representative, Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Spouses, members of the immediate families, representatives, and heirs of any Releasing Class Representative Party who is an individual, as well as any trust of which any Releasing Class Representative Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Class Representative Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

gg.  "Released Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Defendants could have asserted against the Releasing Class Representative Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for

claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

hh.    "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors, and predecessors, assigns, officers, directors, controlling shareholders, underwriters, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, accountants, auditors, financial or investment advisors or consultants, insurers; the Spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

ii.    "Released Claims" means the Releasing Class Representative's Claims and the Released Defendants' Claims.

jj.    "Released Parties" means the Released Defendant Parties and the Releasing Class Representative Parties.

kk.    "Releasing Parties" means each of the parties releasing a claim, as defined here in the Stipulation.

ll.    "Settlement" means the settlement contemplated by this Stipulation.

mm.    "Stipulation" means this Stipulation and Agreement of Settlement and Release, including any subsequent amendments thereto.

nn.    "Settlement Fairness Hearing" means the hearing scheduled by the Court to determine whether: (i) the Settlement is fair, reasonable, and adequate; (ii) the Plan of Allocation is fair, reasonable, and adequate; and (iii) Class Counsel's request for an award of attorneys' fees and expenses, including an award to Class Representative, is reasonable.

oo.    "Settling Parties" or "Parties" means Class Representative and Defendants.

pp.    "Summary Notice" means the Summary Notice of Proposed Settlement of Class Action, for publication in substantially the same form attached as **Exhibit A-3**.

qq.    "Unknown Claims" means any Releasing Class Representative's Claims which Class Representative, any other Settlement Class Member, or any other Releasing Class Representative Party does not know or suspect to

exist in their favor at the time of the release of such claims, which, if known by them, might have affected their decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and any Released Defendants' Claims which any Defendant or any other Released Defendant Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them might have affected their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Class Representative Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Class Representative Parties and Released Defendant Parties acknowledge that they may hereafter discover facts in addition to, or different from, those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Releasing Class Representative's Claims or Released Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Class Representative Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to

10

the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

Class Representative and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

4.  <u>Release</u>.

   a.  Upon the Effective Date, the Releasing Class Representative Parties fully, finally, and forever waive, release, relinquish, dismiss, and discharge the Releasing Class Representative's Claims against the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Class Representative's Claims against any and all of the Released Defendant Parties, whether or not such Releasing Class Representative Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. Claims to enforce this Stipulation are not released.

   b.  Any Proof of Claim and Release that is executed by Class Members shall release all Releasing Class Representative's Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

   c.  Upon the Effective Date, the Released Defendant Parties fully, finally, and forever relinquish and discharge the Released Defendants' Claims against the Releasing Class Representative Parties.

5.  <u>Settlement Fund</u>.

   a.  Subject to the terms and conditions set forth in this Stipulation, within twenty (20) business days of the later of (i) the date of entry of the Preliminary Court Approval, or (ii) Defendants' receipt of wire instructions and a completed Form W-9 for the Escrow Account, Defendants and/or their insurers shall cause to be paid nine million dollars ($9,000,000) (the "Settlement Amount") by wire transfer into the Escrow Account (the "Settlement Fund") as consideration for the release.

   b.  Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation, and shall be able to utilize the funds from the Settlement Fund in furtherance of the administration of the Settlement, including the actual costs of notice and related administration expenses. Otherwise, the Settlement Fund shall be

held in escrow and subject to the jurisdiction of the Court until Final Court Approval.

c.      The Escrow Agent shall invest the Settlement Amount deposited pursuant to Paragraph 5.a hereof in short term United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government, or an agency thereof, or fully insured by the United States Government, or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent.

d.      The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

e.      Without further order of the Court or approval of Defendants, the Settlement Fund may be used, at the direction of Class Counsel, to pay reasonable costs and expenses actually incurred consistent with this Stipulation in connection with providing notice to the Class, locating Class Members, assisting with the submission of a claim for recovery to the Claims Administrator, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any, and all Taxes and Tax Expenses (as set forth below) up to $250,000. Prior to the Effective Date, all such costs and expenses in excess of $250,000 shall be paid from the Settlement Fund subject to prior approval of the Court. After the Effective Date, all such costs and expenses may be paid as incurred, without the approval of Defendants or further order of the Court.

f.      Other than the obligation of Defendants and/or their insurers to cause payment of the Settlement Amount pursuant to Paragraph 5.a, Defendants and/or their insurers shall have no obligation to make any other payments to the Settlement Account, to any Class Member, or to Class Counsel pursuant to this Stipulation.

6.      <u>Preliminary Approval Order and Settlement Fairness Hearing</u>.

a.    As soon as practicable after execution of the Stipulation, and consistent with the Court's December 18, 2023 Order, Class Representative shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and apply for entry of the Preliminary Approval Order, substantially in the form of **Exhibit A** attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim and publication of the Summary Notice of Proposed Settlement of Class Action, substantially in the forms of **Exhibits A-1**, **A-2**, and **A-3** attached hereto.

b.    Within ten (10) business days from entry of the Preliminary Approval Order, Defendants, at their expense, shall promptly make, or cause to be made, to the extent reasonably available from Olo's transfer agent, the names and last known addresses of Class Members, or other identifying information available to the Claims Administrator for the purpose of identifying and giving notice to the Class.  Defendants shall have no responsibility for, interest in, or liability with respect to providing notice (for which Class Representative shall be solely responsible) to the Class Members.

c.    Class Counsel shall request that after notice is given, the Court hold the Settlement Fairness Hearing on a date no earlier than 90 days from the date notice is given pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), to finally approve the Settlement of the Action as set forth herein and to enter the Judgment.  At or after the Settlement Fairness Hearing, Class Counsel also will request that the Court approve the Plan of Allocation and its Fee and Expense Application.

d.    Any Class Member who wishes to opt out of the Class must submit a timely and valid written request (a "Request for Exclusion") on or before the opt-out deadline set forth in the Notice and Preliminary Approval Order.  A Request for Exclusion must be signed by the Class Member and must comply with the other requirements set forth in the Notice and Preliminary Approval Order.

e.    If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as **Exhibit B**.

7.    <u>Conditions of Settlement; Effective Date</u>.

a.    The Settlement is conditioned on each of the following:

i.    Defendants have paid or caused to be paid the Settlement Amount to the Escrow Agent as required by Paragraph 5 above.

ii.      Defendants have not terminated the agreement pursuant to Paragraph 8.a and the terms of the Confidential Addendum below.

iii.     Preliminary Court Approval.

iv.    Following notice to the Class, the Court has entered the Judgment, or a judgment substantially in the form and content of **Exhibit B** attached hereto, or a judgment in a form other than that provided above acceptable to all of the Settling Parties (the "Alternate Judgment").

v.     Final Court Approval.

b.    Upon the occurrence of all of the events referenced in Paragraph 7.a hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

8.    <u>Termination</u>.

a.    As further delineated in the Confidential Addendum attached hereto (which shall be submitted to the Court under seal upon request), Defendants shall have the right to terminate the Stipulation if the Eligible Persons who opt out of the Class, pursuant to, and in accordance with, the exclusion procedure and deadline set by the Court, hold a percentage of shares eligible to participate in the Class that exceeds the amount set forth in the Confidential Addendum.

b.    Defendants and Class Representative, through their respective counsel, shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's final non-appealable refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final non-appealable refusal to approve this Stipulation or any material part of it; (c) the Court's final non-appealable refusal to enter the Judgment in any material respect; or (d) the date upon which the Judgment is finally modified or reversed in any material respect by an appellate court. Any orders with respect to the request for Attorneys' Fees and Expenses or to the Plan of Allocation shall not be a ground for termination of the Settlement, or for the Settlement not becoming final.

9.    <u>Effect of Termination or Failure to Obtain Approval</u>.

If this Stipulation, inclusive of releases applying to shareholders worldwide, does not obtain final approval or is terminated pursuant to Paragraph 8 and the Confidential Addendum, the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of December

18, 2023, and the Action shall proceed in all respects as if this Stipulation and related orders had not been executed and without prejudice in any way from the negotiation, terms, or existence of this Settlement. Further, in that event:

a.   This Settlement and all of the negotiations, discussions, and statements with respect hereto, shall be inadmissible in the Action for all purposes and shall not entitle any party to recover costs incurred in connection with the implementation of this Settlement.

b.   All Parties reserve and have not waived any rights or arguments by entering into this Stipulation, including any arguments and/or defenses with respect to liability.

c.   Within fourteen (14) business days after written notification of such event is sent by counsel for any of the Defendants or Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) less expenses paid, incurred, or due and owing consistent with this Stipulation or court order, including those incurred providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, escrow fees and costs, if any, and all Taxes and Tax Expenses, provided for herein, shall be refunded by the Escrow Agent to the persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel. For the avoidance of doubt: any expenses already incurred consistent with the Stipulation or court order at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation or order prior to the balance being refunded; and neither Class Representative nor Class Counsel shall have any obligation to repay any amounts that have been or will be actually and properly disbursed pursuant to the Stipulation or court order. In addition, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the same persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel.

d.   The Stipulation and any subsequent Settlement documents shall be null and void and inadmissible in any proceeding before any court or tribunal (except to the extent required to enforce the refund provisions of Paragraph 9.c).

