# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**<br><br>**EXHIBIT A-1** |

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").[1]**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court").  This Notice serves to inform you of the proposed settlement of the above class action lawsuit (the "Settlement") for $9,000,000 in cash, which Class Members may be eligible to participate in, and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation.  The Stipulation is by and between: (i) Class Representative Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("STA-ILA" or "Class Representative"), on behalf of itself and each of the Class Members, by and through its counsel of record; and (ii) Defendants Olo, Noah H. Glass ("Glass"), and Peter J. Benevides ("Benevides"), by and through their respective counsel of record in the above-captioned action (the "Action").  Upon and subject to the terms and conditions hereof, Class Representative, on behalf of itself and the Class, on the one hand, and each of the Defendants, on the other hand

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated January 16, 2024 (the "Stipulation"), which is available on the website for the Action at www.OloSecuritiesLitigation.com.

(collectively, "Settling Parties"), intend this Settlement to be a final and complete resolution of all disputes between the Settling Parties with respect to the Action.  This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM FORM POSTMARKED (IF MAILED) OR RECEIVED (IF FILED VIA EMAIL OR ONLINE) NO LATER THAN ___, 2024.** | The only way to get a payment. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN ___, 2024.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants and the Released Parties relating to this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2024.** | Write to the Court about why you don't like the Settlement. |
| **ATTEND THE SETTLEMENT FAIRNESS HEARING ON _____, 2024 AT _____.** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING.** | Get no payment.  Give up your rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Authorized Claimants, in accordance with the Plan of Allocation set forth below, if the Court approves the Settlement and, if there are any appeals, after the appeals are resolved. Please be patient.

**WHAT IS THIS LAWSUIT ABOUT?**

**The Allegations and Status of the Case**

Olo is a restaurant technology company that helps connect individual restaurant locations to consumers directly via restaurant-branded mobile applications and websites and indirectly via third-party applications.  On August 9, 2023, STA-ILA filed the Second Amended Class Action Complaint for Violations of Federal Securities Laws ("Complaint"), alleging that between March 17, 2021 and August 11, 2022 (the "Class Period"), Defendants Olo, Olo's founder and chief

executive officer Noah H. Glass ("Glass"), and Olo's chief financial officer Peter J. Benevides ("Benevides") made false and misleading statements and omissions regarding: (i) "active locations," one of Olo's "key business metrics," (ii) Olo's relationship with Subway restaurants, (iii) Olo's likelihood of success in the large-chain (*i.e.*, enterprise) restaurant market, and (iv) Olo's financial position and prospects. At the end of the Class Period, the Complaint alleges that Defendants' admission that Subway intended to terminate its relationship with Olo constituted a corrective disclosure and that the other undisclosed risks materialized that same day when Olo also announced flat active locations growth in the second quarter of 2022 and a reduction in full year 2022 earnings guidance. The Complaint alleges that, as a result, the price of Olo's Class A common stock declined sharply the following day, damaging investors who purchased or otherwise acquired Olo's Class A common stock during the Class Period. This Action alleges that, based on the foregoing circumstances, Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have expressly denied, and continue to deny, that they have committed any act or omission giving rise to any liability under Sections 10(b) or 20(a) of the Exchange Act. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Class Representative in the Action including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Class Representative or the Class Members have suffered any damages, that Defendants made any material misrepresentations or omissions, or that Class Representative or the Class Members were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

On September 26, 2023, the Court issued a "bottom-line" order sustaining the Complaint's "active locations" allegations against Olo and Glass, and dismissing the Complaint's Subway, enterprise, and financial prospects allegations, as well as dismissing the remaining Section 10(b) claim against Defendant Benevides. The Court confirmed its ruling on December 1, 2023, in a full order.

On December 1, 2023, the Court also issued a "bottom-line" order granting STA-ILA's class certification motion, appointing STA-ILA as Class Representative and Scott+Scott Attorneys at Law LLP as Class Counsel.

