# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>Judge: Hon. Jed S. Rakoff<br>Date: June 10, 2024<br>Time: 4:00 PM |

**DECLARATION OF ROBERT CORMIO REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, ROBERT CORMIO, declare and state as follows:

1. I am employed as a Senior Director by Kroll Settlement Administration ("Kroll"), located at 2000 Market St., Suite 2700, Philadelphia, PA 19103. The following statements are based on my personal knowledge and information provided to me by other Kroll employees and, if called to testify, I could and would do so competently.

2. Pursuant to this Court's February 20, 2024 Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), Kroll was appointed as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims in connection with the proposed Settlement of the above-captioned action (the

"Action").[1] I oversaw the notice services that Kroll provided in accordance with the Preliminary Approval Order.

3. I submit this declaration in order to provide the Court and the parties to the Action with information regarding: (i) mailing of the Court-approved Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release Form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as **Exhibit A**); (ii) publication of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this settlement; and (iv) an update regarding requests for exclusion from and objections to the Settlement Class, received by Kroll to date.

**DISSEMINATION OF THE CLAIM PACKAGE**

4. Kroll is responsible for disseminating the Claim Package to potential Settlement Class Members in this Action. By definition, Class Members are all persons and entities that purchased or otherwise acquired shares of Olo's Class A common stock between March 17, 2021 and August 11, 2022, inclusive, and who were damaged thereby, excluding any of the Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest. Also excluded will be any person who validly requests exclusion from the Class.

5. On March 7, 2024, Kroll mailed 179 Claim Packages, via First-Class Mail, postage prepaid, to a list of names and addresses of potential Settlement Class Members that Defendants had provided to Kroll.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated January 16, 2024 (ECF No. 115-1).

6. That same day, March 7, 2024, Kroll mailed, via First-Class Mail, 1,477 Claim Packages to brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities. The Nominee Holders also include a group of filers/institutions who have requested notification of previous securities cases. These Nominee Holders are included in a proprietary database created and maintained by Kroll. In Kroll's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities. In the four decades that Kroll has been providing notice and claims administration services in securities class actions, Kroll has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders.

7. Additionally, on that same day, March 7, 2024, Kroll emailed the Nominee Holders to notify them of the pendency of this Action as a class action (for settlement purposes) and proposed Settlement, and informed each entity of its obligation to either provide the names and addresses of its customers and clients who may be Settlement Class Members, or request copies of the Claim Package to provide directly to its customers and clients who may be Settlement Class Members. Thereafter, Kroll mailed, via First-Class Mail, postage prepaid, to 8,913 potential Settlement Class Members identified by Nominee Holders and sent 13,340 Claim Packages directly to the Nominee Holders that indicated that they would directly forward the documents to their customers and clients who may be Settlement Class Members.

8. All names and addresses obtained by Kroll were reviewed to identify and eliminate exact duplicates and incomplete data prior to mailing. Addresses were checked against the USPS's National Change of Address database to identify address changes and obtain current mailing addresses where available. In addition, Kroll received 991 Claim Packages returned by the USPS

with an undeliverable address.  Through credit bureau and/or other public-source databases, Kroll performed address searches for these undeliverable Claim Packages and was able to find updated addresses for 437 Settlement Class Members.  Kroll promptly re-mailed these Claim Packages to the updated addresses.

9.      As part of the notice program for this Settlement, on March 7, 2024, Kroll also delivered electronic copies of the Claim Package, via email, to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS").  LENS enables the participating bank and broker nominees to review the Claim Package and contact Kroll for copies of the Claim Package for their beneficial holders.

10.      On March 14, 2024, Kroll emailed the Nominee Holders a second time to remind them of the pendency of this Action as a class action (for settlement purposes) and proposed Settlement, and reminded each entity of its obligation to either provide the names and addresses of its customers and clients who may be Settlement Class Members, or request copies of the Claim Package to provide directly to its customers and clients who may be Settlement Class Members. Additionally, on April 9, 2024, Kroll sent a further reminder email to Nominee Holders to inform them of this obligation.

11.      As of May 6, 2024, Kroll has mailed a total of 24,346 Claim Packages to potential Settlement Class Members and Nominee Holders.  Further, upon information and belief, one institution – Broadridge – sent 31,856 email notifications containing links to the Notice to customers that had previously elected to receive notification of potential settlements via email.  As set forth in the Claim Package, Summary Notice, and Settlement website, Settlement Class Members have until July 9, 2024, to return their Proofs of Claims.

**PUBLICATION OF THE SUMMARY NOTICE**

12. In accordance with the Preliminary Approval Order, on March 14, 2024, Kroll caused the Summary Notice to be published in *The Wall Street Journal* and transmitted over *Business Wire*, as shown in the confirmations of publication, attached hereto as **Exhibit B**.

**TELEPHONE HELPLINE AND WEBSITE**

13. On March 7, 2024, Kroll established, and continues to maintain, a case-specific, toll-free telephone helpline (1-833-462-3513) to accommodate potential Settlement Class Member inquiries. The toll-free number was set forth in the Claim Package and Summary Notice and is posted on the Settlement website for the Action. Kroll has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

14. On March 7, 2024, Kroll established, and continues to maintain, a website dedicated to this Settlement (www.OloSecuritiesLitigation.com) to provide additional information to potential Settlement Class Members and to provide answers to frequently asked questions. The web address was set forth in the Claim Package and the Summary Notice. The website includes information regarding the Action and the Settlement, including the exclusion, objection, and claim-filing deadlines, and the date, time, and location of the Court's Settlement Hearing. Copies of the Notice, Proof of Claim, Stipulation, and Preliminary Approval Order are posted on the website and are available for downloading. Settlement Class Members can also complete and submit a Proof of Claim through the website.

**EXCLUSION REQUESTS & OBJECTIONS**

15. The Notice informs potential Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed to *Olo Securities Settlement*, Claims

Administrator, c/o Kroll Settlement Administration, Attn: EXCLUSIONS, P.O. Box 5324, New York, New York 10150-5324, such that they are postmarked no later than May 20, 2024.

16. The Notice also informs potential Settlement Class Members that objections must be in writing and filed with the U.S. District Court for the Southern District of New York, by hand or by mail, such that it is postmarked on or before May 20, 2024, and that the objector must also serve the papers on Class Counsel and Defendants' Counsel such that they are postmarked on or before May 20, 2024. Should any potential Settlement Class Member erroneously forward his, her, or its objection to the Claims Administrator, the Claims Administrator will forward the objection to Class Counsel and the Court.

17. The Notice also sets forth the information that must be included in each request for exclusion or objection. Kroll has monitored, and will continue to monitor, all mail delivered to this address. As of the date of this declaration, Kroll has not received any requests for exclusion, and has not received any objections from Settlement Class Members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Northport, New York on May 6, 2024.

Robert Cormio

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically provide notice to all counsel of record.

*s/ Amanda F. Lawrence*
Amanda F. Lawrence

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").[1]**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement of the above class action lawsuit (the "Settlement") for $9,000,000 in cash, which Class Members may be eligible to participate in, and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation. The Stipulation is by and between: (i) Class Representative Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("STA-ILA" or "Class Representative"), on behalf of itself and each of the Class Members, by and through its counsel of record; and (ii) Defendants Olo, Noah H. Glass ("Glass"), and Peter J. Benevides ("Benevides"), by and through their respective counsel of record in the above-captioned action (the "Action"). Upon and subject to the terms and conditions hereof, Class Representative, on behalf of itself and the Class, on the one hand, and each of the Defendants, on the other hand (collectively, "Settling Parties"), intend this Settlement to be a final and complete resolution of all disputes

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated January 16, 2024 (the "Stipulation"), which is available on the website for the Action at www.OloSecuritiesLitigation.com.

between the Settling Parties with respect to the Action. This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT** | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM FORM POSTMARKED (IF MAILED) OR RECEIVED (IF FILED VIA EMAIL OR ONLINE) NO LATER THAN JULY 9, 2024.** | The only way to get a payment. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN MAY 20, 2024.** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants and the Released Parties relating to this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN MAY 20, 2024.** | Write to the Court about why you don't like the Settlement. |
| **ATTEND THE SETTLEMENT FAIRNESS HEARING ON JUNE 10, 2024 AT 4:00 P.M.** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING.** | Get no payment. Give up your rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Authorized Claimants, in accordance with the Plan of Allocation set forth below, if the Court approves the Settlement and, if there are any appeals, after the appeals are resolved. Please be patient.

