# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>     Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br><br>Judge: Hon. Jed S. Rakoff<br>Date: June 10, 2024<br>Time: 4:00 PM |

**DECLARATION OF RICHARD P. KRUEGER, III, ON BEHALF OF
STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION PENSION FUND IN SUPPORT OF MOTIONS
FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
PLAN OF ALLOCATION; AND (2) AWARD OF ATTORNEYS' FEES,
PAYMENT OF LITIGATION EXPENSES, AND AWARD TO CLASS
<u>REPRESENATIVE FOR ITS COSTS AND EXPENSES</u>**

I, Richard P. Krueger, III, declare and state as follows:

1. I am the Co-Administrator of Lead Plaintiff Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund ("STA-ILA" or "Class Representative").  I am authorized to submit this declaration on STA-ILA's behalf.

2. I respectfully submit this declaration in support of the proposed Settlement, the plan of allocation, the requested award of attorneys' fees and payment of litigation expenses, and STA-ILA's request for an award of $50,000 for the time and expenses STA-ILA expended in representing and serving the best interests of the Class.

3.     I have personal knowledge of the matters referred to herein, as I, or others working under my direction, have been directly involved in participating, monitoring, and overseeing the prosecution of this Action, and, if called as a witness, could competently testify thereto.

**WORK PERFORMED BY STA-ILA ON BEHALF OF THE CLASS**

4.     As set forth, STA-ILA purchased 72,374 shares of Olo's common stock during the Class Period and suffered damages as a result.

5.     STA-ILA sought to serve as Class Representative in this Action in order to represent and protect the interests of all investors who, like STA-ILA, purchased Olo common stock during the Class Period and suffered damages as a result. *See* ECF No. 59-3 (Krueger Declaration in Support of Motion for Class Certification); ECF No. 92-3 (Krueger Supplemental Declaration in Support of Motion for Class Certification). Since this Action's inception, I have taken the lead role at STA-ILA in directing and supervising the prosecution of this Action, including performing the tasks listed below in ¶7 and preparing for and attending the lead plaintiff hearing at the start of the Action and the recent preliminary approval hearing.

6.     STA-ILA maintains outside counsel at two law firms, Abato, Rubenstein, and Abato, P.A. and the Law Offices of Michael J. Collins, PC ("Fund Counsel"), and throughout the course of the Action, I, and other employees at STA-ILA, relied on Fund Counsel to help supervise Scott+Scott Attorneys at Law LLP ("Scott+Scott" or "Class Counsel"). Fund Counsel was included in most emails and videoconferencing communications between Scott+Scott and STA-ILA, helped review and edit legal filings, assisted Scott+Scott in preparing me and another representative of STA-ILA for our class representative depositions, and advised STA-ILA about the adequacy of the settlement. A substantial portion of the amount being sought by STA-ILA in

reimbursement for the time and expenses spent prosecuting the Action (*see* ¶¶13-14) was spent by STA-ILA to pay Fund Counsel.

7.     From the start of the Action, I have actively participated in its prosecution, and, along with others at STA-ILA and STA-ILA's Fund Counsel, worked regularly and diligently to fulfill STA-ILA's responsibilities to the Class.  This included:

(a)     responding to Defendants' requests for production of documents and interrogatories;

(b)     searching for and producing 338 documents (totaling roughly 11,000 pages);

(c)     reviewing Defendants' documents produced pursuant to STA-ILA's discovery requests;

(d)     preparing for and then sitting for two class representative depositions;

(e)     attending five depositions of Defendants' current and former employees;

(f)     attending the deposition of STA-ILA's market efficiency expert;

(g)     conferring with Class Counsel concerning mediation;

(h)     reviewing the expert reports filed in the Action;

(i)     communicating regularly with Scott+Scott and STA-ILA's Fund Counsel telephonically and via email regarding the status of the Action, as well as receiving and reviewing status reports provided to STA-ILA by Scott+Scott;

(j)     reviewing, editing, and approving pleadings and filings, including the Second Amended Class Action Complaint ("SAC") and the Oppositions to Defendants' Motion to Dismiss the SAC; and

(k)     reviewing and approving the preliminary approval filings, including the Stipulation and Agreement of Settlement and Release, and preparing for and attending one of the preliminary approval hearings.

