UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>                    Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>Judge: Hon. Jed S. Rakoff<br>Date: June 10, 2024<br>Time: 4:00 PM |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) AN AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND AWARD TO <u>CLASS REPRESENTATIVE FOR ITS COST AND EXPENSES</u>**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Class Representative STA-ILA, on behalf of itself and all other members of the proposed Settlement Class, and Class Counsel respectfully submit this reply memorandum of law in further support of (i) Class Representative's motion for final approval of the proposed Settlement of the above-captioned Action and approval of the proposed Plan of Allocation (ECF No. 119); and (ii) Class Representative's and Class Counsel's motion for award of attorneys' fees, payment of litigation expenses, and award to Class Representative for its costs and expenses (ECF No. 121) (the "Motions").[1]

## I.   INTRODUCTION

Now that the May 20, 2024 deadline for objections and exclusions from the Settlement Class has passed, Class Representative and Class Counsel respectfully submit that the reaction of the Settlement Class to the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, and Class Representative's request for an award for its costs and expenses supports approval. A total of 25,569 Claim Packages have been disseminated to potential Settlement Class Members or their nominees through June 3, 2024. *See* Supplemental Declaration of Robert Cormio Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date, ¶3, filed herewith ("Supp. Cormio Decl."). Additionally, on March 14, 2024, the Summary Notice was published in *The Wall Street Journal* and transmitted over *Business Wire*. *See* Declaration of Robert Cormio Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date ("Initial Cormio Decl.") (ECF No. 123-1), ¶12.

There have been ***no*** objections to the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, or Class Representative's request for an

---

[1] All capitalized terms not otherwise defined herein have the same meaning as those set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated January 16, 2024 (ECF No. 115-1).

award for its costs and expenses. In addition, 36 requests for exclusion have been received, representing less than 0.2% of the 25,569 Claim Packages disseminated to potential Settlement Class Members. *See* Supp. Cormio Decl., ¶¶3, 9. Accordingly, Class Representative and Class Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, and Class Representative's request for an award for its costs and expenses.

**II.     THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE PROPOSED SETTLEMENT, THE PLAN OF ALLOCATION, CLASS COUNSEL'S FEE AND REIMBURSEMENT OF LITIGATION REQUESTS, AND CLASS REPRESENTATIVE'S REQUEST FOR AN AWARD FOR ITS COSTS AND EXPENSES**

**A.     The Court-Approved Notice Program Has Been Completed**

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has disseminated 25,569 Claim Packages to all potential Settlement Class Members identified to date. *See* Supp. Cormio Decl., ¶3. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, that Class Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of expenses in an amount not to exceed $750,000, and Class Representative would apply for an award for its costs and expenses in an amount not to exceed $50,000. The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, or Class Representative's request for an award for its costs and expenses, and the May 20, 2024 deadline for filing such objections.

In addition, copies of the Notice, Proof of Claim, Stipulation, Preliminary Approval Order, Motions, and Second Amended Complaint were posted on www.OloSecuritiesLitigation.com. *See* Initial Cormio Decl., ¶14. Further, on March 14, 2024, the Claims Administrator published the

Summary Notice in *The Wall Street Journal* and released it over the internet via *Business Wire* (*Id.*, ¶12), informing readers of the proposed Settlement, how to obtain copies of the Claim Packages, and the deadlines for the submission of Proof of Claim, objections, and exclusion requests.

On May 6, 2024, pursuant to the schedule approved by the Court in the Preliminary Approval Order, Class Representative and Class Counsel filed their opening papers in support of the Motions. Those papers – which are available on the public docket (*see* ECF Nos. 119-124) and the Claim's Administrator's website – described Class Representative's and Class Counsel's views of the Settlement, work performed in this litigation, and the fee and expense awards requested.

The exclusion and objection deadlines have now passed. As set forth below, only 36 Settlement Class Members (out of the 25,569 Claim Packages disseminated) have requested exclusion from the Settlement Class, and no Settlement Class Member has objected to the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, or Class Representative's request for an award for its costs and expenses. *See* Supp. Cormio Decl.*,* ¶¶3, 9.