10.   Administration and Calculation of Claims; Supervision and Distribution of the Net Settlement Fund.

a.   The Claims Administrator, subject to such supervision and direction of the Court, as may be necessary or as circumstances may require, shall

15

administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Settlement Fund shall be applied as follows:

    i.    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any ("Notice and Administration Expenses");

    ii.    to pay the Taxes and Tax Expenses described in Paragraph 14 below;

    iii.    to pay the Fee and Expense Award, if and to the extent allowed by the Court; and

    iv.    to distribute the balance of the Settlement Fund, *i.e.*, the Net Settlement Fund, to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

b.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation including this Paragraph 10, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

c.    By the date set forth in the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form and content of **Exhibit A-2** hereto, with such documentation as required therein, and signed under penalty of perjury.

d.    Each Proof of Claim shall be reviewed by the Claims Administrator, under the supervision of Class Counsel, and the Claims Administrator shall determine in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Court.

e.    Proofs of Claim that do not meet the submission requirement may be rejected. Prior to rejecting a Proof of Claim, in whole or in part, the Claims Administrator shall communicate with the Claimant to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify in a timely fashion all Claimants whose claims it proposes to reject in whole or in part for curable

deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant has the right to a review by the Court if the Claimant so desires and complies with any applicable requirements, including those set forth in the next paragraph.

f.     If any Claimant whose timely claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days of being given notice of such rejection, serve upon the Claims Administrator a statement of reasons indicating the Claimant's grounds for contesting the rejection along with supporting documentation. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the Claimant's request for review to the Court.

g.     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within the time set forth in the Notice, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Class Counsel may, in its discretion, accept for processing late filed claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Class Counsel shall have no liability for not accepting late claims. Any Class Member who fails to submit a Proof of Claim by the date approved by the Court shall be forever barred from receiving any payment pursuant to the Settlement (unless, by order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of the Settlement as set forth herein, including the terms of the Final Judgment and the release and covenant not to sue, and will be barred from bringing any action against the Released Parties, as set forth in Paragraph 4. Further, each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim.

h.     Each Claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's claim. In connection with processing the Proof of Claim and Releases, no discovery shall be allowed on the merits of the Litigation or the Settlement. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating

thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Class Members, other Claimants, and the Settling Parties expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

i.　　Payment pursuant to the Settlement shall be deemed final and conclusive against all Class Members, and shall be conditioned upon filing an appropriate Proof of Claim, as set forth herein, including execution of the release and covenant not to sue.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement as set forth herein, including the terms of the Final Judgment and the release and covenant not to sue and will be barred from bringing any action against Defendants as provided for in Paragraph 4.

j.　　The Claims Administrator shall calculate the claims of Authorized Claimants, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund in accordance with the Plan of Allocation approved by the Court, subject to appeal to, and jurisdiction of, the Court.

k.　　Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its claim to the extent allowed by the Settlement Administrator, subject to the terms and conditions herein (a "Recognized Claim"), compared to the total Recognized Claims of all accepted claimants.  The Released Parties shall have no involvement in reviewing, evaluating, or challenging claims or the allocation of the Net Settlement Fund to Authorized Claimants.

l.　　Except for Defendants' obligation to pay or cause payment of the Settlement Amount, and to produce the information required under Paragraph 6.b herein, the Defendants shall have no responsibility for, involvement in, or liability whatsoever with respect to providing notice to the Class, the investment or distribution of the Net Settlement Fund or the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, any losses suffered by, or fluctuations in value of, the Settlement Fund, or any other losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants with respect to the matters set forth in Paragraph 10 hereof.

m.　　In addition to Paragraph 12 hereof, no Person shall have any claim against Class Representative, Class Counsel, the Claims Administrator, any other Person designated by Class Counsel based on distributions of the Settlement Fund made substantially in accordance with this Stipulation and the

Settlement contained herein, the Plan of Allocation, or further order(s) of the Court; and no Person shall have any Claims against Defendants or the Released Defendant Parties based on distributions of the Settlement Fund, whether or not made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

n.     Following the Effective Date, Defendants and/or their insurers shall not have a reversionary interest in the Settlement Fund, nor is this a claims-made settlement.

o.     To the extent that the Claims Administrator receives disbursements from the Settlement Fund to cover anticipated fees or expenses in connection with administering the notice, claims, or Settlement processes, and the Claims Administrator does not ultimately have to use any or all of those disbursements to cover the actual fees or expenses incurred, then the Claims Administrator shall return the unused balance of those disbursements back to the Net Settlement Fund.

p.     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after three (3) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Class Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and no longer economically feasible to distribute to Class Members.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Legal Services NYC.

q.     Class Counsel will apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein, determining any Claimant's claim who has requested Court review or his, her, or its claim, and approving any fees and expenses not previously paid to the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.  No distributions shall be made until the Class Distribution Order is entered by the Court.

r.     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the

Settlement set forth in the Stipulation. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

s.    The provisions of the Agreement regarding the administration of the Settlement Fund and distribution of the Net Settlement Fund to Authorized Claimants may be modified or adjusted as ordered or required by the Court for efficient claims administration.

11.    <u>Attorneys' Fees and Costs</u>.

a.    Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to it from the Settlement Fund for: (a) an award of attorneys' fees and litigation expenses incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court; and (b) an amount pursuant to 15 U.S.C. §77z-1(a)(4) in connection with Class Representative's representation of the Class (the "Fee and Expense Award"). Class Counsel reserves the right to make additional applications for fees and expenses incurred.

b.    Unless requested by the Court, Defendants shall take no position on any application by Class Counsel for an award of attorneys' fees, costs, or expenses in connection with this Settlement. Attorneys' fees, costs, and/or expenses awarded to Class Counsel (including taxes thereon, as applicable) shall be paid solely out of, and shall not be in addition to, the Settlement Fund.

c.    The amount of the Fee and Expense Award awarded by the Court is within the discretion of the Court. Any Fee and Expense Award awarded by the Court shall be payable to Class Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses notwithstanding any objection or appeal thereto. This is subject to the joint and several obligation of all counsel and Class Representative who receive any award of attorneys' fees, costs, and expenses to make full refunds or repayments to the Escrow Account, plus interest earned thereon, if the award is lowered or the Settlement is disapproved by a final order not subject to further review.

d.    The Settlement shall not be conditioned upon any award of attorneys' fees, costs, or expenses to Class Counsel. Any order or proceedings relating to the application for attorneys' fees, costs, and/or expenses, any appeal from any order relating thereto or reversal or modification thereof, or any award

that is less than Class Counsel requested, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Final Judgment approving the Settlement.

12. <u>Liability</u>. Neither the Parties nor their counsel shall have any liability for: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund, the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns, or otherwise; or (ii) the Plan of Allocation approved by the Court.

13. <u>Costs</u>. Each party shall bear his, her, or its own costs, expenses, and legal fees, except as awarded to Lead Counsel from the Settlement Fund.

14. <u>Taxes</u>.

    a.    The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1. All expenses incurred by the Settlement Fund, including, without limitation, all federal, state, and local taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund, and Defendants shall have no liability or responsibility therefor, or for any of the actions in this Paragraph 14.

    b.    The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Paragraph 14, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

    c.    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in Paragraph 17.b hereof) shall be consistent with this Paragraph 14 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 14.d hereof.

d.   All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Paragraph 14 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 14 ("Tax Expenses"), shall be paid out of the Settlement Fund.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph 14.

15.   <u>Confidentiality</u>.

a.   The Parties agree to keep the terms of the Stipulation confidential until they are submitted to the Court, except as necessary with third parties who are assisting in finalizing the Stipulation.

b.   Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

c.   All agreements made, and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

16.     Stay of Proceedings.  Pending Final Court Approval, the Parties shall not seek relief in any forum, and all proceedings in the Action or otherwise shall be stayed and suspended, except that the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement.  Pending Final Court Approval, all Class Members shall be barred and enjoined from prosecuting any of the Releasing Class Representative's Claims against any of the Released Defendant Parties.

17.     CAFA Notice.  Pursuant to CAFA, no later than ten (10) calendar days after this Stipulation is filed with the Court, the Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, and shall thereafter notify Lead Counsel as to completion of such service.

18.     Authority.  Class Counsel, on behalf of the Class, is expressly authorized by Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms, and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate. Each counsel or other Person executing this Stipulation, its Exhibits, the Confidential Addendum, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

19.     No Privilege Waiver.  Nothing in the Stipulation, or the negotiations relating thereto, is intended to, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

20.     No Disparagement.  While maintaining their position that the claims asserted in the Action are meritorious, Class Representative and Class Counsel shall not make any public statement or statements (whether or not for attribution) that disparage the business, conduct, or reputation of any Defendants or Defendants' Counsel or that describe or characterize the discovery record in the Action more generally in a way that suggests that Class Representative would have prevailed at trial.

21.     Governing Law.  This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to New York's conflict of law rules.  All disputes regarding the existence, validity, or enforceability of this Stipulation shall be filed in the United States District Court for the Southern District of New York.  If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to submission to the Court of the application for preliminary approval of the Settlement, those disputes will be resolved by the Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator, with the fees and expenses of the Mediator to be divided equally between Class Representative, on the one hand, and Defendants, on the other.

22.    <u>Notice</u>.  When this Stipulation requires or contemplates that one party shall give notice to another, notice shall be provided by e-mail and next-day (excluding weekends) express delivery service as follows:

      a.      If to Class Representative and the Class, then to:

              Scott+Scott Attorneys at Law LLP
              Amanda F. Lawrence
              The Helmsley Building
              230 Park Avenue, 17th Floor
              New York, New York 10169
              alawrence@scott-scott.com

      b.      If to Defendants, then to:

              Goodwin Procter LLP
              Jennifer B. Luz
              100 Northern Avenue
              Boston, Massachusetts 02210
              jluz@goodwinlaw.com

23.    <u>Successors</u>.  Except as otherwise provided herein, this Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

24.    <u>No Party Is the Drafter</u>.  None of the Parties hereto shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.  All Parties agree that this Stipulation was drafted at arm's length, and that no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Stipulation was made or executed.