Throughout the course of the Action, the Parties (i) took 18 depositions, including 11 depositions of current and former Olo employees, two depositions of representatives of STA-ILA, a deposition of a representative of STA-ILA's investment manager, and four depositions of the Parties' experts, (ii) filed or exchanged eight expert reports on market efficiency, loss causation, damages, trends in the enterprise restaurant market, and information available to Olo's investors, and (iii) produced and/or reviewed over 100,000 documents (consisting of approximately 530,000 pages of material).

The Parties agreed to attend an in-person mediation session conducted by a third-party neutral, experienced mediator, Robert A. Meyer, Esq. of JAMS (the "Mediator").  Class Representative and Defendants submitted and exchanged mediation statements summarizing their respective positions.  The mediation session was held on July 6, 2023.  While the Parties did not reach an agreement to settle the Action at the mediation, they continued their negotiations through the Mediator.  On Friday, December 15, 2023, the Mediator issued a "mediator's proposal" to settle the Action for $9,000,000, which the Parties thereafter accepted.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO CLASS REPRESENTATIVE OR THE CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LAWSUIT OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PENDENCY OF THE ACTION AND PROPOSED SETTLEMENT THEREOF AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

If you purchased or otherwise acquired Class A common stock of Olo between March 17, 2021 and August 11, 2022, inclusive, you may be a Class Member.  As set forth in the Stipulation, excluded from the Class are Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

If you are not sure if you are a Class Member, you can ask for free help.  You can contact the Claims Administrator at 1-833-462-3513 or Jeffrey P. Jacobson, a representative of Class Counsel, at 1-800-332-2259. You can also fill out and return the Proof of Claim enclosed with this Notice.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice, as directed herein.

**WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?**

The Settlement, if approved, will result in the creation of a cash settlement fund of $9,000,000 (the "Settlement Amount").  The Settlement Amount, plus accrued interest (the "Settlement Fund") and minus the costs of this Notice and all costs associated with the administration of the Settlement, as well as any attorneys' fees and expenses that may be approved by the Court (the "Net Settlement Fund"), will be distributed to Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

Class Representative estimates that the average recovery under the Settlement is roughly $0.09 per allegedly damaged share before notice and administration costs and the attorneys' fee

and expense awards as determined by the Court.  Should the Court award attorneys' fees of up to 25 percent of the Settlement Fund (or $2,250,000), Class Counsel's expenses of up to $750,000, an award to the Class Representative up to $50,000, and the estimated cost of notice and administration of the Settlement of approximately $250,000, the average per share recovery after those fees, expenses, and costs would be roughly $0.057 per allegedly damaged share.  These are just estimates.  Additionally, a Class Member's actual recovery will be a pro rata proportion of the Net Settlement Fund determined by that Claimant's recognized claim as compared to the total recognized claims submitted.  An individual Class Member may also receive more or less depending on the value of claims submitted by all Class Members, and on whether the individual's shares were held or sold, and, if sold, when they were sold and the amount received.  *See* the Plan of Allocation below for more information on how claims are calculated.

**WHAT IS THE PROPOSED PLAN OF ALLOCATION?**

Class Counsel conferred with its damages experts in developing the Plan of Allocation, which determines the amount that an Authorized Claimant may recover.  The calculation of claims is not an estimate of actual damages or the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

Publicly tradable shares of the Class A common stock of Olo Inc. ("Olo") purchased or otherwise acquired on or after March 17, 2021[2] and on or before August 11, 2022 (collectively, the "Eligible Shares") are potentially eligible for damages.  Shares deemed purchased and sold on the same day shall not be eligible for damages.  The damages for each purchased share will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth below.  The total number of damaged Eligible Shares is estimated to be no more than approximately 100 million.  The gross recovery is expected to be at least $0.09 per share.