## WHAT IS THIS LAWSUIT ABOUT?

### The Allegations and Status of the Case

Olo is a restaurant technology company that helps connect individual restaurant locations to consumers directly via restaurant-branded mobile applications and websites and indirectly via third-party applications. On August 9, 2023, STA-ILA filed the Second Amended Class Action Complaint for Violations of Federal Securities Laws ("Complaint"), alleging that between March 17, 2021 and August 11, 2022 (the "Class Period"), Defendants Olo, Olo's founder and chief executive officer Noah H. Glass ("Glass"), and Olo's chief financial officer Peter J. Benevides ("Benevides") made false and misleading statements and omissions regarding: (i) "active locations," one of Olo's "key business metrics," (ii) Olo's relationship with Subway restaurants, (iii) Olo's likelihood of success in the large-chain (*i.e.*, enterprise) restaurant market, and (iv) Olo's financial position and prospects. At the end of the Class Period, the Complaint alleges that

Defendants' admission that Subway intended to terminate its relationship with Olo constituted a corrective disclosure and that the other undisclosed risks materialized that same day when Olo also announced flat active locations growth in the second quarter of 2022 and a reduction in full year 2022 earnings guidance. The Complaint alleges that, as a result, the price of Olo's Class A common stock declined sharply the following day, damaging investors who purchased or otherwise acquired Olo's Class A common stock during the Class Period. This Action alleges that, based on the foregoing circumstances, Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have expressly denied, and continue to deny, that they have committed any act or omission giving rise to any liability under Sections 10(b) or 20(a) of the Exchange Act. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Class Representative in the Action including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied, and continue to deny, among other allegations, the allegations that Class Representative or the Class Members have suffered any damages, that Defendants made any material misrepresentations or omissions, or that Class Representative or the Class Members were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

On September 26, 2023, the Court issued a "bottom-line" order sustaining the Complaint's "active locations" allegations against Olo and Glass, and dismissing the Complaint's Subway, enterprise, and financial prospects allegations, as well as dismissing the remaining Section 10(b) claim against Defendant Benevides. The Court confirmed its ruling on December 1, 2023, in a full order.

On December 1, 2023, the Court also issued a "bottom-line" order granting STA-ILA's class certification motion, appointing STA-ILA as Class Representative and Scott+Scott Attorneys at Law LLP as Class Counsel.

Throughout the course of the Action, the Parties (i) took 18 depositions, including 11 depositions of current and former Olo employees, two depositions of representatives of STA-ILA, a deposition of a representative of STA-ILA's investment manager, and four depositions of the Parties' experts, (ii) filed or exchanged eight expert reports on market efficiency, loss causation, damages, trends in the enterprise restaurant market, and information available to Olo's investors, and (iii) produced and/or reviewed over 100,000 documents (consisting of approximately 530,000 pages of material).

The Parties agreed to attend an in-person mediation session conducted by a third-party neutral, experienced mediator, Robert A. Meyer, Esq. of JAMS (the "Mediator"). Class Representative and Defendants submitted and exchanged mediation statements summarizing their respective positions. The mediation session was held on July 6, 2023. While the Parties did not reach an agreement to settle the Action at the mediation, they continued their negotiations through the Mediator. On Friday, December 15, 2023, the Mediator issued a "mediator's proposal" to settle the Action for $9,000,000, which the Parties thereafter accepted.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO CLASS REPRESENTATIVE OR THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LAWSUIT OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PENDENCY OF THE ACTION AND PROPOSED SETTLEMENT THEREOF AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

If you purchased or otherwise acquired Class A common stock of Olo between March 17, 2021 and August 11, 2022, inclusive, you may be a Class Member. As set forth in the Stipulation, excluded from the Class are Defendants, Olo's officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

If you are not sure if you are a Class Member, you can ask for free help. You can contact the Claims Administrator at 1-833-462-3513 or Jeffrey P. Jacobson, a representative of Class Counsel, at 1-800-332-2259. You can also fill out and return the Proof of Claim enclosed with this Notice.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice, as directed herein.

**WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?**

The Settlement, if approved, will result in the creation of a cash settlement fund of $9,000,000 (the "Settlement Amount"). The Settlement Amount, plus accrued interest (the "Settlement Fund") and minus the costs of this Notice and all costs associated with the administration of the Settlement, as well as any attorneys' fees and expenses that may be approved by the Court (the "Net Settlement Fund"), will be distributed to Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

Class Representative estimates that the average recovery under the Settlement is roughly $0.09 per allegedly damaged share before notice and administration costs and the attorneys' fee and expense awards as determined by the Court. Should the Court award attorneys' fees of up to 25 percent of the Settlement Fund (or $2,250,000), Class Counsel's expenses of up to $750,000, an award to the Class Representative up to $50,000, and the estimated cost of notice and administration of the Settlement of approximately $250,000, the average per share recovery after those fees, expenses, and costs would be roughly $0.057 per allegedly damaged share. These are just estimates. Additionally, a Class Member's actual recovery will be a pro rata proportion of the Net Settlement Fund determined by that Claimant's recognized claim as compared to the total recognized claims submitted. An individual Class Member may also receive more or less depending on the value of claims submitted by all Class Members, and on whether the individual's shares were held or sold,

and, if sold, when they were sold and the amount received. *See* the Plan of Allocation below for more information on how claims are calculated.

**WHAT IS THE PROPOSED PLAN OF ALLOCATION?**

Class Counsel conferred with its damages experts in developing the Plan of Allocation, which determines the amount that an Authorized Claimant may recover. The calculation of claims is not an estimate of actual damages or the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

Publicly tradable shares of the Class A common stock of Olo Inc. ("Olo") purchased or otherwise acquired on or after March 17, 2021[2] and on or before August 11, 2022 (collectively, the "Eligible Shares") are potentially eligible for damages. Shares deemed purchased and sold on the same day shall not be eligible for damages. The damages for each purchased share will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth below. The total number of damaged Eligible Shares is estimated to be no more than approximately 100 million. The gross recovery is expected to be at least $0.09 per share.

**A. Calculation of Recognized Losses on Eligible Shares**

For each Eligible Share purchased or otherwise acquired from March 17, 2021 through August 11, 2022, inclusive, the Recognized Loss for each such share shall be calculated as follows. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

1. For Eligible Shares sold before August 12, 2022, the Recognized Loss shall be zero.
2. For Eligible Shares sold on or after August 12, 2022, but on or before November 9, 2022, the Recognized Loss for each share will be the lesser of:
    a. 30.7% multiplied by the price paid on the date of purchase/acquisition ("Purchase Price"), rounded to the nearest cent;[3]
    b. $3.99;[4]

[2] On March 19, 2021, Olo completed an initial public offering ("IPO") and issued 20,700,000 shares of Class A common stock. Olo's Class A common stock began trading on the New York Stock Exchange ("NYSE") on March 17, 2021 under the ticker symbol "OLO." *See* Olo's Form 10-K filed with the SEC on February 25, 2022 at 46, 77. No Class B common stockholder – regardless of whether they converted their Class B common stock into Class A common stock during the Class Period – is eligible for recovery on their converted Class B shares.

[3] 30.7% is the estimated alleged artificial inflation as a percent of the stock price throughout the Class Period.

[4] $3.99 is the estimated maximum recoverable alleged artificial inflation per share based on the price decline related to the allegations.

    c. the Purchase Price minus the greater of (i) the price realized on the date of sale (the "Sales Price") or (ii) the Look-Back Average Price as set forth in Table A below.[5]

3. For Eligible Shares still held as of the market close on November 9, 2022, the Recognized Loss will be the lesser of:

a. 30.7% multiplied by the price paid on the date of purchase/acquisition ("Purchase Price"), rounded to the nearest cent;

b. $3.99; or

c. the Purchase Price minus $8.03.[6]

**Table A: Look-Back Average Price Table for Loss Limitations**

| Date | Look-Back Average Price | Date | Look-Back Average Price | Date | Look-Back Average Price |
|---|---|---|---|---|---|
| 8/12/2022 | $8.26 | 9/13/2022 | $7.91 | 10/12/2022 | $7.93 |
| 8/15/2022 | $8.33 | 9/14/2022 | $7.92 | 10/13/2022 | $7.93 |
| 8/16/2022 | $8.26 | 9/15/2022 | $7.92 | 10/14/2022 | $7.92 |
| 8/17/2022 | $8.08 | 9/16/2022 | $7.92 | 10/17/2022 | $7.93 |
| 8/18/2022 | $8.03 | 9/19/2022 | $7.92 | 10/18/2022 | $7.93 |
| 8/19/2022 | $7.95 | 9/20/2022 | $7.93 | 10/19/2022 | $7.93 |
| 8/22/2022 | $7.91 | 9/21/2022 | $7.93 | 10/20/2022 | $7.94 |
| 8/23/2022 | $7.91 | 9/22/2022 | $7.92 | 10/21/2022 | $7.94 |
| 8/24/2022 | $7.92 | 9/23/2022 | $7.92 | 10/24/2022 | $7.94 |
| 8/25/2022 | $7.92 | 9/26/2022 | $7.92 | 10/25/2022 | $7.95 |
| 8/26/2022 | $7.90 | 9/27/2022 | $7.92 | 10/26/2022 | $7.97 |
| 8/29/2022 | $7.89 | 9/28/2022 | $7.92 | 10/27/2022 | $7.98 |
| 8/30/2022 | $7.88 | 9/29/2022 | $7.92 | 10/28/2022 | $8.00 |
| 8/31/2022 | $7.88 | 9/30/2022 | $7.92 | 10/31/2022 | $8.01 |
| 9/1/2022 | $7.86 | 10/3/2022 | $7.91 | 11/1/2022 | $8.03 |
| 9/2/2022 | $7.84 | 10/4/2022 | $7.92 | 11/2/2022 | $8.04 |
| 9/6/2022 | $7.83 | 10/5/2022 | $7.92 | 11/3/2022 | $8.04 |
| 9/7/2022 | $7.83 | 10/6/2022 | $7.93 | 11/4/2022 | $8.04 |
| 9/8/2022 | $7.86 | 10/7/2022 | $7.93 | 11/7/2022 | $8.04 |
| 9/9/2022 | $7.89 | 10/10/2022 | $7.93 | 11/8/2022 | $8.04 |
| 9/12/2022 | $7.91 | 10/11/2022 | $7.92 | 11/9/2022 | $8.03 |

## B. Additional Provisions Relating to the Calculation of Recognized Losses

For Class Members who made multiple purchases (and/or acquisitions) and/or sales of Olo's Class A common stock during the Class Period, the First-In, First-Out ("FIFO") method will be applied to purchases (and/or acquisitions) and sales for purposes of calculating a claim. Under the FIFO method, sales of Olo's Class A common shares during the Class Period, and through the 90-day period following the end of the Class Period, will be matched in chronological order against Olo's Class A common stock purchased or otherwise acquired during the Class Period.