8.     All of the above-listed efforts were necessary for the successful prosecution and resolution of the Action.

9.     Through the date of this declaration, a conservative estimate of the time employees of STA-ILA (including myself) and STA-ILA's Fund Counsel have spent on the Action totals 364 hours.

**STA-ILA SUPPORTS APPROVAL OF THE SETTLEMENT**

10.     Based on my and STA-ILA's involvement in the Action, and when considering the merits of the Action and the risks and benefits of continued litigation as compared to settlement, STA-ILA believes the $9,000,000 settlement is an excellent resolution for the Settlement Class.  It secures an immediate sum payable to the Settlement Class and follows considerable motion practice, including two motions to dismiss (and multiple orders granting in part and denying in part the motions), class certification (and supplemental briefing thereto), the completion of fact and expert discovery, and mediation efforts.  That the settlement was achieved after considerable work was completed, and just days before the filing of opening briefs on summary judgment, speaks to STA-ILA and its Fund Counsel's ability to fully weigh the risks of continued litigation. Thus, STA-ILA believes the Settlement is a fair, reasonable, and adequate recovery on behalf of the Class and that its approval is in the best interest of each Class Member.

4

**STA-ILA SUPPORTS CLASS COUNSEL'S FEE AND EXPENSE APPLICATION**

11.     STA-ILA has approved and supports Class Counsel's request for an award of attorneys' fees of 25% of the Settlement Fund and payment of Class Counsel's requested litigation expenses, with interest at the same rate as the settlement fund on both amounts.

12.     Given the high-quality representation, diligence, and hard work attorneys from Scott+Scott performed in prosecuting this Action, as well as the resulting excellent recovery of $9,000,000 for the Settlement Class in the face of the risk of no recovery at all, STA-ILA believes Class Counsel's requested award of attorneys' fees is both fair and reasonable.  STA-ILA further believes that the litigation expenses requested are reasonable and were necessary for the successful prosecution and resolution of this Action.

**STA-ILA RESPECTFULLY REQUESTS AN AWARD FOR
THE TIME AND EXPENSES IT INCURRED PROSECUTING THE ACTION**

13.     STA-ILA has not received, nor has been promised or offered, any financial incentive or compensation for serving as Class Representative in the Action.  STA-ILA understands, however, that courts may authorize reimbursement to a representative serving on behalf of the Class directly relating to their representation.

14.     More specifically, STA-ILA seeks reimbursement for the time that its employees devoted to prosecuting the Action, as opposed to on their regular duties.  As noted above, a conservative estimate of the time STA-ILA employees and STA-ILA's Fund Counsel spent on the Action totals 364 hours, of which I spent 166 hours, Fund Counsel spent 158 hours, and members of my staff, STA-ILA's Board of Trustees, and STA-ILA President, David P. Hartman, spent a collective 40 hours.  As noted above, STA-ILA maintains Fund Counsel via two outside law firms, each of whom STA-ILA retains on an hourly basis of $375.  To date, STA-ILA has paid Fund Counsel $59,250 for their time spent assisting STA-ILA in prosecuting the Action.  Apart from

5

Fund Counsel's time, when multiplied against each STA-ILA employee's hourly rate, STA-ILA has spent in excess of $30,000 prosecuting the Action as well. On this basis, STA-ILA respectfully requests an award of $50,000 for the time and expenses it incurred.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Baltimore, Maryland, on May 6, 2024.

RICHARD P. KRUEGER, III

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically provide notice to all counsel of record.

*s/ Amanda F. Lawrence*

Amanda F. Lawrence

7