> **B.    The Settlement Class's Reaction Supports Approval of the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, and Class Representative's request for an award for its costs and expenses**

Following this extensive notice program, ***no*** Settlement Class Member objected to any aspect of the Settlement. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] Grinnell inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec.*

3

*& Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) aff'd, *In re Facebook Inc.*, 822 F. App'x 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.").[2] As the Second Circuit reasoned in *Wal-Mart*, "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" 396 F.3d at 118; *see also Gruber v. Gilbertson*, 647 F. Supp. 3d 100, 127 (S.D.N.Y. 2022) (Rakoff, J.) ("'If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'"); *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 872 (S.D.N.Y. 2018) (Rakoff, J.) ("small number of objectors . . . strongly suggest that the settlement amount is fair, adequate, and reasonable").

The absence of objections is even more noteworthy because it necessarily means an absence of objections from institutional investors or pension funds. The absence of objections by these sophisticated Settlement Class Members – who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so – provides further evidence of the fairness of the Settlement. *See, e.g., In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

---

[2]   Unless otherwise indicated, citations are omitted and emphasis is added.

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved"); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation").

Similarly, the number of requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g., In re Bear Stearns Cos., Inc. Secs., Derivative, and ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am. Int'l Grp., Inc. Secs. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), aff'd, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid"). Here, in response to the 25,569 Claim Packages disseminated to date, the Claims Administrator has received 36 requests for exclusion from the Settlement Class, representing less than 0.2% of the putative Class. Supp. Cormio Decl., ¶¶3, 9. This comparatively small number of requests for exclusion supports approval of the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, and Class Representative's request for an award for its costs and expenses. *See, e.g.*, *AOL*, 2006 WL 903236, at *10 (opt-out rate of less than 0.2% of class members favored settlement); *Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y.1999) (fewer than 1% of class members requesting exclusion "strongly favors approval of the proposed

settlement[ ]"); *see also Rodriquez v. It's Just Lunch Int'l*, No. 07-cv-09227 (SN), 2020 WL 1030983, at *4 (S.D.N.Y. Mar. 2, 2020) (granting final approval where claims administrator contacted about 140,000 class members and 11,181 class members filed claims, 60 members opted out, and 21 members objected). Further, all but two of the requests for exclusion are from former shareholders of Wisely, Inc. *See* Supp. Cormio Decl., Ex. A. On November 5, 2021, Olo acquired Wisely, pursuant to a merger agreement, whereby Wisely shareholders received a mix of cash and Olo common stock in exchange for their Wisely shares. That the 34 Wisely-connected requests for exclusion may have been made in an attempt to preserve those respective shareholders' ability to bring suit against Defendants regarding Olo's acquisition of Wisely, an arguably tangential issue to those asserted in the instant action, further supports approval of the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, and Class Representative's request for an award for its costs and expenses. *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 454 (S.D.N.Y. 2004) ("Those persons or entities wishing to pursue their own actions presumably have excluded themselves from the settlement class; the remainder presumably have accepted the efficiencies of classwide litigation.").

Given that Olo had approximately 100 million Eligible Shares outstanding during the Class Period (ECF No. 123-1 at 14), the low number of exclusions and ***zero*** objections is a strong showing of support for the proposed Settlement, the Plan of Allocation, Class Counsel's fee and reimbursement of litigation requests, and Class Representative's request for an award for its costs and expenses.

### III.    CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Class Representative and Class Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for

attorneys' fees and payment of expenses.  Three proposed orders are being submitted herewith: a proposed Final Order and Judgment; a proposed Order Approving the Plan of Allocation; and a proposed Order Awarding Attorneys' Fees, Expenses, and Award to Class Representative.

Dated:  June 3, 2024                                           **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ Amanda F. Lawrence*
Amanda F. Lawrence
Donald A. Broggi
Jeffrey P. Jacobson
Mandeep S. Minhas
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
alawrence@scott-scott.com
dbroggi@scott-scott.com
jjacobson@scott-scott.com
mminhas@scott-scott.com

*Counsel for Lead Plaintiff Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 3, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically provide notice to all counsel of record.

*s/ Amanda F. Lawrence*
Amanda F. Lawrence