25.    <u>Calculation of Time Period</u>.  All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a federal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used herein, "legal holiday" includes New Year's Day, Martin Luther King, Jr., Day, Presidents' Day, Memorial Day, Juneteenth, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a federal holiday.

26.    <u>Entire Agreement</u>.  This Stipulation, including the Exhibits thereto, along with the Confidential Addendum, contains the Parties' entire agreement, and supersedes any prior oral or

written agreements, negotiations, and/or communications by the Parties on the subject matter hereof.

27.     <u>Amendment; Waiver</u>.  This Stipulation shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other prior, subsequent, or contemporaneous breach of this Stipulation.

28.     <u>Retained Jurisdiction</u>.  Any action based on this Stipulation or to enforce any of its terms shall be venued in the United States District Court for the Southern District of New York, which shall retain jurisdiction over all such disputes.  All parties to this Stipulation shall be subject to the jurisdiction of the United States District Court for the Southern District of New York for all purposes related to this Stipulation.

29.     <u>Federal Rule of Civil Procedure Rule 11 Compliance</u>.  The Parties agree that each has fully complied with Rule 11 of the Federal Rules of Civil Procedure.

30.     <u>Execution</u>.  This Stipulation may be executed in counterparts by facsimile or original signature, each of which shall constitute and be deemed one and the same instrument. Each of the attorneys executing this Stipulation on behalf of their respective client(s) hereby represents and warrants that they have full power and authority to do so.

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

_____
Amanda F. Lawrence
on behalf of Class Representative
Steamship Trade Association of
Baltimore – International
Longshoremen's Association
Pension Fund

**Dated**: January 16, 2024
_____

**GOODWIN PROCTER LLP**

_____
Jennifer B. Luz
on behalf of Defendants Olo Inc.,
Noah H. Glass, and Peter J. Benevides

**Dated**: January 16, 2024
_____

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>        v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>                                    Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, on December 1, 2023, the Court entered an order granting Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund's ("STA-ILA") motion to certify a class of investors that purchased or otherwise acquired shares of Olo Inc.'s ("Olo") Class A common stock between March 17, 2021 and August 11, 2022, inclusive, and appointed STA-ILA as Class Representative and Scott+Scott Attorneys at Law LLP as Class Counsel. ECF No. 106.

WHEREAS, on December 18, 2023, the Court entered an order staying all case deadlines, directing the Parties to file a stipulation of settlement no later than January 16, 2023, and confirming that "[t]he Court's bottom-line ruling of December 1, 2023, certifying the class will stand." ECF No. 112.

WHEREAS, the Parties to the above-entitled action (the "Action"), entered into a Stipulation of Settlement dated January 16, 2024 (the "Stipulation" or "Settlement"), which is subject to review and approval by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the Action; and the Court

having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 2024, that:

1.    The Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of an experienced mediator, Robert A. Meyer, Esq.;

(b)    the Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class; and

(c)    the Settlement Class shall be composed of all persons and entities that purchased or otherwise acquired shares of Olo's Class A common stock between March 17, 2021 and August 11, 2022, inclusive, and who were damaged thereby, excluding any of the Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

2.    A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on a date no earlier than 90 days from the date notice is given pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), on _____ __, 2024, at _____ a.m./p.m., for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to determine whether Final Judgment as provided under the Stipulation should be entered;

(c)    to determine whether the proposed Plan of Allocation should be approved by the Court as fair, reasonable, and adequate;

(d)    to consider Class Counsel's Fee and Expense Application;

(e)    to consider Class Representative's request for the payment of their time and expenses they incurred in prosecuting this litigation on behalf of the Class; and

(f)    to rule upon such other matters as the Court may deem appropriate.

3.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation, or any Fee and Expense Award.

4.    The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as **Exhibits A-1**, **A-2**, and **A-3**, respectively.

5.    The Court approves the appointment of Kroll Settlement Administration as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below and approves the payment of reasonable administration costs to the Claims Administrator from the proceeds of the Settlement.

(a)     The Claims Administrator shall cause the Notice and the Proof of Claim ("Claim Package"), substantially in the forms annexed hereto, to be mailed, by First-Class Mail, postage prepaid, beginning within twenty (20) calendar days of this Order, to all potential Class Members who can be identified with reasonable effort and to be posted on www.OloSecuritiesLitigation.com (the "Website"). Defendants shall cooperate in the expeditious production of information with respect to the identification of Class Members from Defendants' shareholder transfer records, and the Defendants shall otherwise assist in identifying those persons and entities who are to be excluded from the Settlement Class per the terms of the Stipulation.

(b)     The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal*, and once over the *Business Wire*, within ten (10) calendar days after the mailing of the Notice.

(c)     Within ten (10) business days of the date of entry of the Preliminary Approval Order, Olo, at its expense, shall provide or cause to be provided to the Claims Administrator a shareholder list, in electronic form or other form as is reasonably available to Olo or its transfer agent, information the Claims Administrator shall treat and maintain as confidential.

6.     The Claims Administrator shall use the following additional procedures in notifying potential Class Members of the Settlement:

(a)     The Claims Administrator shall send the Claim Package to each entity included on its proprietary list of brokers, banks, and other nominees,

4

including institutions that are registered with the U.S. Securities and Exchange Commission, as potential nominee holders ("Nominee List"). The Nominee List shall also include institutions that regularly file third-party claims on behalf of their investor clients in securities class actions and all entities that have requested notification in every case involving publicly traded securities.

(b)     The Claims Administrator shall send an email to entities on the Nominee List that will notify the entity of the pendency of this Action as a class action (for settlement purposes) and the proposed Settlement, and inform each entity of its obligation to either provide the names and addresses of its customers and clients who may be Class Members, or request copies of the Claim Package to provide directly to its customers and clients who may be Class Members.

(c)     The Claims Administrator shall within twelve (12) calendar days of receipt of the Claim Packages mail the Claim Package to all potential Class Members identified by entities on the Nominee List.   The Claims Administrator shall also send copies of the Claim Package directly to entities on the Nominee List who indicate that they will directly forward the documents to their customers and clients who may be Class Members. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the

purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of timely identifying and/or sending the Notice and Proof of Claim to beneficial owners.

(d)     All name and address data obtained by the Claims Administrator shall be reviewed to identify and eliminate exact duplicates and incomplete data prior to mailing.  Addresses will be checked against the U.S. Postal Service's National Change of Address database to identify address changes and obtain current mailing addresses where available.  Any Claim Packages that are returned as undeliverable mail shall be reviewed to determine if an alternative or updated address is available from the Postal Service, and shall be re-mailed to the updated or alternative address.  In cases where no address is available from the Postal Service, the Claims Administrator shall attempt to obtain updated or alternative address information from private databases, and will re-mail the Claim Package if such information is available.

(e)     The Claims Administrator shall provide several supplemental notifications to any entity on the Nominee List who does not respond to the initial request for potential Class Member names and addresses.

(f)     The Claims Administrator shall cause the Claim Package to be published by the Depository Trust Corporation on the DTC Legal Notice System.

(g)    The Claims Administrator shall maintain a toll-free number to accommodate potential Class Members' inquiries throughout the notification and claims processing period.

(h)    In addition to the Claim Package, the Claims Administrator shall post the Stipulation and the executed Order Preliminarily Approving Settlement and Providing for Notice on the Website. The Claims Administrator shall post to the Website the papers in support of the Settlement, the Plan of Allocation, and the Fee and Expense Application after they are filed. The Website shall provide summary information regarding the case and Settlement and highlight important dates, including the date of the Settlement Fairness Hearing. All posted documents shall be available for downloading from the Website.

7.    At least seven (7) calendar days prior to the Settlement Fairness Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing, which shall also describe the Claims Administrator's efforts to provide notice to Settlement Class Members in compliance with the specific requirements set forth above.

8.    This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)    Against any of the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by

the Class Representative in the Amended Complaint or the Action, or the validity of any claim that has been, or could have been, asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been, or could have been, asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

(b)    Against the Class Representative or any Settlement Class Member or Class Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Class Representative in the Amended Complaint or the Action or of any lack of merit to the claims in the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims in the Amended Complaint or the Action;

(c)    Against any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that if the Stipulation is

approved by the Court, the Defendants, the Class Representative, and any Settlement Class Member, or their respective legal counsel, may refer to it, or file it pursuant to Paragraph 15.b of the Stipulation, to effectuate the liability protection and releases granted them hereunder;

(d)    Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that any of the Class Representative's claims have merit, or that any defenses asserted by the Defendants are without merit, or that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them; or

(e)    Against the Class Representative or any Settlement Class Member or Class Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

9.    The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the U.S. Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law, and constitute the best

9

notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be entitled to participate in the Net Settlement Fund, each Class Member shall take the following actions and be subject to the following conditions:

(a)     Within one hundred twenty (120) days after such time as set by the Court to mail notice to the Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form contained in **Exhibit A-2** attached hereto and as approved by the Court, supported by such documents as are specified in the Proof of Claim, and signed under penalty of perjury.