### A.    Calculation of Recognized Losses on Eligible Shares

For each Eligible Share purchased or otherwise acquired from March 17, 2021 through August 11, 2022, inclusive, the Recognized Loss for each such share shall be calculated as follows. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

1.    For Eligible Shares sold before August 12, 2022, the Recognized Loss shall be zero.

---

[2]    On March 19, 2021, Olo completed an initial public offering ("IPO") and issued 20,700,000 shares of Class A common stock.  Olo's Class A common stock began trading on the New York Stock Exchange ("NYSE") on March 17, 2021 under the ticker symbol "OLO."  *See* Olo's Form 10-K filed with the SEC on February 25, 2022 at 46, 77.  No Class B common stockholder – regardless of whether they converted their Class B common stock into Class A common stock during the Class Period – is eligible for recovery on their converted Class B shares.

2. For Eligible Shares sold on or after August 12, 2022, but on or before November 9, 2022, the Recognized Loss for each share will be the lesser of:

   a. 30.7% multiplied by the price paid on the date of purchase/acquisition ("Purchase Price"), rounded to the nearest cent;[3]

   b. $3.99;[4]

   c. the Purchase Price minus the greater of (i) the price realized on the date of sale (the "Sales Price") or (ii) the Look-Back Average Price as set forth in Table A below.[5]

3. For Eligible Shares still held as of the market close on November 9, 2022, the Recognized Loss will be the lesser of:

   a. 30.7% multiplied by the price paid on the date of purchase/acquisition ("Purchase Price"), rounded to the nearest cent;

   b. $3.99; or

   c. the Purchase Price minus $8.03.[6]

---

[3]    30.7% is the estimated alleged artificial inflation as a percent of the stock price throughout the Class Period.

[4]    $3.99 is the estimated maximum recoverable alleged artificial inflation per share based on the price decline related to the allegations.

[5]    This is a loss limitation pursuant to the Private Securities Litigation Reform Act of 1995.

[6]    This is the 90-day Look-Back Average Price, as set forth in Table A, as of November 9, 2022.

**Table A:  Look-Back Average Price Table for Loss Limitations**

| Date | Look-Back Average Price | Date | Look-Back Average Price | Date | Look-Back Average Price |
|---|---|---|---|---|---|
| 8/12/2022 | $8.26 | 9/13/2022 | $7.91 | 10/12/2022 | $7.93 |
| 8/15/2022 | $8.33 | 9/14/2022 | $7.92 | 10/13/2022 | $7.93 |
| 8/16/2022 | $8.26 | 9/15/2022 | $7.92 | 10/14/2022 | $7.92 |
| 8/17/2022 | $8.08 | 9/16/2022 | $7.92 | 10/17/2022 | $7.93 |
| 8/18/2022 | $8.03 | 9/19/2022 | $7.92 | 10/18/2022 | $7.93 |
| 8/19/2022 | $7.95 | 9/20/2022 | $7.93 | 10/19/2022 | $7.93 |
| 8/22/2022 | $7.91 | 9/21/2022 | $7.93 | 10/20/2022 | $7.94 |
| 8/23/2022 | $7.91 | 9/22/2022 | $7.92 | 10/21/2022 | $7.94 |
| 8/24/2022 | $7.92 | 9/23/2022 | $7.92 | 10/24/2022 | $7.94 |
| 8/25/2022 | $7.92 | 9/26/2022 | $7.92 | 10/25/2022 | $7.95 |
| 8/26/2022 | $7.90 | 9/27/2022 | $7.92 | 10/26/2022 | $7.97 |
| 8/29/2022 | $7.89 | 9/28/2022 | $7.92 | 10/27/2022 | $7.98 |
| 8/30/2022 | $7.88 | 9/29/2022 | $7.92 | 10/28/2022 | $8.00 |
| 8/31/2022 | $7.88 | 9/30/2022 | $7.92 | 10/31/2022 | $8.01 |
| 9/1/2022 | $7.86 | 10/3/2022 | $7.91 | 11/1/2022 | $8.03 |
| 9/2/2022 | $7.84 | 10/4/2022 | $7.92 | 11/2/2022 | $8.04 |
| 9/6/2022 | $7.83 | 10/5/2022 | $7.92 | 11/3/2022 | $8.04 |
| 9/7/2022 | $7.83 | 10/6/2022 | $7.93 | 11/4/2022 | $8.04 |
| 9/8/2022 | $7.86 | 10/7/2022 | $7.93 | 11/7/2022 | $8.04 |
| 9/9/2022 | $7.89 | 10/10/2022 | $7.93 | 11/8/2022 | $8.04 |
| 9/12/2022 | $7.91 | 10/11/2022 | $7.92 | 11/9/2022 | $8.03 |