---

[5] This is a loss limitation pursuant to the Private Securities Litigation Reform Act of 1995.

[6] This is the 90-day Look-Back Average Price, as set forth in Table A, as of November 9, 2022.

The date of purchase/acquisition or date of sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Olo's Class A common stock during the Class Period shall not be deemed a purchase or sale of such shares for the calculation of a Claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment, or if the donor or decedent purchased or otherwise acquired such Olo Class A common shares during the Class Period and no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or anyone else with respect to such Olo Class A common shares.

For short sales, the date of covering a "short sale" is deemed to be the date of purchase/acquisition of Olo's Class A common stock. The date of a "short sale" is deemed to be the date of sale. The Recognized Loss on "short sales" is zero.

Option contracts are not securities eligible to participate in the Settlement. With respect to Olo's Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of the Olo's Class A common stock is the exercise date of the option, and the purchase/sale price of the Olo's Class A common stock is the exercise price of the option.

**C. Allocation of Net Settlement Proceeds Based on Recognized Losses**

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their Eligible Shares, as determined in accordance with §§A and B above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Olo's Class A common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement. For the purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Sales Proceeds[8] and the Claimant's Holding Value.[9]

To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Olo's Class A common stock purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all of Olo's Class A common stock purchased (and/or acquired) during the Class Period (excluding Class A common stock acquired through the conversion of Class B common stock).

[8] The total amount received for sales of Olo's Class A common stock sold during the Class Period is the "Sales Proceeds." Sales of Olo's Class A common stock that had been converted from Olo's Class B common stock shall not be included in the methodology for calculating "Sales Proceeds."

[9] For each Olo's Class A common stock purchased (and/or acquired) – except through conversion of Class B common stock – during the Class Period that was still held as of the close of trading at the end of the Class Period, the Claims Administrator shall ascribe a "Holding Value" of $8.26.

be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until the Court has (a) approved the Settlement and either this plan of allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of this or any other plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

**MUST I CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?**

No. If you have received this Notice and timely submit your Proof of Claim to the address designated on the Proof of Claim form accompanying this Notice, you need not contact Class Counsel. If you did not receive this Notice by mail but believe you should have, or if your address changes, please contact the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324

info@OloSecuritiesLitigation.com

1-833-462-3513

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED.**

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

**WHAT ARE THE REASONS FOR SETTLEMENT?**

The Court has not reached any final decisions regarding the merits of the claims or defenses asserted in the Action. Instead, the Class Representative and Defendants have agreed to this Settlement, which was reached with the substantial assistance of Robert A. Meyer, Esq., a highly experienced mediator of complex class actions. In reaching the Settlement, the Parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Class Representative and the Class would face an uncertain outcome if they did not agree to the Settlement. The Parties expected that the case could continue for an intense and longer period of time, delaying any possible recovery for the Class. Continuation of the case against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Class Representative and Class Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a significant monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are an excellent result for the Class.

**WHO REPRESENTS THE CLASS?**

The law firm of Scott+Scott Attorneys at Law LLP represents you and other Class Members. These lawyers are called Class Counsel. These lawyers will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund; you will not be otherwise charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

**HOW WILL CLASS COUNSEL BE PAID?**

Class Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing. Class Counsel will apply for an award not to exceed 25 percent of the Settlement Fund, plus payment of expenses incurred in connection with the Action in an amount not to exceed $750,000. In addition, Class Representative may seek an award of up to $50,000 for its time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Class Counsel has committed significant time and expenses in litigating this case for the benefit of the Class. To date, Class Counsel have not been paid for their services in conducting this Action on behalf of the Class Representative and the Class, or for their expenses. The fees requested will compensate Class Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Class Counsel.

**CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself from, or "opting out" of, the Class.

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from the Class in the following action: *Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.). Be sure to include your name, address, e-mail address, telephone number, and sign the letter. Exclusion requests must also state the date, price, and number of shares of Olo's Class A common stock purchased or otherwise acquired. (You must also maintain your transaction records as you may be requested to submit them at a later date.) Your exclusion request must be postmarked no later than May 20, 2024 and sent to the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
Attn: EXCLUSIONS
PO Box 5324
New York, NY 10150-5324

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a Settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit. If you wish to be excluded from the Settlement Class, submit a request for exclusion only and do not submit an objection to the Settlement. If you do submit both a request for exclusion and an objection to the Settlement, your objection will be disregarded.

**CAN I OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND/OR PAYMENT TO CLASS REPRESENTATIVE?**

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the Plan of Allocation, requested attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for its time and expenses. To object, you must write to the Court setting out your objection in the case known as *STA-ILA v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.), stating why you think the Court should not approve any part or all of the Settlement, the proposed Plan of Allocation, the requested attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for its time and expenses. You must include your name, address, telephone number, and your signature; include documents sufficient to prove your membership in the Class, such as number of shares of Olo's Class A common stock purchased or otherwise acquired, as well as the dates and prices of each such purchase or acquisition during the Class Period. Your letter must also state the specific reasons why you object, including any legal or evidentiary support for your objection. Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class.

Your objection must be filed with the United States District Court for the Southern District of New York by hand or by mail at the address listed below such that it is **postmarked on or before May 20, 2024**, at the address set forth below. You must also serve the papers on Class Counsel and Defendants' Counsel at the addresses set forth below so that the papers are **postmarked on or before May 20, 2024**.

| COURT | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for the Southern District of New York<br>500 Pearl Street<br>Courtroom 14B<br>New York, NY 10007 | Amanda F. Lawrence<br>Jeffrey P. Jacobson<br>Scott+Scott Attorneys at Law LLP<br>The Helmsley Building<br>230 Park Ave., 17th Fl.<br>New York, New York 10169 | Jennifer B. Luz<br>Katherine G. McKenney<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, Massachusetts 02210 |

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear separately at the Settlement Hearing or to make any objection to the Settlement, the proposed Plan of Allocation, the application for attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for their time and expenses.

If you hire an attorney (at your own expense) to represent you for purpose of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the addresses set out above) by no later than May 20, 2024.

**WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?**

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, Class Counsel's request for an award of attorneys' fees and expenses, or an award to the Class Representative for its time and expenses. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class, or participate in the recovery. If you exclude yourself, you have no basis to object because the case no longer applies to you.

**HOW CAN I GET A PAYMENT?**

In order to qualify for a payment, you must timely submit a Proof of Claim. A Proof of Claim is enclosed with this Notice, and it may also be downloaded at www.OloSecuritiesLitigation.com, or you can request a Proof of Claim by contacting the Claims Administrator or Class Counsel as set forth herein. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it or submit it online so that it is postmarked (if mailed) or received (if emailed or filed electronically) no later than July 9, 2024.

The Proof of Claim may be submitted online at www.OloSecuritiesLitigation.com, emailed to info@OloSecuritiesLitigation.com, and the address for mailing the proof of claim is:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324

If you do not submit a valid Proof of Claim, you will not receive a payment from the Net Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the releases contained in them.

**WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants relating to securities claims involving the purchase or otherwise acquisition of Olo's Class A common stock at issue in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will fully, finally, and forever release the Releasing Class Representative's Claims in this case against the Released Defendant Parties.

"Released Claims" means all Released Defendants' Claims and all Releasing Class Representative's Claims.

"Releasing Class Representative's Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), whether arising under federal, state, common, or foreign law by the Releasing Class Representative Parties against any of the Released Defendant Parties that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of Olo's Class A common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Releasing Class Representative's Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims in any pending derivative litigation, including, without limitation, *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass*, *et al.*, C.A. No. 2024-0025 (Del. Ch.); and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

"Releasing Class Representative Parties" means each and every Settlement Class Member, Class Representative, Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Spouses, members of the immediate families, representatives, and heirs of any Releasing Class Representative Party who is an individual, as well as any trust of which any Releasing Class Representative Party is the settlor or which is for the benefit of any of

their immediate family members. Releasing Class Representative Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

"Released Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Defendants could have asserted against the Releasing Class Representative Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

"Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors, and predecessors, assigns, officers, directors, controlling shareholders, underwriters, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, accountants, auditors, financial or investment advisors or consultants, insurers; the Spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

"Released Claims" means the Releasing Class Representative's Claims and the Released Defendants' Claims.

"Released Parties" means the Released Defendant Parties and the Releasing Class Representative Parties.

"Releasing Parties" means each of the parties releasing a claim, as defined in the Stipulation.

The above description of the proposed Settlement is only a summary. The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.OloSecuritiesLitigation.com, or by contacting Class Counsel listed on Page 4. In the event of any inconsistency between this notice and the Stipulation, the terms of the Stipulation control.