(b)     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment.   Notwithstanding the foregoing, Class Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

highest

highest

highest

highest

highest

highest

highest

highest

highest
highest

highest
highest

highest

highest
highest

highest
highest

highest
highest
highest
highest

highest
highest
highest
highest
highest
highest
highest

highest
highest
highest
highest
highest
highest

highest

highest

highest

(c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to the effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

11.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall, no later than twenty-one (21) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a Request for Exclusion in written form by First-Class Mail postmarked to the address designated in the Notice.  Such Request for Exclusion shall indicate the name, address, email address, and telephone number of the person seeking exclusion, and that the person requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion must also state the date, price, and number of shares of Olo's Class A common stock they purchased that are subject to the Action, such that they can demonstrate they purchased or acquired those shares between March 17, 2021 and August 11, 2022, inclusive.  The Request for Exclusion shall not be effective unless it is made in writing, providing the foregoing information, within the time stated above, and the exclusion is accepted by the Court.  Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12.    Upon receiving any Request for Exclusion, Class Counsel or the Claims Administrator shall promptly provide copies of such request(s) to Defendants' counsel within seven (7) calendar days after receiving any request for exclusion.

13.    Any Settlement Class Member and any other interested person may appear at the Settlement Fairness Hearing or by counsel and be heard, to the extent allowed by the Court, either in support of, or in opposition to, the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless postmarked no later than _____, 2024, which is twenty-one (21) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; and (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection.   Such Settlement Class Member shall also provide documentation sufficient to establish the amount of Olo's Class A common stock purchased and sold during the Settlement Class Period and the prices and dates of such transactions.   Settlement Class Members wishing to appear in person at the Settlement Fairness Hearing must submit a Notice of Intention to Appear with the objection.   If the objector intends to appear at the Settlement Fairness Hearing through counsel, postmarked no later than _____, 2024, which is twenty-one (21) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel must submit a Notice of Intention to Appear with the objection.  Objection materials must be sent to the following:

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Southern District of New York 500 Pearl Street Courtroom 14B New York, NY 10007 | Amanda F. Lawrence Jeffrey P. Jacobson Scott+Scott Attorneys at Law LLP The Helmsley Building 230 Park Ave., 17th Fl. New York, New York 10169 | Jennifer B. Luz Katherine G. McKenney Goodwin Procter LLP 100 Northern Avenue Boston, Massachusetts 02210 |

14.     All papers in support of the Settlement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served fourteen (14) calendar days prior to the deadline in Paragraph 13 for objections to be filed.  All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

15.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to the day of the Settlement Fairness Hearing, submit a written revocation of Request for Exclusion following the same instructions in Paragraph 11 above.

16.     The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

17.     Upon payment of the Cash Settlement Amount ($9,000,000) to the Escrow Account by or on behalf of Defendants and/or their insurers, the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

19.     Pending final determination of whether the Settlement should be approved, this Action shall be stayed and the Class Representative, all Class Members, and any Person claiming through or on behalf of them, shall not institute, commence, maintain ,or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any proceeding in any court or tribunal that asserts any Releasing Class Representative's Claims against any Released Defendant Party, except that the Parties shall take all such actions and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement.

20.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Class Representative nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed, or due and owing from the Settlement Fund except as provided for in the Stipulation.

21.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Class Representative or Defendants elect to terminate the Settlement, then the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceeding by any person or entity for any purpose, and each party shall be restored to their respective position as it existed on December 18, 2023.

22.     Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Defendants' shareholder transfer records and to assist in identifying persons to be excluded from the Settlement Class, both in accordance with the terms of the Stipulation, in no event shall the Defendants or any

of the Released Defendant Parties have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Defendant Parties shall have any obligation or liability to the Class Representative, Class Counsel, or the Settlement Class in connection with such administration.

23.     No Person shall have any claim against Class Representative, Class Counsel, the Settlement Class Members, the Claims Administrator, the Escrow Agent, or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with the Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Defendant Parties, based on any distributions, determinations, claim rejections, or the design, terms, or implementation of the Plan of Allocation.

24.     Pursuant to CAFA, Defendants shall take reasonable steps to complete service promptly on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, and shall thereafter notify Class Counsel as to completion of such service.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or connected with, the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

DATED: _____          _____
                                        JED S. RAKOFF, U.S.D.J.
                                        SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OLO INC., NOAH GLASS, and PETER BENEVIDES, <br><br> Defendants. | Case No. 1:22-cv-08228-JSR <br><br> CLASS ACTION <br><br> **NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** <br><br> **EXHIBIT A-1** |

**TO:     ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").[1]**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement of the above class action lawsuit (the "Settlement") for $9,000,000 in cash, which Class Members may be eligible to participate in, and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation. The Stipulation is by and between: (i) Class Representative Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("STA-ILA" or "Class Representative"), on behalf of itself and each of the Class Members, by and through its counsel of record; and (ii) Defendants Olo, Noah H. Glass ("Glass"), and Peter J. Benevides ("Benevides"), by and through their respective counsel of record in the above-captioned action (the "Action"). Upon and subject to the terms and conditions hereof, Class Representative, on behalf of itself and the Class, on the one hand, and each of the Defendants, on the other hand

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated January 16, 2024 (the "Stipulation"), which is available on the website for the Action at www.OloSecuritiesLitigation.com.

(collectively, "Settling Parties"), intend this Settlement to be a final and complete resolution of all disputes between the Settling Parties with respect to the Action.  This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM FORM POSTMARKED (IF MAILED) OR RECEIVED (IF FILED VIA EMAIL OR ONLINE) NO LATER THAN ___, 2024.** | The only way to get a payment. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN ___, 2024.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants and the Released Parties relating to this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2024.** | Write to the Court about why you don't like the Settlement. |
| **ATTEND THE SETTLEMENT FAIRNESS HEARING ON _____, 2024 AT _____.** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING.** | Get no payment.  Give up your rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Authorized Claimants, in accordance with the Plan of Allocation set forth below, if the Court approves the Settlement and, if there are any appeals, after the appeals are resolved. Please be patient.

## WHAT IS THIS LAWSUIT ABOUT?

### The Allegations and Status of the Case

Olo is a restaurant technology company that helps connect individual restaurant locations to consumers directly via restaurant-branded mobile applications and websites and indirectly via third-party applications.  On August 9, 2023, STA-ILA filed the Second Amended Class Action Complaint for Violations of Federal Securities Laws ("Complaint"), alleging that between March 17, 2021 and August 11, 2022 (the "Class Period"), Defendants Olo, Olo's founder and chief

executive officer Noah H. Glass ("Glass"), and Olo's chief financial officer Peter J. Benevides ("Benevides") made false and misleading statements and omissions regarding: (i) "active locations," one of Olo's "key business metrics," (ii) Olo's relationship with Subway restaurants, (iii) Olo's likelihood of success in the large-chain (*i.e.*, enterprise) restaurant market, and (iv) Olo's financial position and prospects. At the end of the Class Period, the Complaint alleges that Defendants' admission that Subway intended to terminate its relationship with Olo constituted a corrective disclosure and that the other undisclosed risks materialized that same day when Olo also announced flat active locations growth in the second quarter of 2022 and a reduction in full year 2022 earnings guidance. The Complaint alleges that, as a result, the price of Olo's Class A common stock declined sharply the following day, damaging investors who purchased or otherwise acquired Olo's Class A common stock during the Class Period. This Action alleges that, based on the foregoing circumstances, Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have expressly denied, and continue to deny, that they have committed any act or omission giving rise to any liability under Sections 10(b) or 20(a) of the Exchange Act. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Class Representative in the Action including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Class Representative or the Class Members have suffered any damages, that Defendants made any material misrepresentations or omissions, or that Class Representative or the Class Members were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

On September 26, 2023, the Court issued a "bottom-line" order sustaining the Complaint's "active locations" allegations against Olo and Glass, and dismissing the Complaint's Subway, enterprise, and financial prospects allegations, as well as dismissing the remaining Section 10(b) claim against Defendant Benevides. The Court confirmed its ruling on December 1, 2023, in a full order.

On December 1, 2023, the Court also issued a "bottom-line" order granting STA-ILA's class certification motion, appointing STA-ILA as Class Representative and Scott+Scott Attorneys at Law LLP as Class Counsel.

Throughout the course of the Action, the Parties (i) took 18 depositions, including 11 depositions of current and former Olo employees, two depositions of representatives of STA-ILA, a deposition of a representative of STA-ILA's investment manager, and four depositions of the Parties' experts, (ii) filed or exchanged eight expert reports on market efficiency, loss causation, damages, trends in the enterprise restaurant market, and information available to Olo's investors, and (iii) produced and/or reviewed over 100,000 documents (consisting of approximately 530,000 pages of material).

The Parties agreed to attend an in-person mediation session conducted by a third-party neutral, experienced mediator, Robert A. Meyer, Esq. of JAMS (the "Mediator").   Class Representative and Defendants submitted and exchanged mediation statements summarizing their respective positions.  The mediation session was held on July 6, 2023.  While the Parties did not reach an agreement to settle the Action at the mediation, they continued their negotiations through the Mediator.  On Friday, December 15, 2023, the Mediator issued a "mediator's proposal" to settle the Action for $9,000,000, which the Parties thereafter accepted.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO CLASS REPRESENTATIVE OR THE CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LAWSUIT OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PENDENCY OF THE ACTION AND PROPOSED SETTLEMENT THEREOF AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

If you purchased or otherwise acquired Class A common stock of Olo between March 17, 2021 and August 11, 2022, inclusive, you may be a Class Member.  As set forth in the Stipulation, excluded from the Class are Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

If you are not sure if you are a Class Member, you can ask for free help.  You can contact the Claims Administrator at 1-833-462-3513 or Jeffrey P. Jacobson, a representative of Class Counsel, at 1-800-332-2259. You can also fill out and return the Proof of Claim enclosed with this Notice.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice, as directed herein.

**WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?**

The Settlement, if approved, will result in the creation of a cash settlement fund of $9,000,000 (the "Settlement Amount").  The Settlement Amount, plus accrued interest (the "Settlement Fund") and minus the costs of this Notice and all costs associated with the administration of the Settlement, as well as any attorneys' fees and expenses that may be approved by the Court (the "Net Settlement Fund"), will be distributed to Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

Class Representative estimates that the average recovery under the Settlement is roughly $0.09 per allegedly damaged share before notice and administration costs and the attorneys' fee

and expense awards as determined by the Court. Should the Court award attorneys' fees of up to one-third of the Settlement Fund (or $3,000,000), Class Counsel's expenses of up to $900,000, an award to the Class Representative up to $50,000, and the estimated cost of notice and administration of the Settlement of approximately $250,000, the average per share recovery after those fees, expenses, and costs would be roughly $0.04 per allegedly damaged share. These are just estimates. Additionally, a Class Member's actual recovery will be a pro rata proportion of the Net Settlement Fund determined by that Claimant's recognized claim as compared to the total recognized claims submitted. An individual Class Member may also receive more or less depending on the value of claims submitted by all Class Members, and on whether the individual's shares were held or sold, and, if sold, when they were sold and the amount received. *See* the Plan of Allocation below for more information on how claims are calculated.

**WHAT IS THE PROPOSED PLAN OF ALLOCATION?**

Class Counsel conferred with its damages experts in developing the Plan of Allocation, which determines the amount that an Authorized Claimant may recover. The calculation of claims is not an estimate of actual damages or the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

Publicly tradable shares of the Class A common stock of Olo Inc. ("Olo") purchased or otherwise acquired on or after March 17, 2021[2] and on or before August 11, 2022 (collectively, the "Eligible Shares") are potentially eligible for damages. Shares deemed purchased and sold on the same day shall not be eligible for damages. The damages for each purchased share will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth below. The total number of damaged Eligible Shares is estimated to be no more than approximately 100 million. The gross recovery is expected to be at least $0.09 per share.

**A.     Calculation of Recognized Losses on Eligible Shares**

For each Eligible Share purchased or otherwise acquired from March 17, 2021 through August 11, 2022, inclusive, the Recognized Loss for each such share shall be calculated as follows. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

1.     For Eligible Shares sold before August 12, 2022, the Recognized Loss shall be zero.

---

[2]     On March 19, 2021, Olo completed an initial public offering ("IPO") and issued 20,700,000 shares of Olo's Class A common stock. Olo's Class A common stock began trading on the New York Stock Exchange ("NYSE") on March 17, 2021 under the ticker symbol "OLO." *See* Olo's Form 10-K filed with the SEC on February 25, 2022 at 46, 77. No Class B common stockholder – regardless of whether they converted their Class B common stock into Class A common stock during the Class Period – is eligible for recovery on their converted Class B shares.

2.    For Eligible Shares sold on or after August 12, 2022, but on or before November 9, 2022, the Recognized Loss for each share will be the lesser of:

    a.    30.7% multiplied by the price paid on the date of purchase/acquisition ("Purchase Price"), rounded to the nearest cent;[3]

    b.    $3.99;[4]

    c.    the Purchase Price minus the greater of (i) the price realized on the date of sale (the "Sales Price") or (ii) the Look-Back Average Price as set forth in Table A below.[5]

3.    For Eligible Shares still held as of the market close on November 9, 2022, the Recognized Loss will be the lesser of:

    a.    30.7% multiplied by the price paid on the date of purchase/acquisition ("Purchase Price"), rounded to the nearest cent;

    b.    $3.99; or

    c.    the Purchase Price minus $8.03.[6]

---

[3]    30.7% is the estimated alleged artificial inflation as a percent of the stock price throughout the Class Period.

[4]    $3.99 is the estimated maximum recoverable alleged artificial inflation per share based on the price decline related to the allegations.

[5]    This is a loss limitation pursuant to the Private Securities Litigation Reform Act of 1995.

[6]    This is the 90-day Look-Back Average Price, as set forth in Table A, as of November 9, 2022.

### Table A:  Look-Back Average Price Table for Loss Limitations

| Date | Look-Back Average Price | Date | Look-Back Average Price | Date | Look-Back Average Price |
|------|------|------|------|------|------|
| 8/12/2022 | $8.26 | 9/13/2022 | $7.91 | 10/12/2022 | $7.93 |
| 8/15/2022 | $8.33 | 9/14/2022 | $7.92 | 10/13/2022 | $7.93 |
| 8/16/2022 | $8.26 | 9/15/2022 | $7.92 | 10/14/2022 | $7.92 |
| 8/17/2022 | $8.08 | 9/16/2022 | $7.92 | 10/17/2022 | $7.93 |
| 8/18/2022 | $8.03 | 9/19/2022 | $7.92 | 10/18/2022 | $7.93 |
| 8/19/2022 | $7.95 | 9/20/2022 | $7.93 | 10/19/2022 | $7.93 |
| 8/22/2022 | $7.91 | 9/21/2022 | $7.93 | 10/20/2022 | $7.94 |
| 8/23/2022 | $7.91 | 9/22/2022 | $7.92 | 10/21/2022 | $7.94 |
| 8/24/2022 | $7.92 | 9/23/2022 | $7.92 | 10/24/2022 | $7.94 |
| 8/25/2022 | $7.92 | 9/26/2022 | $7.92 | 10/25/2022 | $7.95 |
| 8/26/2022 | $7.90 | 9/27/2022 | $7.92 | 10/26/2022 | $7.97 |
| 8/29/2022 | $7.89 | 9/28/2022 | $7.92 | 10/27/2022 | $7.98 |
| 8/30/2022 | $7.88 | 9/29/2022 | $7.92 | 10/28/2022 | $8.00 |
| 8/31/2022 | $7.88 | 9/30/2022 | $7.92 | 10/31/2022 | $8.01 |
| 9/1/2022 | $7.86 | 10/3/2022 | $7.91 | 11/1/2022 | $8.03 |
| 9/2/2022 | $7.84 | 10/4/2022 | $7.92 | 11/2/2022 | $8.04 |
| 9/6/2022 | $7.83 | 10/5/2022 | $7.92 | 11/3/2022 | $8.04 |
| 9/7/2022 | $7.83 | 10/6/2022 | $7.93 | 11/4/2022 | $8.04 |
| 9/8/2022 | $7.86 | 10/7/2022 | $7.93 | 11/7/2022 | $8.04 |
| 9/9/2022 | $7.89 | 10/10/2022 | $7.93 | 11/8/2022 | $8.04 |
| 9/12/2022 | $7.91 | 10/11/2022 | $7.92 | 11/9/2022 | $8.03 |

### B.    Additional Provisions Relating to the Calculation of Recognized Losses

For Class Members who made multiple purchases (and/or acquisitions) and/or sales of Olo's Class A common stock during the Class Period, the First-In, First-Out ("FIFO") method will be applied to purchases (and/or acquisitions) and sales for purposes of calculating a claim.  Under the FIFO method, sales of Olo's Class A common shares during the Class Period, and through the 90-day period following the end of the Class Period, will be matched in chronological order against Olo's Class A common stock purchased or otherwise acquired during the Class Period.

The date of purchase/acquisition or date of sale is the "contract" or "trade" date as distinguished from the "settlement" date.  All purchase, acquisition, and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of Olo's Class A common stock during the Class Period shall not be deemed a purchase or sale of such shares for the calculation of a Claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment, or if the donor or decedent purchased or otherwise acquired such Olo Class A common shares during the Class Period and no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or anyone else with respect to such Olo Class A common shares.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase/acquisition of Olo's Class A common stock.  The date of a "short sale" is deemed to be the date of sale.  The Recognized Loss on "short sales" is zero.

Option contracts are not securities eligible to participate in the Settlement. With respect to Olo's Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of the Olo's Class A common stock is the exercise date of the option, and the purchase/sale price of the Olo's Class A common stock is the exercise price of the option.

### C.    Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their Eligible Shares, as determined in accordance with §§A and B above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Olo's Class A common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement. For the purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Sales Proceeds[8] and the Claimant's Holding Value.[9]

To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Olo's Class A common stock purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until the Court has (a) approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of this or any other plan of

---

[7]     The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all of Olo's Class A common stock purchased (and/or acquired) during the Class Period (excluding Class A common stock acquired through the conversion of Class B common stock).

[8]     The total amount received for sales of Olo's Class A common stock sold during the Class Period is the "Sales Proceeds." Sales of Olo's Class A common stock that had been converted from Olo's Class B common stock shall not be included in the methodology for calculating "Sales Proceeds."