**B.        Additional Provisions Relating to the Calculation of Recognized Losses**

For Class Members who made multiple purchases (and/or acquisitions) and/or sales of Olo's Class A common stock during the Class Period, the First-In, First-Out ("FIFO") method will be applied to purchases (and/or acquisitions) and sales for purposes of calculating a claim.  Under the FIFO method, sales of Olo's Class A common shares during the Class Period, and through the 90-day period following the end of the Class Period, will be matched in chronological order against Olo's Class A common stock purchased or otherwise acquired during the Class Period.

The date of purchase/acquisition or date of sale is the "contract" or "trade" date as distinguished from the "settlement" date.  All purchase, acquisition, and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of Olo's Class A common stock during the Class Period shall not be deemed a purchase or sale of such shares for the calculation of a Claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment, or if the donor or decedent purchased or otherwise acquired such Olo Class A common shares during the Class Period and no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or anyone else with respect to such Olo Class A common shares.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase/acquisition of Olo's Class A common stock.  The date of a "short sale" is deemed to be the date of sale.  The Recognized Loss on "short sales" is zero.

Option contracts are not securities eligible to participate in the Settlement. With respect to Olo's Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of the Olo's Class A common stock is the exercise date of the option, and the purchase/sale price of the Olo's Class A common stock is the exercise price of the option.

### C.    Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their Eligible Shares, as determined in accordance with §§A and B above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Olo's Class A common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement. For the purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Sales Proceeds[8] and the Claimant's Holding Value.[9]

To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Olo's Class A common stock purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until the Court has (a) approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of this or any other plan of

---

[7]    The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all of Olo's Class A common stock purchased (and/or acquired) during the Class Period (excluding Class A common stock acquired through the conversion of Class B common stock).

[8]    The total amount received for sales of Olo's Class A common stock sold during the Class Period is the "Sales Proceeds." Sales of Olo's Class A common stock that had been converted from Olo's Class B common stock shall not be included in the methodology for calculating "Sales Proceeds."

[9]    For each Olo's Class A common stock purchased (and/or acquired) – except through conversion of Class B common stock – during the Class Period that was still held as of the close of trading at the end of the Class Period, the Claims Administrator shall ascribe a "Holding Value" of $8.26.

allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

## MUST I CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim to the address designated on the Proof of Claim form accompanying this Notice, you need not contact Class Counsel. If you did not receive this Notice by mail but believe you should have, or if your address changes, please contact the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
1-833-462-3513
info@olosecuritieslitigation.com
www.OloSecuritiesLitigation.com

## THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Court has not reached any final decisions regarding the merits of the claims or defenses asserted in the Action. Instead, the Class Representative and Defendants have agreed to this Settlement, which was reached with the substantial assistance of Robert A. Meyer, Esq., a highly experienced mediator of complex class actions. In reaching the Settlement, the Parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Class Representative and the Class would face an uncertain outcome if they did not agree to the Settlement. The Parties expected that the case could

continue for an intense and longer period of time, delaying any possible recovery for the Class. Continuation of the case against Defendants could result in a judgment greater than this Settlement.  Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Class Representative and Class Counsel believe that this Settlement is fair and reasonable to the Members of the Class.  They have reached this conclusion for several reasons.  Specifically, if the Settlement is approved, the Class will receive a significant monetary recovery.  Additionally, Class Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are an excellent result for the Class.