**THE SETTLEMENT FAIRNESS HEARING**

The Court will hold a Settlement Fairness Hearing on June 10, 2024, at 4:00 p.m., before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14B New York, NY 10007-1312, for the purpose of determining whether: (1) the Settlement of the Action for $9,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) to award Class Counsel attorneys' fees and expenses out of the Settlement Fund; (3) to pay the Class Representative for its time and expenses incurred in representing the Class; (4) the Plan of Allocation should be approved by the Court; and (5) to enter the final Judgment as provided under the Stipulation. The Court may adjourn or continue the Settlement Fairness Hearing without further notice to Members of the Class. If you want to attend the hearing, you should check with Class Counsel or the settlement website beforehand to be sure that the date and/or time have not changed.

Any Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters.

**HOW DO I OBTAIN ADDITIONAL INFORMATION?**

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Action may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the Southern District of New York. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim, and proposed Judgment may be obtained on the settlement website, www.OloSecuritiesLitigation.com, or by contacting the Claims Administrator at:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324

info@OloSecuritiesLitigation.com

1-833-462-3513

In addition, you may contact Jeffrey P. Jacobson at Scott+Scott Attorneys at Law LLP, 230 Park Ave., Fl. 17, New York, NY 10169, 1-800-332-2259, if you have any questions about the Action or the Settlement or want to obtain Settlement documents.

**DO NOT WRITE TO, OR TELEPHONE, THE COURT FOR INFORMATION.**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

If you purchased or otherwise acquired any Olo Class A common stock between March 17, 2021 through August 11, 2022, inclusive, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by email or First-Class Mail to all such Persons; or (2) email a list of the names, addresses, and/or email addresses of such Persons to the Claims Administrator at info@OloSecuritiesLitigation.com.

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Notice and Proof of Claim and Release mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice and Proof of Claim and Release sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation All communications concerning the foregoing should be addressed to the Claims Administrator.

DATED: FEBRUARY 20, 2024

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>**PROOF OF CLAIM AND RELEASE FORM** |

To recover as a Settlement Class Member based on the claims asserted against the Released Defendant Parties in this Action, you must complete, ***sign***, and submit this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a properly addressed Claim Form, your claim may be rejected and you may be barred from any recovery from the Net Settlement Fund created under the proposed Settlement. YOU MUST MAIL, EMAIL, OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, TOGETHER WITH COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE JULY 9, 2024**, TO:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324

Emailed Submissions: info@OloSecuritiesLitigation.com
Online Submissions: www.OloSecuritiesLitigation.com

**PART I: GENERAL INSTRUCTIONS**

1. It is important that you read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form. The Notice describes the proposed Settlement and how Settlement Class Members' rights may be affected by it. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting the Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases that you will be giving if you submit a Claim Form.

2. This Claim Form is directed to all Persons who purchased or otherwise acquired the Class A common stock of Olo Inc. ("Olo) between March 17, 2021, and August 11, 2022, inclusive (the "Class Period"). If you fit within this definition, and (i) are not excluded from the Class by reason of your relationship to one of the Defendants or their affiliates (*see* Notice at 4 ("How Do I Know If I am a Class Member?")) and (ii) do not exclude yourself by submitting a request for exclusion (*see* Notice at 10-11 ("Can I Exclude Myself from the Settlement?")), then you are a Settlement Class Member.

3. If you are NOT a Settlement Class Member, you may NOT participate in the Settlement, you should NOT submit a Claim Form, and any Claim Form you submit will be rejected.

4. If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in this Action, including the releases provided for under the Settlement (*see* Notice at 12 ("What Claims Will be Released by the Settlement?")), whether or not you submit a Claim Form.

5. Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, or by such other plan of allocation that is ultimately approved by the Court.

6. Use Part II of this form, "Claimant Identification," to identify each purchaser or acquiror of Olo's Class A common stock that form the basis of this claim. *THIS CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OF OLO'S CLASS A COMMON STOCK UPON WHICH THE CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVE.*

7. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. If a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claims Administrator reserves the right to request information on all holdings and transactions in Olo's Class A common stock (including short sales) made on behalf of a single beneficial owner.

8. All joint beneficial owners, purchasers, or acquirers must sign this Claim Form.

9. Agents, executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them. They must also (i) identify the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number) of the beneficial owner (or other Person or entity on whose behalf they are acting); and (iii) provide documentary evidence of their authority to legally bind the person or entity on whose behalf they are acting to the Claim Form. (Authority to complete and sign a Claim Form cannot be established by stockbrokers who show only that they have discretionary authority to trade in another person's accounts).

10. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under U.S. law. Making false statements or submitting fraudulent documentation will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

11. Use Part III of this form, entitled "Schedule of Transactions in Olo's Class A Common Stock," to supply all requested details of your transaction(s) in, including free transfers and deliveries, and holdings of, Olo's Class A common stock. On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Olo's Class A common stock, whether such transactions resulted in a profit or a loss. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list. The date of covering a "short sale" is deemed to be the date of purchase (or otherwise acquisition) of Olo's Class A common stock. The date of a "short sale" is deemed to be the date of sale of Olo's Class A common stock. Failure to report all such transactions may result in your claim being rejected. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

12. ***COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN OLO'S CLASS A COMMON STOCK MUST BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.***

13. ***YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT LETTER***. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. If you do not receive an acknowledgment letter within 60 days, please contact the Claims Administrator at info@OloSecuritiesLitigation.com.

**NOTICE REGARDING ELECTRONIC FILES**: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such Claimants MUST also submit a manually signed paper Claim Form, whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must download the electronic filing template at www.OloSecuritiesLitigation.com and follow the instructions contained within. **Any file that does not comply with the required electronic filing format will be subject to rejection**. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's Electronic Filing Department at info@OloSecuritiesLitigation.com to inquire about your file and confirm it was received.



8300700000000

MUST BE POSTMARKED OR RECEIVED NO LATER THAN **JULY 9, 2024**

**PROOF OF CLAIM AND RELEASE ("CLAIM FORM")**

*STA-ILA v. Olo Inc., et al.*, Case No. 1:22-cv-08228-JSR (S.D.N.Y.)

Use Blue or Black Ink Only

For Office Use Only

**PART II: CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

**Beneficial Owner's Name**

**Co-Beneficial Owner's Name(s) (if applicable)**

**Entity Name (if Claimant is not an individual)**

**Representative or Custodian Name (if different from Beneficial Owner(s) listed above)**

**Address 1 (street name and number)**

**Address 2 (apartment, unit, or box number)**

**City:** **State:** **Zip Code:** -

**Foreign Province:** **Foreign Postal Code:**

**Foreign Country:**

- - **Telephone Number (home/cell)**

- - **Telephone Number (work)**

**Account Number (if filing for multiple account types, file a separate Claim Form for each account type)**

**Email Address:**

**Last 4 of Social Security Number (for individuals)** OR **Last 4 of Employer Identification Number (for estates, trusts, corporations, etc.)**

83007

CF

8 3 0 0 7 0 0 0 0 0 0 0 0

**PART III: SCHEDULE OF TRANSACTIONS IN OLO'S CLASS A COMMON STOCK**
Please be sure to include proper documentation with your Claim Form as described in the General Instructions. Do not include information regarding securities other than Olo's Class A common stock.

| **1. HOLDINGS AS OF MARCH 16, 2021:** State the total number of Olo's Class A common stock (ticker symbol "OLO") you held at the close of trading on March 16, 2021. (Must document). If none, write "zero" or "0" here: ____. | | | | *Check box if proof of position is enclosed* ☐ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM MARCH 17, 2021 THROUGH NOVEMBER 9, 2022, INCLUSIVE:** Separately list below each and every purchase or acquisition (including free receipts) of Olo's Class A common stock from the opening of trading on March 17, 2021 through the close of trading on November 9, 2022. (Must document.) | | | | *Check box if proof of position is enclosed* ☐ |
| **Date of Purchase/ Acquisition (list chronologically by month/day/year)** | **Number of Shares Purchased or Acquired** | **Purchase or Acquisition Price (Per Share)** | **Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees)** | *Check box if copy of proof of purchase is enclosed* |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| **3. SALES FROM MARCH 17, 2021 THROUGH NOVEMBER 9, 2022:** Separately list below each and every sale or disposition (including free deliveries) of Olo's Class A common shares from the opening of trading on March 17, 2021 through the close of trading on November 9, 2022. (Must document.) | | | | *If NONE, check box* ☐ |
| **Date of Sale (list chronologically by month/day/year)** | **Number of Shares Sold** | **Sale Price (Per Share)** | **Total Sale Price Per Share (excluding any taxes, commissions, and fees)** | *Check box if copy of proof of sale is enclosed:* |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| **4. HOLDINGS AS OF NOVEMBER 9, 2022:** State total number of Olo's Class A common shares you held as of the close of trading on November 9, 2022. (Must document.) If none, write "zero" or "0" here: ____. | | | | *Check box if proof of position is enclosed* ☐ |

***IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE, AND ALSO SIGN EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX*** ☐

***YOU MUST READ AND SIGN THE RELEASE BELOW.***

**PART IV: RELEASE**

1. I (we) hereby fully, finally, and forever settle, release, and discharge each of the Released Defendant Parties (as defined in the Notice) from each of the Releasing Class Representative's Claims (as defined in the Notice).

2. I (we) hereby warrant and represent that I (we): have not assigned or transferred, voluntarily or involuntarily, any of my (our) Releasing Class Representative Claims or any other part thereof; have not submitted any other claim covering the same purchases or acquisitions of Olo's Class A common stock during the Class Period; and have no knowledge of any other Person having done so on my (our) behalf.