[9]     For each Olo's Class A common stock purchased (and/or acquired) – except through conversion of Class B common stock – during the Class Period that was still held as of the close of trading at the end of the Class Period, the Claims Administrator shall ascribe a "Holding Value" of $8.26.

allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

**MUST I CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?**

No. If you have received this Notice and timely submit your Proof of Claim to the address designated on the Proof of Claim form accompanying this Notice, you need not contact Class Counsel. If you did not receive this Notice by mail but believe you should have, or if your address changes, please contact the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
1-833-462-3513
info@olosecuritieslitigation.com
www.OloSecuritiesLitigation.com

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED**

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

**WHAT ARE THE REASONS FOR SETTLEMENT?**

The Court has not reached any final decisions regarding the merits of the claims or defenses asserted in the Action. Instead, the Class Representative and Defendants have agreed to this Settlement, which was reached with the substantial assistance of Robert A. Meyer, Esq., a highly experienced mediator of complex class actions. In reaching the Settlement, the Parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Class Representative and the Class would face an uncertain outcome if they did not agree to the Settlement. The Parties expected that the case could

continue for an intense and longer period of time, delaying any possible recovery for the Class. Continuation of the case against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Class Representative and Class Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a significant monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are an excellent result for the Class.

## WHO REPRESENTS THE CLASS?

The law firm of Scott+Scott Attorneys at Law LLP represents you and other Class Members. These lawyers are called Class Counsel. These lawyers will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund; you will not be otherwise charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

## HOW WILL CLASS COUNSEL BE PAID?

Class Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing. Class Counsel will apply for an award not to exceed one-third of the Settlement Fund, plus payment of expenses incurred in connection with the Action in an amount not to exceed $900,000. In addition, Class Representative may seek an award of up to $50,000 for its time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Class Counsel has committed significant time and expenses in litigating this case for the benefit of the Class. To date, Class Counsel have not been paid for their services in conducting this Action on behalf of the Class Representative and the Class, or for their expenses. The fees requested will compensate Class Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Class Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself from, or "opting out" of, the Class.

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from the Class in the following action: *Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.). Be sure to include your name, address, e-mail address, telephone number, and sign the letter. Exclusion requests must also state the date, price, and number of shares of Olo's Class A common stock purchased or otherwise acquired. (You must also maintain your transaction records as you may be requested to submit them at a later date.) Your exclusion request must be postmarked no later than _____, 2024 and sent to the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
Kroll Settlement Administration
Attn: EXCLUSIONS
PO Box 5324
New York, NY 10150-5324

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a Settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit. If you wish to be excluded from the Settlement Class, submit a request for exclusion only and do not submit an objection to the Settlement. If you do submit both a request for exclusion and an objection to the Settlement, your objection will be disregarded.

## CAN I OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND/OR PAYMENT TO CLASS REPRESENTATIVE?

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the Plan of Allocation, requested attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for its time and expenses. To object, you must write to the Court setting out your objection in the case known as *STA-ILA v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.), stating why you think the Court should not approve any part or all of the Settlement, the proposed Plan of Allocation, the requested attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for its time and expenses. You must include your name, address, telephone number, and your signature; include documents sufficient to prove your membership in the Class, such as number of shares of Olo's Class A common stock purchased or otherwise acquired, as well as the dates and prices of each such purchase or acquisition during the Class Period. Your letter must also state the specific reasons why you object, including any legal or evidentiary support for your objection. Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class.

Your objection must be filed with the United States District Court for the Southern District of New York by hand or by mail at the address listed below such that it is **received on or before _____, 2024**, at the address set forth below. You must also serve the papers on Class Counsel

and Defendants' Counsel at the addresses set forth below so that the papers are **received on or before _____, 2024**.

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District<br>Court for the Southern<br>District of New York<br>500 Pearl Street<br>Courtroom 14B<br>New York, NY 10007 | Amanda F. Lawrence<br>Jeffrey P. Jacobson<br>Scott+Scott Attorneys<br>at Law LLP<br>The Helmsley Building<br>230 Park Ave., 17th Fl.<br>New York, New York 10169 | Jennifer B. Luz<br>Katherine G. McKenney<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, Massachusetts 02210 |

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear separately at the Settlement Hearing or to make any objection to the Settlement, the proposed Plan of Allocation, the application for attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for their time and expenses.

If you hire an attorney (at your own expense) to represent you for purpose of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the addresses set out above) by no later than _____, 2024.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, Class Counsel's request for an award of attorneys' fees and expenses, or an award to the Class Representative for its time and expenses. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class, or participate in the recovery. If you exclude yourself, you have no basis to object because the case no longer applies to you.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely submit a Proof of Claim. A Proof of Claim is enclosed with this Notice, and it may also be downloaded at www.OloSecuritiesLitigation.com, or you can request a Proof of Claim by contacting the Claims Administrator or Class Counsel as set forth herein. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it or submit it online so that it is postmarked (if mailed) or received (if emailed or filed electronically) no later than _____, 2024. The Proof of Claim may be submitted online at www.OloSecuritiesLitigation.com, emailed to info@olosecuritieslitigation.com, and the address for mailing the proof of claim is:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324

If you do not submit a valid Proof of Claim, you will not receive a payment from the Net Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the releases contained in them.

**WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants relating to securities claims involving the purchase or otherwise acquisition of Olo's Class A common stock at issue in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will fully, finally, and forever release the Releasing Class Representative's Claims in this case against the Released Defendant Parties.

"Released Claims" means all Released Defendants' Claims and all Releasing Class Representative's Claims.

"Releasing Class Representative's Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), whether arising under federal, state, common, or foreign law by the Releasing Class Representative Parties against any of the Released Defendant Parties that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of Olo's Class A common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Releasing Class Representative's Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims in any pending derivative litigation, including, without limitation, *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass, et al.*, C.A. No. 2024-0025 (Del. Ch.); and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

"Releasing Class Representative Parties" means each and every Settlement Class Member, Class Representative, Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Spouses, members of the immediate families, representatives, and heirs of any Releasing Class Representative Party who is an individual, as well as any trust of which any Releasing Class Representative Party is the settlor or which is for the benefit of any of

13

their immediate family members. Releasing Class Representative Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

"Released Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Defendants could have asserted against the Releasing Class Representative Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

"Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors, and predecessors, assigns, officers, directors, controlling shareholders, underwriters, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, accountants, auditors, financial or investment advisors or consultants, insurers; the Spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

"Released Claims" means the Releasing Class Representative's Claims and the Released Defendants' Claims.

"Released Parties" means the Released Defendant Parties and the Releasing Class Representative Parties.

"Releasing Parties" means each of the parties releasing a claim, as defined in the Stipulation.

The above description of the proposed Settlement is only a summary. The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.OloSecuritiesLitigation.com, or by contacting Class Counsel listed on Page 4. In the event of any inconsistency between this notice and the Stipulation, the terms of the Stipulation control.

**THE SETTLEMENT FAIRNESS HEARING**

The Court will hold a Settlement Fairness Hearing on _____, 2024, at _____ a.m./p.m., before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14B New York, NY 10007-1312, for the purpose of determining whether: (1) the Settlement of the Action for $9,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) to award Class Counsel attorneys' fees and expenses out of the Settlement Fund; (3) to pay the Class Representative for its time and expenses incurred in representing the Class; (4) the Plan of Allocation should be approved by the Court; and (5) to enter the final Judgment as provided under the Stipulation. The Court may adjourn or continue the Settlement Fairness Hearing without

further notice to Members of the Class.  If you want to attend the hearing, you should check with Class Counsel or the settlement website beforehand to be sure that the date and/or time have not changed.

Any Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement.  The records in this Action may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the Southern District of New York.  In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim, and proposed Judgment may be obtained on the settlement website, www.OloSecuritiesLitigation.com, or by contacting the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
1-833-462-3513
info@olosecuritieslitigation.com

In addition, you may contact Jeffrey P. Jacobson at Scott+Scott Attorneys at Law LLP, 230 Park Ave., Fl. 17, New York, NY 10169, 1-800-332-2259, if you have any questions about the Action or the Settlement or want to obtain Settlement documents.

## DO NOT WRITE TO, OR TELEPHONE, THE COURT FOR INFORMATION

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If you held any Olo Class A common stock, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by email or First-Class Mail to all such Persons; or (2) provide a list of the names, addresses, and/or email addresses of such Persons to the Claims Administrator:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
info@olosecuritieslitigation.com

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Notice and Proof of Claim and Release mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice and Proof of Claim and Release sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator.

DATED: _____, 2024          BY ORDER OF THE UNITED STATES
                                           DISTRICT COURT FOR THE
                                           SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>**PROOF OF CLAIM AND RELEASE FORM**<br><br>**EXHIBIT A-2** |
|                 Plaintiff, | |
| v. | |
| OLO INC., NOAH GLASS, and PETER BENEVIDES, | |
|                 Defendants. | |

To recover as a Settlement Class Member based on the claims asserted against the Released Defendant Parties in this Action, you must complete, ***sign***, and submit this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a properly addressed Claim Form, your claim may be rejected and you may be barred from any recovery from the Net Settlement Fund created under the proposed Settlement. YOU MUST MAIL, EMAIL, OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, TOGETHER WITH COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2024**, TO:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
Emailed Submissions: info@olosecuritieslitigation.com
Online Submissions: www.OloSecuritiesLitigation.com

**PART I: GENERAL INSTRUCTIONS**

1. It is important that you read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form. The Notice describes the proposed Settlement and how Settlement Class Members' rights may be affected by it. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting the Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases that you will be giving if you submit a Claim Form.

2. This Claim Form is directed to all Persons who purchased or otherwise acquired the Class A common stock of Olo Inc. ("Olo") between March 17, 2021, and August 11, 2022, inclusive (the "Class Period"). If you fit within this definition, and (i) are not excluded from the Class by reason of your relationship to one of the Defendants or their affiliates (*see* Notice at 4 ("How Do I Know If I am a Class Member?")) and (ii) do not exclude yourself by submitting a request for exclusion (*see* Notice at 10-11 ("Can I Exclude Myself from the Settlement?")), then you are a Settlement Class Member.