**WHO REPRESENTS THE CLASS?**

The law firm of Scott+Scott Attorneys at Law LLP represents you and other Class Members.  These lawyers are called Class Counsel.  These lawyers will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund; you will not be otherwise charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**HOW WILL CLASS COUNSEL BE PAID?**

Class Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing.  Class Counsel will apply for an award not to exceed 25 percent of the Settlement Fund, plus payment of expenses incurred in connection with the Action in an amount not to exceed $750,000.  In addition, Class Representative may seek an award of up to $50,000 for its time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Class Counsel has committed significant time and expenses in litigating this case for the benefit of the Class.  To date, Class Counsel have not been paid for their services in conducting this Action on behalf of the Class Representative and the Class, or for their expenses.  The fees requested will compensate Class Counsel for their work in achieving the Settlement.  The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Class Counsel.

**CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Class.  This is called excluding yourself from, or "opting out" of, the Class.

10

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from the Class in the following action: *Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.).  Be sure to include your name, address, e-mail address, telephone number, and sign the letter.  Exclusion requests must also state the date, price, and number of shares of Olo's Class A common stock purchased or otherwise acquired. (You must also maintain your transaction records as you may be requested to submit them at a later date.) Your exclusion request must be postmarked no later than _____, 2024 and sent to the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
Kroll Settlement Administration
Attn: EXCLUSIONS
PO Box 5324
New York, NY 10150-5324

You cannot exclude yourself by phone or by e-mail.  If you make a proper request for exclusion, you will not receive a Settlement payment, and you cannot object to the Settlement.  If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit.  If you wish to be excluded from the Settlement Class, submit a request for exclusion only and do not submit an objection to the Settlement.  If you do submit both a request for exclusion and an objection to the Settlement, your objection will be disregarded.

**CAN I OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND/OR PAYMENT TO CLASS REPRESENTATIVE?**

Yes.  If you are a Class Member, you may object to the terms of the Settlement.  Whether or not you object to the terms of the Settlement, you may also object to the Plan of Allocation, requested attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for its time and expenses.  To object, you must write to the Court setting out your objection in the case known as *STA-ILA v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.), stating why you think the Court should not approve any part or all of the Settlement, the proposed Plan of Allocation, the requested attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for its time and expenses.  You must include your name, address, telephone number, and your signature; include documents sufficient to prove your membership in the Class, such as number of shares of Olo's Class A common stock purchased or otherwise acquired, as well as the dates and prices of each such purchase or acquisition during the Class Period.  Your letter must also state the specific reasons why you object, including any legal or evidentiary support for your objection.  Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class.

Your objection must be filed with the United States District Court for the Southern District of New York by hand or by mail at the address listed below such that it is **received on or before _____, 2024**, at the address set forth below.  You must also serve the papers on Class Counsel

11

and Defendants' Counsel at the addresses set forth below so that the papers are **received on or before _____, 2024**.

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Southern District of New York 500 Pearl Street Courtroom 14B New York, NY 10007 | Amanda F. Lawrence Jeffrey P. Jacobson Scott+Scott Attorneys at Law LLP The Helmsley Building 230 Park Ave., 17th Fl. New York, New York 10169 | Jennifer B. Luz Katherine G. McKenney Goodwin Procter LLP 100 Northern Avenue Boston, Massachusetts 02210 |

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear separately at the Settlement Hearing or to make any objection to the Settlement, the proposed Plan of Allocation, the application for attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for their time and expenses.

If you hire an attorney (at your own expense) to represent you for purpose of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the addresses set out above) by no later than _____, 2024.

**WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?**

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, Class Counsel's request for an award of attorneys' fees and expenses, or an award to the Class Representative for its time and expenses. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class, or participate in the recovery. If you exclude yourself, you have no basis to object because the case no longer applies to you.

**HOW CAN I GET A PAYMENT?**

In order to qualify for a payment, you must timely submit a Proof of Claim. A Proof of Claim is enclosed with this Notice, and it may also be downloaded at www.OloSecuritiesLitigation.com, or you can request a Proof of Claim by contacting the Claims Administrator or Class Counsel as set forth herein. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it or submit it online so that it is postmarked (if mailed) or received (if emailed or filed electronically) no later than _____, 2024. The Proof of Claim may be submitted online at www.OloSecuritiesLitigation.com, emailed to info@olosecuritieslitigation.com, and the address for mailing the proof of claim is:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324

If you do not submit a valid Proof of Claim, you will not receive a payment from the Net Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the releases contained in them.

**WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants relating to securities claims involving the purchase or otherwise acquisition of Olo's Class A common stock at issue in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will fully, finally, and forever release the Releasing Class Representative's Claims in this case against the Released Defendant Parties.

"Released Claims" means all Released Defendants' Claims and all Releasing Class Representative's Claims.

"Releasing Class Representative's Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), whether arising under federal, state, common, or foreign law by the Releasing Class Representative Parties against any of the Released Defendant Parties that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of Olo's Class A common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Releasing Class Representative's Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims in any pending derivative litigation, including, without limitation, *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass, et al.*, C.A. No. 2024-0025 (Del. Ch.); and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

"Releasing Class Representative Parties" means each and every Settlement Class Member, Class Representative, Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Spouses, members of the immediate families, representatives, and heirs of any Releasing Class Representative Party who is an individual, as well as any trust of which any Releasing Class Representative Party is the settlor or which is for the benefit of any of

13

their immediate family members.  Releasing Class Representative Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

"Released Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Defendants could have asserted against the Releasing Class Representative Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

"Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors, and predecessors, assigns, officers, directors, controlling shareholders, underwriters, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, accountants, auditors, financial or investment advisors or consultants, insurers; the Spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

"Released Claims" means the Releasing Class Representative's Claims and the Released Defendants' Claims.

"Released Parties" means the Released Defendant Parties and the Releasing Class Representative Parties.

"Releasing Parties" means each of the parties releasing a claim, as defined in the Stipulation.

The above description of the proposed Settlement is only a summary.  The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.OloSecuritiesLitigation.com, or by contacting Class Counsel listed on Page 4.  In the event of any inconsistency between this notice and the Stipulation, the terms of the Stipulation control.

**THE SETTLEMENT FAIRNESS HEARING**

The Court will hold a Settlement Fairness Hearing on _____, 2024, at _____ a.m./p.m., before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14B New York, NY 10007-1312, for the purpose of determining whether: (1) the Settlement of the Action for $9,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) to award Class Counsel attorneys' fees and expenses out of the Settlement Fund; (3) to pay the Class Representative for its time and expenses incurred in representing the Class; (4) the Plan of Allocation should be approved by the Court; and (5) to enter the final Judgment as provided under the Stipulation.  The Court may adjourn or continue the Settlement Fairness Hearing without

further notice to Members of the Class.  If you want to attend the hearing, you should check with Class Counsel or the settlement website beforehand to be sure that the date and/or time have not changed.

Any Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters.

**HOW DO I OBTAIN ADDITIONAL INFORMATION?**

This Notice contains only a summary of the terms of the proposed Settlement.  The records in this Action may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the Southern District of New York.  In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim, and proposed Judgment may be obtained on the settlement website, www.OloSecuritiesLitigation.com, or by contacting the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
1-833-462-3513
info@olosecuritieslitigation.com

In addition, you may contact Jeffrey P. Jacobson at Scott+Scott Attorneys at Law LLP, 230 Park Ave., Fl. 17, New York, NY 10169, 1-800-332-2259, if you have any questions about the Action or the Settlement or want to obtain Settlement documents.

**DO NOT WRITE TO, OR TELEPHONE, THE COURT FOR INFORMATION**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

If you held any Olo Class A common stock, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by email or First-Class Mail to all such Persons; or (2) provide a list of the names, addresses, and/or email addresses of such Persons to the Claims Administrator:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
info@olosecuritieslitigation.com

15

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Notice and Proof of Claim and Release mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice and Proof of Claim and Release sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator.

DATED: _____, 2024        BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT FOR THE
                                         SOUTHERN DISTRICT OF NEW YORK