3. I (we) hereby warrant and represent that I (we) have included herein true and correct information, and submitted true and correct copies of supporting documentation, as to all of my (our) transactions in Olo's Class A common stock, as requested in Part III, from March 17, 2021 through November 9, 2022, inclusive, and the number of Olo's Class A common stock held by me (us) at the close of trading on March 17, 2021 and on November 9, 2022.

4. I (we) certify that I am (we are) NOT subject to backup tax withholding. (If the Internal Revenue Service has notified you that you are subject to backup withholding, please strike out the prior sentence.)

5. I (we) submit to the jurisdiction of the U.S. District Court for the Southern District of New York with respect to my (our) Claim as a Settlement Class Member and for purposes of enforcing the releases set forth above.

6. I (we) declare under penalty of perjury under the laws of the United States that all of the information submitted by me (us) as part of this Claim Form is true and correct.

Signed on _____________/________/________
Month Day Year

________________________________________
(Signature of beneficial owner)

________________________________________
(Signature of co-beneficial owner, if any)

________________________________________
(Type or print your name here)

________________________________________
(Type or print your name here)

________________________________________
(Title if signing for corporate entity, or your capacity if signing as, *e.g.*, executor, trustee, etc., and attach documentation of your authority)

________________________________________
(Title if signing for corporate entity, or your capacity if signing as, *e.g.*, executor, trustee, etc., and attach documentation of your authority)

**Reminder Checklist:**

1. You must sign the above release and acknowledgment.
2. Remember to attach copies of supporting documentation.
3. Do not send originals of certificates or other documentation as they will not be returned.
4. Keep a copy of your Claim Form and all supporting documentation for your records.
5. If you move, please send your new address to the address below.
6. Do not use red pen or highlighter on the Claim Form or any supporting documentation.
7. Accurate claims processing takes significant time. Thank you for your patience.

***Do not mail or send your Claim Form to the Court, the Parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the mailing, email, or online addresses listed below, no later than July 9, 2024 to:***

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324
Emailed Submissions: info@OloSecuritiesLitigation.com
Online Submissions: www.OloSecuritiesLitigation.com

# EXHIBIT B

# AFFIDAVIT

**STATE OF NEW JERSEY )**
**) ss:**
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Keith Oechsner, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s):

MAR-14-2024;

ADVERTISER: OLO INC.;

and that the foregoing statements are true and correct to the best of my knowledge.

Keith Oechsner

Sworn to before me this
14 day of March 2024

Notary Public



**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiff,<br>v.<br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br>Defendants. | Case No. 1:22-cv-08228-JSR<br>CLASS ACTION<br>**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on **June 10, 2024, at 4:00 P.M.**, before the Honorable Jed S. Rakoff, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14B, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the Parties, consisting of Nine Million Dollars ($9,000,000) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation") should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Class Counsel for an award of attorneys' fees and expenses and any award to Class Representative should be approved; and (5) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may change the date of the Settlement Hearing without providing another notice. You do **NOT** need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU PURCHASED OR ACQUIRED ANY OF THE CLASS A COMMON STOCK OF OLO DURING THE PERIOD FROM MARCH 17, 2021 THROUGH AUGUST 11, 2022, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail (postmarked no later than **July 9, 2024**), or electronically at the following website: www.OloSecuritiesLitigation.com, or by email at the following email address: info@OloSecuritiesLitigation.com, no later than **July 9, 2024**. Your failure to submit your Proof of Claim by **July 9, 2024**, will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action. If you are a member of the Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim. Class Counsel represents you and other Members of the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Class), or a Proof of Claim Form, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.OloSecuritiesLitigation.com, or by writing to, emailing, or calling:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324, New York, NY 10150-5324
1-833-462-3513, info@OloSecuritiesLitigation.com

Inquiries may also be made to a representative of Class Counsel at:

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Jeffrey P. Jacobson
230 Park Ave., Fl. 17, New York, NY 10169
Phone: 1-800-332-2259

Inquiries should **NOT** be directed to Defendants, the Court, or the Clerk of the Court.

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE LITIGATION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES. ANY WRITTEN OBJECTIONS MUST BE SENT TO THE COURT POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU FAIL TO OBJECT IN THE MANNER AND FORM EXPLAINED IN THE NOTICE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND WILL NOT BE ABLE TO APPEAR SEPERATELY AT THE SETTLEMENT HEARING OR MAKE ANY OBJECTION TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES.

DATED:
**FEBRUARY 20, 2024**

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# Neil Young's Music to Return to Spotify

## Artist ends his two-year boycott due to wider distribution of Rogan's podcast

BY GARETH VIPERS

Neil Young said he will allow his music to return to **Spotify**, two years after the singer pulled his catalog over opposition to the streaming service's relationship with podcaster Joe Rogan.

Young penned an open letter to his manager and label in 2022 asking them to remove his music from the platform, saying it was spreading fake information about Covid-19 vaccines through Rogan's show.

Last month, The Wall Street Journal reported Rogan had reached a deal that would allow his podcast, "The Joe Rogan Experience," to be distributed more widely, a change from his prior exclusive deal with Spotify. Rogan's fresh deal—estimated to be valued at as much as $250 million over its multiyear term—allows his show to be distributed across several podcast platforms.

Announcing the return of his music to the service, the "Heart of Gold" and "Harvest Moon" singer-songwriter said he now had no choice but to go back to Spotify.

"My decision comes as music services **Apple** and **Amazon** have started serving the same disinformation podcast features I had opposed at Spotify," he said on his website Tuesday, without mentioning Rogan by name.

"I cannot leave Apple and Amazon, like I did Spotify, because my music would have very little streaming outlet to music lovers," he added.

Young's record label is **Warner Music Group**'s Warner Records, which licenses and distributes his music to streaming services. Spotify, representatives for Young and Warner Music didn't immediately respond to requests to comment.

While Young's label legally has control over how and where his music is distributed, it is typical for a record company to take an artist's wishes into account. An act of Young's cachet in particular tends to have more control over its career and creative output.

MICHELLE PEMBERTON/THE INDIANAPOLIS STAR/ASSOCIATED PRESS

Young in 2022 accused Spotify's 'The Joe Rogan Experience' of spreading false information.

Young has had a long career as a successful solo artist and as a member of Buffalo Springfield and Crosby, Stills, Nash & Young. The Canadian-American was inducted into the Rock & Roll Hall of Fame in 1995 as a solo artist and in 1997 as a member of Buffalo Springfield.

In 2022, Young's crusade against what he deemed misinformation spread by Rogan led to other artists including Joni Mitchell, Stephen Stills, Graham Nash, David Crosby and India Arie to pull their music from Spotify. Crosby, Stills & Nash and Arie have since returned to the platform.

"I am doing this because Spotify is spreading fake information about vaccines—potentially causing death to those who believe the disinformation being spread by them," Young wrote in the letter in 2022, which was later removed from his website.

Before the removal of his catalog, Young had 2.4 million followers and over six million monthly listeners on the platform.

At the time, Rogan's podcast was under an exclusive licensing deal with Spotify that tied his payout to audience-number targets. It is estimated to land at around $180 million to $220 million by the end of its term this year.

Rogan's show has been Spotify's most listened-to podcast for the past four years, according to the company. But it also has created tensions for Spotify. Shortly after the initial licensing deal was announced, some employees at the streaming company expressed concern about the podcast's content, citing material they felt was antitransgender.

In 2022, Rogan apologized for the growing backlash against him and Spotify, and pledged to be more balanced and informed about controversial topics and guests. "If I pissed you off, I'm sorry," he said in a 10-minute Instagram video at the time.

Spotify created a Covid-19 information hub in response to Young's objections and reiterated that it wanted to embrace a diverse range of voices and differing opinions.

**News Corp**'s Dow Jones & Co., publisher of The Wall Street Journal, has a content partnership with Spotify.

*—Anne Steele contributed to this article.*

### Watch a Video

Scan this code for a video on how Wall Street is turning songs into bonds.

# Weight-Loss Drug Zepbound Available Through Amazon

BY PETER LOFTUS

People seeking a popular new weight-loss drug will have a new home-delivery option from a familiar name: **Amazon.com**.

Amazon Pharmacy, which has sold prescription medicines online since 2020, will now handle some of the home delivery of anti-obesity therapy Zepbound and other **Eli Lilly** drugs that are ordered through the drugmaker's new direct-to-consumer service, the companies said on Wednesday.

The service, called LillyDirect, connects patients with telehealth services specializing in obesity that can write prescriptions for Zepbound or another weight-loss drug. The service also arranges for a prescription to be processed and mailed directly to customers.

Pharmacy-services firm Truepill had been the only company dispensing medicines ordered through LillyDirect. Now, prescriptions will be routed through either Truepill or Amazon Pharmacy, depending on a patient's insurance status and other details.

Here is how LillyDirect will work if you are obese: To find someone who can prescribe a weight-loss drug, you can see a link on LillyDirect's website to telehealth firm Form Health or get a list of doctors near you to visit in person.

If you get a prescription for Zepbound, you can have it automatically sent to LillyDirect's pharmacy service, which will have either Amazon Pharmacy or Truepill process the order and mail the medicines to your home. Lilly has said the doctors and other healthcare professionals whom patients can access through LillyDirect aren't obligated to prescribe the company's drugs.