3. If you are NOT a Settlement Class Member, you may NOT participate in the Settlement, you should NOT submit a Claim Form, and any Claim Form you submit will be rejected.

4. If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in this Action, including the releases provided for under the Settlement (*see* Notice at 13 ("What Claims Will be Released by the Settlement?")), whether or not you submit a Claim Form.

5. Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, or by such other plan of allocation that is ultimately approved by the Court.

6.      Use Part II of this form, "Claimant Identification," to identify each purchaser or acquiror of Olo's Class A common stock that form the basis of this claim. *THIS CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OF OLO'S CLASS A COMMON STOCK UPON WHICH THE CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVE.*

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. If a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claims Administrator reserves the right to request information on all holdings and transactions in Olo's Class A common stock (including short sales) made on behalf of a single beneficial owner.

8.      All joint beneficial owners, purchasers, or acquirers must sign this Claim Form.

9.      Agents, executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them. They must also (i) identify the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number) of the beneficial owner (or other Person or entity on whose behalf they are acting); and (iii) provide documentary evidence of their authority to legally bind the person or entity on whose behalf they are acting to the Claim Form. (Authority to complete and sign a Claim Form cannot be established by stockbrokers who show only that they have discretionary authority to trade in another person's accounts).

10.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under U.S. law. Making false statements or submitting fraudulent documentation will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

11.      Use Part III of this form, entitled "Schedule of Transactions in Olo's Class A Common Stock," to supply all requested details of your transaction(s) in, including free transfers and deliveries, and holdings of, Olo's Class A common stock. On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Olo's Class A common stock, whether such transactions resulted in a profit or a loss. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list. The date of covering a "short sale" is deemed to be the date of purchase (or otherwise acquisition) of Olo's Class A common stock. The date of a "short sale" is deemed to be the date of sale of Olo's Class A common stock. Failure to report all such transactions may result in your claim being rejected. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

12.      *COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN OLO'S CLASS A COMMON STOCK MUST BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.*

13.      *YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT LETTER*. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. If you do not receive an acknowledgment letter within 60 days, please contact the Claims Administrator at info@OloSecuritiesLitigation.com.

**NOTICE REGARDING ELECTRONIC FILES**: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such Claimants MUST also submit a manually signed paper Claim Form, whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must download the electronic filing template at www.OloSecuritiesLitigation.com and follow the instructions contained within. **Any file that does not comply with the required electronic filing format will be subject to rejection**. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's Electronic Filing Department at info@olosecuritieslitigation.com to inquire about your file and confirm it was received.

**PROOF OF CLAIM AND RELEASE ("CLAIM FORM")**
*STA-ILA v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.)

## PART II: CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name(s)

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Benefical Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City          State                    Zip Code/Province                    Country

Last Four Digits of your Social Security No. or Taxpayer I.D. No.

Telephone Number (home/cell)          Telephone Number (work)

Email Address

Account Number (if filing for multiple account types, file a separate Claim Form for each account type)

**PART III: SCHEDULE OF TRANSACTIONS IN OLO'S CLASS A COMMON STOCK**
Please be sure to include proper documentation with your Claim Form as described in the General Instructions.  Do not include information regarding securities other than Olo's Class A common stock.

| **1. HOLDINGS AS OF MARCH 16, 2021:** State total number of Olo's Class A common stock (ticker symbol "OLO") you held at the close of trading on March 16, 2021. (Must document). If none, write "zero" or "0" here: ____. | *Check box if proof of position is enclosed □* |
|---|---|

| **2. PURCHASES/ACQUISITIONS FROM MARCH 17, 2021 THROUGH NOVEMBER 9, 2022, INCLUSIVE:** Separately list below each and every purchase or acquisition (including free receipts) of Olo's Class A common stock from the opening of trading on March 17, 2021 through the close of trading on November 9, 2022. (Must document.) | *Check box if proof of position is enclosed □* |
|---|---|

| **Date of Purchase/ Acquisition** (list chronologically by month/day/year) | **Number of Shares Purchased or Acquired** | **Purchase or Acquisition Price (Per Share)** | **Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees)** | *Check box if copy of proof of purchase is enclosed* |
|---|---|---|---|---|
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |

| **3. SALES FROM MARCH 17, 2021 THROUGH NOVEMBER 9, 2022:** Separately list below each and every sale or disposition (including free deliveries) of Olo's Class A common shares from the opening of trading on March 17, 2021 through the close of trading on November 9, 2022. (Must document.) | *If NONE, check box □* |
|---|---|

| **Date of Sale** (list chronologically by month/day/year) | **Number of Shares Sold** | **Sale Price (Per Share)** | **Total Sale Price Per Share (excluding any taxes, commissions, and fees)** | *Check box if copy of proof of sale is enclosed:* |
|---|---|---|---|---|
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |
| /     / | | $ | $ | □ |

| **4. HOLDINGS AS OF NOVEMBER 9, 2022:** State total number of Olo's Class A common shares you held as of the close of trading on November 9, 2022. (Must document.) If none, write "zero" or "0" here: ____. | *Check box if proof of position is enclosed □* |
|---|---|

*IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE, <u>AND ALSO SIGN EACH ADDITIONAL PAGE</u>. IF YOU <u>DO</u> ATTACH EXTRA SCHEDULES, CHECK THIS BOX* ☐

*YOU **MUST** READ AND SIGN THE RELEASE BELOW.*

**PART IV: RELEASE**

       1.      I (we) hereby fully, finally, and forever settle, release, and discharge each of the Released Defendant Parties (as defined in the Notice) from each of the Releasing Class Representative's Claims (as defined in the Notice).

       2.      I (we) hereby warrant and represent that I (we): have not assigned or transferred, voluntarily or involuntarily, any of my (our) Releasing Class Representative Claims or any other part thereof; have not submitted any other claim covering the same purchases or acquisitions of Olo's Class A common stock during the Class Period; and have no knowledge of any other Person having done so on my (our) behalf.

       3.      I (we) hereby warrant and represent that I (we) have included herein true and correct information, and submitted true and correct copies of supporting documentation, as to all of my (our) transactions in Olo's Class A common stock, as requested in Part III, from March 17, 2021 through November 9, 2022, inclusive, and the number of Olo's Class A common stock held by me (us) at the close of trading on March 17, 2021 and on November 9, 2022.

       4.      I (we) certify that I am (we are) NOT subject to backup tax withholding.  (If the Internal Revenue Service has notified you that you are subject to backup withholding, please strike out the prior sentence.)

       5.      I (we) submit to the jurisdiction of the U.S. District Court for the Southern District of New York with respect to my (our) Claim as a Settlement Class Member and for purposes of enforcing the releases set forth above.

       6.      I (we) declare under penalty of perjury under the laws of the United States that all of the information submitted by me (us) as part of this Claim Form is true and correct.

Signed on _____/_____/_____
               Month        Day     Year

_____          _____
(Signature of beneficial owner)                (Signature of co-beneficial owner, if any)

_____          _____
(Type or print your name here)                (Type or print your name here)

_____          _____
(Title if signing for corporate entity, or your capacity if     (Title if signing for corporate entity, or your capacity if
signing as, *e.g.*, executor, trustee, etc., and attach         signing as, *e.g.*, executor, trustee, etc., and attach
documentation of your authority)                  documentation of your authority)

**Reminder Checklist:**

       1.      You must sign the above release and acknowledgment.

       2.      Remember to attach copies of supporting documentation.

       3.      Do not send originals of certificates or other documentation as they will not be returned.

       4.      Keep a copy of your Claim Form and all supporting documentation for your records.

       5.      If you move, please send your new address to the address below.

       6.      Do not use red pen or highlighter on the Claim Form or any supporting documentation.

       7.      Accurate claims processing takes significant time.  Thank you for your patience.

***Do not mail or send your Claim Form to the Court, the Parties, or their counsel.  Submit your Claim Form only to the Claims Administrator at the mailing, email, or online addresses listed below, no later than _____, to:***

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
Emailed Submissions: info@olosecuritieslitigation.com
Online Submissions: www.OloSecuritiesLitigation.com

# EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>                    Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**<br><br>**EXHIBIT A-3** |

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on _____, 2024, at _____, before the Honorable Jed S. Rakoff, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14B, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the Parties, consisting of Nine Million Dollars ($9,000,000) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the Stipulation and Agreement of Settlement

and Release (the "Stipulation") should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Class Counsel for an award of attorneys' fees and expenses and any award to Class Representative should be approved; and (5) whether the Judgment, in the form attached to the Stipulation, should be entered.  The Court may change the date of the Settlement Hearing without providing another notice.  You do **NOT** need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU PURCHASED OR ACQUIRED ANY OF THE CLASS A COMMON STOCK OF OLO DURING THE PERIOD FROM MARCH 17, 2021 THROUGH AUGUST 11, 2022, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail (postmarked no later than _____, 2024), or electronically at the following website: www.OloSecuritiesLitigation.com, or by email at the following email address: info@olosecuritieslitigation.com, no later than _____, 2024.  Your failure to submit your Proof of Claim by _____, 2024, will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action. If you are a member of the Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.  Class Counsel represents you and other Members of the Class.  If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Class), or a Proof of Claim Form, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.OloSecuritiesLitigation.com, or by writing to, emailing, or calling:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
1-833-462-3513
info@olosecuritieslitigation.com

Inquiries may also be made to a representative of Class Counsel at:

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Jeffrey P. Jacobson
230 Park Ave., Fl. 17
New York, NY 10169
Phone: 1-800-332-2259

Inquiries should **NOT** be directed to Defendants, the Court, or the Clerk of the Court.