Lilly said interest in its new service is so strong that it has extended wait times for people seeking to schedule their first telehealth call with Form Health.

# Cybersecurity Firm Nozomi Raises $100 Million for Product Development

BY JAMES RUNDLE

Cybersecurity company **Nozomi Networks** has secured $100 million in a Series E funding round, making it the latest company focusing on industrial technology to successfully raise significant investment in recent months.

Nozomi, which brought its first product to market in November 2013, develops technology designed to secure the internet-connected devices and systems used to support the day-to-day running of critical infrastructure such as power grids, oil and gas facilities, manufacturing plants and water utilities.

These systems, known as operational technology, have typically been managed separately from information-technology networks, which comprise software such as email, human resources, sales and accounting platforms. That has changed, said Edgard Capdevielle, president and chief executive of Nozomi, as companies have digitized their work environments in recent years and the threats to these systems have grown.

"Folks are realizing that as these networks move to the purview of the chief information security officer, which is a trend that is happening aggressively after Colonial Pipeline, they need to be protected," he said, referring to a ransomware attack on the U.S. pipeline operator in 2021, which forced the closure of the largest fuel artery on the East Coast for six days and prompted significant government action on cybersecurity.

Manufacturers Mitsubishi Electric and Schneider Electric participated in the round. Previous investors in Nozomi, which has raised around $250 million to date, include manufacturing companies Honeywell, Johnson Controls and Keysight Technologies, as well as the venture arm of the U.S. Central Intelligence Agency, In-Q-Tel.

Capdevielle said the funding will be used for product development and expanding the company's global sales reach.

ADVERTISEMENT

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,
Plaintiff,
v.
OLO INC., NOAH GLASS, and PETER BENEVIDES,
Defendants.

Case No. 1:22-cv-08228-JSR
CLASS ACTION
**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on **June 10, 2024, at 4:00 P.M.**, before the Honorable Jed S. Rakoff, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14B, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the Parties, consisting of Nine Million Dollars ($9,000,000) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation") should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Class Counsel for an award of attorneys' fees and expenses and any award to Class Representative should be approved; and (5) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may change the date of the Settlement Hearing without providing another notice. You do **NOT** need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU PURCHASED OR ACQUIRED ANY OF THE CLASS A COMMON STOCK OF OLO DURING THE PERIOD FROM MARCH 17, 2021 THROUGH AUGUST 11, 2022, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail (postmarked no later than **July 9, 2024**), or electronically at the following website: www.OloSecuritiesLitigation.com, or by email at the following email address: info@OloSecuritiesLitigation.com, no later than **July 9, 2024**. Your failure to submit your Proof of Claim by **July 9, 2024**, will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action. If you are a member of the Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim. Class Counsel represents you and other Members of the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Class), or a Proof of Claim Form, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.OloSecuritiesLitigation.com, or by writing to, emailing, or calling:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324, New York, NY 10150-5324
1-833-462-3513, info@OloSecuritiesLitigation.com

Inquiries may also be made to a representative of Class Counsel at:

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Jeffrey P. Jacobson
230 Park Ave., Fl. 17, New York, NY 10169
Phone: 1-800-332-2259

Inquiries should **NOT** be directed to Defendants, the Court, or the Clerk of the Court.

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE LITIGATION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES. ANY WRITTEN OBJECTIONS MUST BE SENT TO THE COURT POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU FAIL TO OBJECT IN THE MANNER AND FORM EXPLAINED IN THE NOTICE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND WILL NOT BE ABLE TO APPEAR SEPERATELY AT THE SETTLEMENT HEARING OR MAKE ANY OBJECTION TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES.

DATED: **FEBRUARY 20, 2024**
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### NOTICE OF SALE

NOTICE OF UCC PUBLIC AUCTION SALE

PLEASE TAKE NOTICE that in accordance with Article 9 of the Uniform Commercial Code, UC Stonebrook/Pinebrook Equity Member, LLC, a Delaware limited liability company ("Secured Party"), will sell at public auction all of the common membership interests (the "Equity Interests") held by FB Riverside I, LLC, a Nevada limited liability company ("Debtor"), in Pinebrook Stonebrook Member LLC, a Delaware limited liability company (the "Pledged Entity"), and certain related rights, interests and properties (together with the Equity Interests, the "Collateral"). The Collateral secures liabilities and obligations to Secured Party that total not less than $4,558,658.15 plus certain collection and enforcement costs.

The principal assets of the Pledged Entity consist of two wholly owned subsidiaries, one owning an operating multifamily property at 5864 Sinclair Avenue, Riverside, California 92505 and the other owning an unfinished multifamily property at 4661 Tyler Street, Riverside, California 92503.

The public auction sale (the "Public Sale") will be held in person at the offices of Sklar Kirsh LLP, 1880 Century Park East, Suite 300, Los Angeles, California 90067 and virtually via Zoom video or audio conference on May 1, 2024 at 2:00 PM (Eastern Time). Zoom meeting information will be provided to all confirmed participants that have qualified to participate in the Public Sale under the applicable terms of sale (the "Terms of Sale"). The Public Sale will be conducted by auctioneer Matthew D. Mannion, of Mannion Auctions, LLC, New York City Division of Consumer Affairs Licensed Auctioneer, License No. 1434494.

Under the Terms of Sale, the Collateral will be offered for sale on an "as is, where is and with all faults" basis without (subject to limited exceptions) any representations, warranties or covenants.

All bids (other than credit bids of Secured Party) must be for cash, and the successful bidder must be prepared to deliver immediately available funds equal to 10% of the successful bid amount (net of any minimum deposit) within one day after the Public Sale, with the balance of the successful bid amount to be delivered within 14 days after the Public Sale.

Parties interested in bidding on the Collateral must contact Brock Cannon and Stephen Schwalb, of Secured Party's broker, Newmark ("Broker"), via email at NewmarkUCCTeam@nmrk.com. Interested parties who do not contact Broker and qualify to attend the Public Sale by the deadline stated in the Terms of Sale will not be permitted to bid at the Public Sale. Additional information may be found at https://rimarketplace.com/listing/60596/ucc-foreclosure-sale-pledge-of-equity-interests-indirect-interest-in-a-multifamily-portfolio-riverside-ca.

THE WALL STREET JOURNAL.
THE MARKETPLACE
ADVERTISE TODAY
(800) 366-3975
For more information visit:
wsj.com/classifieds

© 2024 Dow Jones & Company, Inc.
All Rights Reserved.

**Net retail trades of spot bitcoin ETFs between Jan. 11 and March 11, in billions***

BlackRock
Fidelity
ARK 21Shares
Bitwise
VanEck
Invesco Galaxy
Franklin Templeton
Valkyrie
WisdomTree
Grayscale

–$0.6 –0.4 –0.2 0 0.2 0.4 0.6 0.8 1.0 $1.2

**Bitcoin price, year to date**

$75,000 70,000 65,000 60,000 55,000 50,000 45,000 40,000 35,000
Jan. 2024 Feb. March

*Nasdaq Data Link uses publicly available information to track about half of all individual investor trading activity in U.S.-listed stocks, ETFs and other exchange-listed products.

Sources: Nasdaq Data Link (net retail trades); CoinDesk (bitcoin price)

# *Advisers Avoid ETFs For Bitcoin*

*Continued from page B1*

limited access to the bitcoin funds for now. The wealth-management platforms at Morgan Stanley, Merrill Lynch, UBS and Wells Fargo offer the funds only on an unsolicited basis—advisers can't actively pitch them to clients but can offer them to those who ask.

Morgan Stanley, for one, has been doing due diligence on the funds and is evaluating whether to add them to its brokerage platform, according to people familiar with the matter.

Wealth platforms and financial advisers face reputational and legal risks in allocating their clients' assets to spot bitcoin ETFs, some analysts say. Bitcoin's short history has been dotted with euphoric bull runs and devastating crashes. After its last peak in November 2021, bitcoin dropped more than 70% over the next year.

"If bitcoin was to crater and go towards zero, there can be some damage to their reputation because some clients might view allowing products on a platform as some sort of stamp of approval," said Matt Apkarian, associate director of product development at research firm Cerulli Associates. "It definitely opens up advisers to more potential for lawsuits."

Investment advisers who charge fixed fees work under a strict standard of customer loyalty, known as a fiduciary duty, that requires them to elevate the interest of their clients above their own. And brokers who charge commissions must reduce conflicts of interest when making investment recommendations to customers, under the Securities and Exchange Commission's Regulation Best Interest.

Despite approving spot bitcoin ETFs, SEC Chair Gary Gensler has said investors should remain cautious about bitcoin and crypto-related products. Meanwhile, the Labor Department has expressed concerns about putting cryptocurrencies in retirement accounts.

"It's not necessarily just the rules, but it's also the regulator's stance that often impacts how firms behave," said Brian Hamburger, president and chief executive of MarketCounsel Consulting. "I think that's also why firms are quite hesitant to expand the role that crypto has when it comes to these retirement accounts."

The rules are less stringent at self-directed brokerage platforms where the banks don't face significant liability by simply making the products available for purchase. Many of the bitcoin funds are available on Morgan Stanley's E*Trade, Wells Fargo's WellsTrade and **Bank of America**'s Merrill Edge, as well as **Charles Schwab** and **Robinhood**.