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN _____, 2024, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE LITIGATION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR

AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES.  ANY WRITTEN OBJECTIONS MUST BE SENT TO THE COURT POSTMARKED NO LATER THAN _____, 2024, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU FAIL TO OBJECT IN THE MANNER AND FORM EXPLAINED IN THE NOTICE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND WILL NOT BE ABLE TO APPEAR SEPERATELY AT THE SETTLEMENT HEARING OR MAKE ANY OBJECTION TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES.

DATED: _____, 2024          BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE
                                          SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-08228-JSR CLASS ACTION **[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Plaintiff, | |
| v. | **EXHIBIT B** |
| OLO INC., NOAH GLASS, and PETER BENEVIDES, | |
| Defendants. | |

WHEREAS, the Court is advised that the Settling Parties, through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action upon the terms and conditions set forth in the Stipulation and Agreement of Settlement and Release dated January 16, 2024 (the "Stipulation"), which was filed with the Court.[1]

WHEREAS, on _____, 2024, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the Settlement and approved the form and manner of notice to the Class of the Settlement.

WHEREAS, said notice has been made to the Class and the Settlement Fairness Hearing has been held pursuant to the terms of the Order Preliminarily Approving Settlement and Providing for Notice.

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in

---

[1]    All defined and capitalized terms herein shall have the same meaning as set forth in the Stipulation.

the Stipulation is fair, reasonable, and adequate, and upon the Settlement Fairness Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Litigation, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2.      This Court has jurisdiction of the subject matter of this Action and over all of the Settling Parties and all Members of the Class, including all Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3.      The form, content, and method of dissemination of notice given to the Class was adequate and reasonable, met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. §78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995), and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

4.      Notice, as given, complied with the requirements of federal law, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

5.      The Settlement set forth in the Stipulation is fair, reasonable, and adequate.

(a)      The Settlement was negotiated at arm's length by Class Representative and Class Counsel on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel.  The case settled

only after: (1) an in-person mediation session conducted by an experienced mediator who was thoroughly familiar with this Action; (2) follow-up negotiations facilitated by the mediator; (3) the exchange of detailed mediation statements prior to the in-person mediation which highlighted the factual and legal issues in dispute; (4) Class Counsel's extensive investigation, which included, among other things, a review of Olo's U.S. Securities and Exchange Commission filings, and other information about the Defendants; (5) the drafting and filing of two detailed amended complaints; (6) two orders by the Court granting in part and denying in part Defendants' motions to dismiss; (7) a "bottom-line" Order by the Court granting Class Representative's class certification motion; and (8) extensive factual and expert discovery, including 18 depositions, the filing and/or exchange of eight expert reports, and the production and review of over 100,000 documents, consisting of approximately 530,000 pages of material. Accordingly, both Class Representative and Defendants were well-positioned to evaluate the settlement value of this Action.  The Stipulation has been entered into in good faith and is not collusive.

(b)     If the Settlement had not been achieved, both Class Representative and Defendants faced the expense, risk, and uncertainty of extended litigation, including summary judgment, trial, post-trial motions, and appeals.  The Court takes no position on the merits of either Class Representative's or Defendants' arguments but notes these arguments as further evidence in support of the reasonableness of the Settlement.

6.    Class Representative and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

7.    Class Representative, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

8.    The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.    The Court hereby reaffirms its determination in its orders dated December 1 and 18, 2023 granting (and affirming) class certification and appointing Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund as Class Representative and Scott+Scott Attorneys at Law LLP as Class Counsel.  ECF Nos. 106, 112.

10.    The Court hereby reaffirms its determination in the Preliminary Approval Order that the Settlement Class shall be composed of all persons and entities that purchased or otherwise acquired shares of Olo's Class A common stock between March 17, 2021 and August 11, 2022, inclusive, and who were damaged thereby, excluding any of the Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

11.    Upon the Effective Date, except with respect to individual claims by persons who have validly and timely requested exclusion from the Class as listed in **Exhibit A**, all of the claims asserted in the Second Amended Class Action Complaint for Violations of Federal Securities Laws, dated August 9, 2023 ("Complaint") (ECF No. 72), or the Action against the Defendants are hereby dismissed with prejudice, without costs as to the Settling Parties, except as awarded under the Settlement Fund and approved by the Court.

4

12.    Upon the Effective Date, all Released Parties are released in accordance with the Stipulation, and as defined in the Stipulation, each of the Releasing Parties are hereby deemed to have fully, finally, and forever waived, released, relinquished, and discharged each and every one of the Released Claims,[2] including Unknown Claims,[3] against each and every one of the Released

---

[2]    "Released Claims" means all Released Defendants' Claims and all Releasing Class Representative's Claims. "Releasing Class Representative's Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), whether arising under federal, state, common, or foreign law by the Releasing Class Representative Parties against any of the Released Defendant Parties that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of Olo's Class A common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Releasing Class Representative's Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims in any pending derivative litigation, including, without limitation, *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass, et al.*, C.A. No. 2024-0025 (Del. Ch.); and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court. "Released Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Defendants could have asserted against the Releasing Class Representative Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

[3]    "Unknown Claims" means any Releasing Class Representative's Claims which Class Representative, any other Settlement Class Member, or any other Releasing Class Representative Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them, might have affected their decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and any Released Defendants' Claims which any Defendant or any other Released Defendant Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them might have affected their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to

Parties, whether or not the Class Member executes and delivers the Proof of Claim.  Except, however, the Settlement shall not release any claims in the action captioned *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et. al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass*, *et al.*, C.A. No. 2024-0025 (Del. Ch.).

13.    Upon the Effective Date, each of the Releasing Parties are hereby forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other court of law or

---

California Civil Code §1542, which provides: A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Class Representative Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Class Representative Parties and Released Defendant Parties acknowledge that they may hereafter discover facts in addition to, or different from, those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Releasing Class Representative's Claims or Released Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Class Representative Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

Class Representative and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

equity, administrative forum, or arbitration tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of, directly or indirectly, any of the Released Claims.

14. Upon the Effective Date, pursuant to 15 U.S.C. §78u-4(f)(7)(A), this Order provides that every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state, or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of the Releasing Class Representative's Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in this Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Defendant Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local, or common law; this Order specifically bars all future claims for contribution arising out of the Action – (i) by any person against Olo Inc., Noah H. Glass, and Peter J. Benevides; and (ii) by Olo Inc., Noah H. Glass, or Peter J. Benevides against any person, other than a person whose liability has been extinguished by the Settlement.

15. Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released Class Representative, Class Counsel, and each and all of the Class Members from all Released Defendants' Claims.

16.     All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

17.     All Class Members who have failed to properly submit Requests for Exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Order and Judgment.

18.     The Requests for Exclusion, if any, by the persons or entities in **Exhibit A** to this Final Order and Judgment are accepted by the Court.

19.     Neither this Final Order and Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), nor any of the negotiations, documents, or proceedings connected with them shall be argued to be or offered or received:

> (a)     Against any of the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by the Class Representative in the Complaint or the Action, or the validity of any claim that has been, or could have been, asserted against any of the Defendants in the Complaint or the Action, or the deficiency of any defense that has been, or could have been, asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants.

> (b)     Against the Class Representative or any Settlement Class Member or Class Counsel as evidence of, or construed as evidence of, any infirmity of the

claims alleged by the Class Representative in the Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Complaint or the Action.

(c)      Against any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that if the Stipulation is approved by the Court, the Defendants, the Class Representative, and any Settlement Class Member, or their respective legal counsel, may refer to it or file it as necessary to effectuate the liability protection and releases granted them thereunder.

(d)      Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that any of the Class Representative's claims have merit, or that any defenses asserted by the Defendants are without merit, or that the Settlement Amount represents

9

the amount which could or would have been received after trial of the Action against them.

(e)    Against the Class Representative or any Settlement Class Member, or Class Counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

20.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Releasing Class Representative's Claims or of any wrongdoing or liability of the Defendants or the Released Defendant Parties; or (b) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants or the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by the Class Representative, any Class Member, or Class Counsel were not valid in any civil, criminal, or administrative proceeding.

21.    The Parties and other Released Parties may file or refer to this Final Order and Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion

or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Final Order and Judgment.

22.     In the event that the Settlement does not become Final and Effective in accordance with the terms and conditions set forth in the Stipulation, then this Final Order and Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions as of December 18, 2023, and the Parties shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, the Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

23.     In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions as set forth in the Stipulation, within fourteen (14) business days of (a) the Order rendering the Settlement and Judgment non-Final such that no appeal or other action can alter that outcome; or (b) of notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest, shall be returned to the persons who contributed to the Settlement Fund in accordance with the terms outlined in the Stipulation. Class Counsel shall return any fees or award previously distributed in connection with the Settlement.

24.     Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation, the Settlement contained therein, the Settlement Fund, and this Final Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

25.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

26.     Any order approving or modifying the Plan of Allocation, Class Counsel's application or award of attorneys' fees and expenses, or Class Representative's application for award, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement.

27.     Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

28.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

29.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

30.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

31.     A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Final Order and Judgment and shall be considered separate from this

Final Order and Judgment. Such orders shall in no way affect or delay the finality of this Final Order and Judgment and shall not affect or delay the Effective Date of the Settlement.

32.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Final Order and Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.


IT IS SO ORDERED.


DATED: _____          _____
                                        JED S. RAKOFF, U.S.D.J.
                                        SOUTHERN DISTRICT OF NEW YORK