Vanguard, however, has said it has no plans to offer a bitcoin ETF and won't offer crypto-related products on its brokerage platform. The asset-management giant called bitcoin "more of a speculation than an investment."

Blake Spencer, a wealth manager at the **Pinnacle Financial Group**, said his firm has seen a significant pickup in client inquiries about investing in bitcoin with the digital currency's recent surge in price. Bitcoin has soared to a record, trading above $73,000 early Wednesday. It is up over 70% in 2024.

"Most clients I talk with don't even know the ETFs are available," Spencer said. "They are trying to figure out whether they should invest in bitcoin and how to get exposure to it."

His firm, which is affiliated with LPL Financial, offers the Grayscale Bitcoin Trust, which was on the LPL platform before it converted into an ETF, Spencer said. He said he hopes to access cheaper alternatives for clients.

# Neil Young's Music to Return to Spotify

## Artist ends his two-year boycott due to wider distribution of Rogan's podcast

By Gareth Vipers

Neil Young said he will allow his music to return to **Spotify**, two years after the singer pulled his catalog over opposition to the streaming service's relationship with podcaster Joe Rogan.

Young penned an open letter to his manager and label in 2022 asking them to remove his music from the platform, saying it was spreading fake information about Covid-19 vaccines through Rogan's show.

Last month, The Wall Street Journal reported Rogan had reached a deal that would allow his podcast, "The Joe Rogan Experience," to be distributed more widely, a change from his prior exclusive deal with Spotify. Rogan's fresh deal—estimated to be valued at as much as $250 million over its multiyear term—allows his show to be distributed across several podcast platforms.

Announcing the return of his music to the service, the "Heart of Gold" and "Harvest Moon" singer-songwriter said he now had no choice but to go back to Spotify.

"My decision comes as music services **Apple** and **Amazon** have started serving the same disinformation podcast features I had opposed at Spotify," he said on his website Tuesday, without mentioning Rogan by name.

"I cannot leave Apple and Amazon, like I did Spotify, because my music would have very little streaming outlet to music lovers," he added.

Young's record label is **Warner Music Group**'s Warner Records, which licenses and distributes his music to streaming services. Spotify, representatives for Young and Warner Music didn't immediately respond to requests to comment.

While Young's label legally has control over how and where his music is distributed, it is typical for a record company to take an artist's wishes into account. An act of Young's cachet in particular tends to have more control over its career and creative output.

Young has had a long career as a successful solo artist and as a member of Buffalo Springfield and Crosby, Stills, Nash & Young. The Canadian-American was inducted into the Rock & Roll Hall of Fame in 1995 as a solo artist and in 1997 as a member of Buffalo Springfield.

MICHELLE PEMBERTON/THE INDIANAPOLIS STAR/ASSOCIATED PRESS

**Young in 2022 accused Spotify's 'The Joe Rogan Experience' of spreading false information.**

In 2022, Young's crusade against what he deemed misinformation spread by Rogan led to other artists including Joni Mitchell, Stephen Stills, Graham Nash, David Crosby and India Arie to pull their music from Spotify. Crosby, Stills & Nash and Arie have since returned to the platform.

"I am doing this because Spotify is spreading fake information about vaccines—potentially causing death to those who believe the disinformation being spread by them," Young wrote in the letter in 2022, which was later removed from his website.

Before the removal of his catalog, Young had 2.4 million followers and over six million monthly listeners on the platform.

At the time, Rogan's podcast was under an exclusive licensing deal with Spotify that tied his payout to audience-number targets. It is estimated to land at around $180 million to $220 million by the end of its term this year.

Rogan's show has been Spotify's most listened-to podcast for the past four years, according to the company. But it also has created tensions for Spotify. Shortly after the initial licensing deal was announced, some employees at the streaming company expressed concern about the podcast's content, citing material they felt was antitransgender.

In 2022, Rogan apologized for the growing backlash against him and Spotify, and pledged to be more balanced and informed about controversial topics and guests. "If I pissed you off, I'm sorry," he said in a 10-minute Instagram video at the time.

Spotify created a Covid-19 information hub in response to Young's objections and reiterated that it wanted to embrace a diverse range of voices and differing opinions.

**News Corp**'s Dow Jones & Co., publisher of The Wall Street Journal, has a content partnership with Spotify.

*—Anne Steele contributed to this article.*

### Watch a Video

Scan this code for a video on how Wall Street is turning songs into bonds.

# Weight-Loss Drug Zepbound Available Through Amazon

By Peter Loftus

People seeking a popular new weight-loss drug will have a new home-delivery option from a familiar name: **Amazon.com**.

Amazon Pharmacy, which has sold prescription medicines online since 2020, will now handle some of the home delivery of anti-obesity therapy Zepbound and other **Eli Lilly** drugs that are ordered through the drugmaker's new direct-to-consumer service, the companies said on Wednesday.

The service, called LillyDirect, connects patients with telehealth services specializing in obesity that can write prescriptions for Zepbound or another weight-loss drug. The service also arranges for a prescription to be processed and mailed directly to customers.

Pharmacy-services firm Truepill had been the only company dispensing medicines ordered through LillyDirect. Now, prescriptions will be routed through either Truepill or Amazon Pharmacy, depending on a patient's insurance status and other details.

Here is how LillyDirect will work if you are obese: To find someone who can prescribe a weight-loss drug, you can see a link on LillyDirect's website to telehealth firm Form Health or get a list of doctors near you to visit in person.

If you get a prescription for Zepbound, you can have it automatically sent to LillyDirect's pharmacy service, which will have either Amazon Pharmacy or Truepill process the order and mail the medicines to your home. Lilly has said the doctors and other healthcare professionals whom patients can access through LillyDirect aren't obligated to prescribe the company's drugs.

Lilly said interest in its new service is so strong that it has extended wait times for people seeking to schedule their first telehealth call with Form Health.

# Cybersecurity Firm Nozomi Raises $100 Million for Product Development

By James Rundle

Cybersecurity company **Nozomi Networks** has secured $100 million in a Series E funding round, making it the latest company focusing on industrial technology to successfully raise significant investment in recent months.

Nozomi, which brought its first product to market in November 2013, develops technology designed to secure the internet-connected devices and systems used to support the day-to-day running of critical infrastructure such as power grids, oil and gas facilities, manufacturing plants and water utilities.

These systems, known as operational technology, have typically been managed separately from information-technology networks, which comprise software such as email, human resources, sales and accounting platforms. That has changed, said Edgard Capdevielle, president and chief executive of Nozomi, as companies have digitized their work environments in recent years and the threats to these systems have grown.

"Folks are realizing that as these networks move to the purview of the chief information security officer, which is a trend that is happening aggressively after Colonial Pipeline, they need to be protected," he said, referring to a ransomware attack on the U.S. pipeline operator in 2021, which forced the closure of the largest fuel artery on the East Coast for six days and prompted significant government action on cybersecurity.

Manufacturers Mitsubishi Electric and Schneider Electric participated in the round. Previous investors in Nozomi, which has raised around $250 million to date, include manufacturing companies Honeywell, Johnson Controls and Keysight Technologies, as well as the venture arm of the U.S. Central Intelligence Agency, In-Q-Tel.

Capdevielle said the funding will be used for product development and expanding the company's global sales reach.

ADVERTISEMENT

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

CLASS ACTION

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,
Plaintiff,
v.
OLO INC., NOAH GLASS, and PETER BENEVIDES,
Defendants.

Case No. 1:22-cv-08228-JSR
CLASS ACTION
**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on **June 10, 2024, at 4:00 P.M.**, before the Honorable Jed S. Rakoff, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14B, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the Parties, consisting of Nine Million Dollars ($9,000,000) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation") should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Class Counsel for an award of attorneys' fees and expenses and any award to Class Representative should be approved; and (5) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may change the date of the Settlement Hearing without providing another notice. You do **NOT** need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU PURCHASED OR ACQUIRED ANY OF THE CLASS A COMMON STOCK OF OLO DURING THE PERIOD FROM MARCH 17, 2021 THROUGH AUGUST 11, 2022, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail (postmarked no later than **July 9, 2024**), or electronically at the following website: www.OloSecuritiesLitigation.com, or by email at the following email address: info@OloSecuritiesLitigation.com, no later than **July 9, 2024**. Your failure to submit your Proof of Claim by **July 9, 2024**, will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action. If you are a member of the Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim. Class Counsel represents you and other Members of the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Class), or a Proof of Claim Form, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.OloSecuritiesLitigation.com, or by writing to, emailing, or calling:

*Olo Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
PO Box 5324, New York, NY 10150-5324
1-833-462-3513, info@OloSecuritiesLitigation.com

Inquiries may also be made to a representative of Class Counsel at:

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Jeffrey P. Jacobson
230 Park Ave., Fl. 17, New York, NY 10169
Phone: 1-800-332-2259

Inquiries should **NOT** be directed to Defendants, the Court, or the Clerk of the Court.

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE LITIGATION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES. ANY WRITTEN OBJECTIONS MUST BE SENT TO THE COURT POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU FAIL TO OBJECT IN THE MANNER AND FORM EXPLAINED IN THE NOTICE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND WILL NOT BE ABLE TO APPEAR SEPERATELY AT THE SETTLEMENT HEARING OR MAKE ANY OBJECTION TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES.

DATED: **FEBRUARY 20, 2024** BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

NOTICE OF SALE

**NOTICE OF UCC PUBLIC AUCTION SALE**

PLEASE TAKE NOTICE that in accordance with Article 9 of the Uniform Commercial Code, UC Stonebrook/Pinebrook Equity Member, LLC, a Delaware limited liability company ("Secured Party"), will sell at public auction all of the common membership interests (the "Equity Interests") held by FB Riverside I, LLC, a Nevada limited liability company ("Debtor"), in Pinebrook Stonebrook Member LLC, a Delaware limited liability company (the "Pledged Entity"), and certain related rights, interests and properties (together with the Equity Interests, the "Collateral"). The Collateral secures liabilities and obligations to Secured Party that total not less than $4,558,658.15 plus certain collection and enforcement costs.

The principal assets of the Pledged Entity consist of two wholly owned subsidiaries, one owning an operating multifamily property at 5864 Sinclair Avenue, Riverside, California 92505 and the other owning an unfinished multifamily property at 4661 Tyler Street, Riverside, California 92503.

The public auction sale (the "Public Sale") will be held in person at the offices of Sklar Kirsh LLP, 1880 Century Park East, Suite 300, Los Angeles, California 90067 and virtually via Zoom video or audio conference on May 1, 2024 at 2:00 PM (Eastern Time). Zoom meeting information will be provided to all confirmed participants that have qualified to participate in the Public Sale under the applicable terms of sale (the "Terms of Sale"). The Public Sale will be conducted by auctioneer Matthew D. Mannion, of Mannion Auctions, LLC, New York City Division of Consumer Affairs Licensed Auctioneer, License No. 1434494.

Under the Terms of Sale, the Collateral will be offered for sale on an "as is, where is and with all faults" basis without (subject to limited exceptions) any representations, warranties or covenants.

All bids (other than credit bids of Secured Party) must be for cash, and the successful bidder must be prepared to deliver immediately available funds equal to 10% of the successful bid amount (net of any minimum deposit) within one day after the Public Sale, with the balance of the successful bid amount to be delivered within 14 days after the Public Sale.

Parties interested in bidding on the Collateral must contact Brock Cannon and Stephen Schwalb, of Secured Party's broker, Newmark ("Broker"), via email at NewmarkUCCTeam@nmrk.com. Interested parties who do not contact Broker and qualify to attend the Public Sale by the deadline stated in the Terms of Sale will not be permitted to bid at the Public Sale. Additional information may be found at https://rimarketplace.com/listing/60596/ucc-foreclosure-sale-pledge-of-equity-interests-indirect-interest-in-a-multifamily-portfolio-riverside-ca.

THE WALL STREET JOURNAL.
THE MARKETPLACE
ADVERTISE TODAY
(800) 366-3975
For more information visit:
wsj.com/classifieds
FOR SALE
SOLD
© 2024 Dow Jones & Company, Inc.
All Rights Reserved.

**Net retail trades of spot bitcoin ETFs between Jan. 11 and March 11, in billions***

BlackRock
Fidelity
ARK 21Shares
Bitwise
VanEck
Invesco Galaxy
Franklin Templeton
Valkyrie
WisdomTree
Grayscale

–$0.6 –0.4 –0.2 0 0.2 0.4 0.6 0.8 1.0 $1.2

**Bitcoin price, year to date**

$75,000
70,000
65,000
60,000
55,000
50,000
45,000
40,000
35,000

Jan. 2024 Feb. March

*Nasdaq Data Link uses publicly available information to track about half of all individual investor trading activity in U.S.-listed stocks, ETFs and other exchange-listed products.

Sources: Nasdaq Data Link (net retail trades); CoinDesk (bitcoin price)

# Advisers Avoid ETFs For Bitcoin

*Continued from page B1*

limited access to the bitcoin funds for now. The wealth-management platforms at Morgan Stanley, Merrill Lynch, UBS and Wells Fargo offer the funds only on an unsolicited basis—advisers can't actively pitch them to clients but can offer them to those who ask.

Morgan Stanley, for one, has been doing due diligence on the funds and is evaluating whether to add them to its brokerage platform, according to people familiar with the matter.

Wealth platforms and financial advisers face reputational and legal risks in allocating their clients' assets to spot bitcoin ETFs, some analysts say. Bitcoin's short history has been dotted with euphoric bull runs and devastating crashes. After its last peak in November 2021, bitcoin dropped more than 70% over the next year.

"If bitcoin was to crater and go towards zero, there can be some damage to their reputation because some clients might view allowing products on a platform as some sort of stamp of approval," said Matt Apkarian, associate director of product development at research firm Cerulli Associates. "It definitely opens up advisers to more potential for lawsuits."

Investment advisers who charge fixed fees work under a strict standard of customer loyalty, known as a fiduciary duty, that requires them to elevate the interest of their clients above their own. And brokers who charge commissions must reduce conflicts of interest when making investment recommendations to customers, under the Securities and Exchange Commission's Regulation Best Interest.

Despite approving spot bitcoin ETFs, SEC Chair Gary Gensler has said investors should remain cautious about bitcoin and crypto-related products. Meanwhile, the Labor Department has expressed concerns about putting cryptocurrencies in retirement accounts.

"It's not necessarily just the rules, but it's also the regulator's stance that often impacts how firms behave," said Brian Hamburger, president and chief executive of MarketCounsel Consulting. "I think that's also why firms are quite hesitant to expand the role that crypto has when it comes to these retirement accounts."

The rules are less stringent at self-directed brokerage platforms where the banks don't face significant liability by simply making the products available for purchase. Many of the bitcoin funds are available on Morgan Stanley's E*Trade, Wells Fargo's WellsTrade and **Bank of America**'s Merrill Edge, as well as **Charles Schwab** and **Robinhood**.

Vanguard, however, has said it has no plans to offer a bitcoin ETF and won't offer crypto-related products on its brokerage platform. The asset-management giant called bitcoin "more of a speculation than an investment."

Blake Spencer, a wealth manager at the **Pinnacle Financial Group**, said his firm has seen a significant pickup in client inquiries about investing in bitcoin with the digital currency's recent surge in price. Bitcoin has soared to a record, trading above $73,000 early Wednesday. It is up over 70% in 2024.

"Most clients I talk with don't even know the ETFs are available," Spencer said. "They are trying to figure out whether they should invest in bitcoin and how to get exposure to it."

His firm, which is affiliated with LPL Financial, offers the Grayscale Bitcoin Trust, which was on the LPL platform before it converted into an ETF, Spencer said. He said he hopes to access cheaper alternatives for clients.



# Kroll Settlement Administration Announces That a Proposed Class Action Settlement Has Been Reached in the Lawsuit *Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund V. Olo Inc.*

March 14, 2024 10:02 AM Eastern Daylight Time

NEW YORK--(BUSINESS WIRE)--The following statement is being issued by Kroll Settlement Administration regarding *Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund v. Olo Inc.*, 22-CV-8228 (JSR) (S.D.N.Y.).

TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE CLASS A COMMON STOCK ("COMMON STOCK") OF OLO INC. ("OLO") BETWEEN MARCH 17, 2021 AND AUGUST 11, 2022, INCLUSIVE (THE "CLASS").

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on **June 10, 2024, at 4:00 p.m.**, before the Honorable Jed S. Rakoff, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14B, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the Parties, consisting of Nine Million Dollars ($9,000,000) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation") should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Class Counsel for an award of attorneys' fees and expenses and any award to Class Representative should be approved; and (5) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU PURCHASED OR ACQUIRED ANY OF THE CLASS A COMMON STOCK OF OLO DURING THE PERIOD FROM MARCH 17, 2021 THROUGH AUGUST 11, 2022, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail (postmarked no later than **July 9, 2024**), or electronically at the following website: www.OloSecuritiesLitigation.com, or by email at the following email address: info@OloSecuritiesLitigation.com, no later than **July 9, 2024.** Your failure to submit your Proof of Claim by **July 9, 2024**, will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action. If you are a member of the Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim. Class Counsel represents you and other Members of the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Class), or a Proof of Claim Form, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.OloSecuritiesLitigation.com, or by writing to, emailing, or calling:

Olo Securities Settlement
Claims Administrator
c/o Kroll Settlement Administration
PO Box 53 24
New York, NY 10150-5324
1-833-462-3513
info@OloSecuritiesLitigation.com

Inquiries may also be made to a representative of Class Counsel at:

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Jeffrey P. Jacobson
230 Park Ave., Fl. 17
New York, NY 10169
Phone: 1-800-332-2259

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE LITIGATION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES. ANY WRITTEN OBJECTIONS MUST BE SENT TO THE COURT POSTMARKED NO LATER THAN **MAY 20, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU FAIL TO OBJECT IN THE MANNER AND FORM EXPLAINED IN THE NOTICE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND WILL NOT BE ABLE TO APPEAR SEPARATELY AT THE SETTLEMENT HEARING OR MAKE ANY OBJECTION TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE CLASS REPRESENTATIVE FOR ITS TIME AND EXPENSES.

**This is only a summary. For details, including information on objecting or filing an opt-out, or to file a claim, visit the settlement website, www.OloSecuritiesLitigation.com, or call the Claims Administrator at 1-833-462-3513.**

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE ABOUT THIS NOTICE.

ORDER DATED: **FEBRUARY 20, 2024**

## Contacts
**Media Contact(s):** Nancy Dolan, 781-929-2191 *or* Sarah Shin, 310-291-9626