# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OLO INC., NOAH GLASS, and PETER BENEVIDES, <br><br> Defendants. | Case No. 1:22-cv-08228-JSR <br><br> CLASS ACTION <br><br> Judge: Hon. Jed S. Rakoff <br> Date: June 10, 2024 <br> Time: 4:00 PM |

**[PROPOSED] JUDGMENT AND ORDER ON CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND AWARD TO CLASS REPRESENTATIVE FOR ITS COSTS AND EXPENSES**

Class Representative and Class Counsel's Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Award to Class Representative for Its Costs and Expenses ("Fees, Expenses, and Award Application") duly came before the Court for a hearing on June 10, 2024. The Court has considered the Fee, Expenses, and Award Application and all supporting and other related materials, including the matters presented at the June 10, 2024 hearing. Due and adequate notice having been given to the Class as required by the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated February 20, 2024 ("Preliminary Approval Order") (ECF No. 118), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

**NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:**

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated January 16, 2024 (ECF No. 115-1) and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Notice of the Fees, Expenses, and Award Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.      Class Members have been given the opportunity to object to the Fees, Expenses, and Award Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Class Member has objected to Class Representative and Class Counsel's request.

5.      The Fees, Expenses, and Award Application is hereby GRANTED.

6.      Class Counsel is hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund, or $_____ and $_____ in reimbursement for its litigation expenses, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  The Court finds these sums to be fair and reasonable.  These fees and expenses shall be paid to Class Counsel from the Settlement Fund.

7.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

        a.      the Settlement has created a fund of $9,000,000 in cash that has been paid into an escrow account for the benefit of the Class pursuant to the terms of

2

the Stipulation, and Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Class Counsel;

b.    the fee percentage awarded is within an acceptable range;

c.    the multiplier on Class Counsel's total lodestar of $6,237,999.50 is negative, and reasonable;

d.    the fee sought by Class Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Class Representative, a sophisticated institutional investor represented by two outside law firms;

e.    copies of the Notice were disseminated to over 25,000 potential Class Members or their nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 25 percent of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $750,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund; and

f.    no Class Member has objected to any aspect of the Settlement, including the Fees, Expenses, and Award Application.

8.    Class Representative has also requested reimbursement of its costs and expenses incurred directly related to their representation of the Class in this Action.  Pursuant to 15 U.S.C. §77z- 1(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of the class."  Class Representative Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund is hereby awarded its costs and expense in the amount

3

of $_____, which represents its reasonable costs and expenses directly related to its representation of the Class.

9.    Pursuant to ¶11.c of the Stipulation, Class Counsel's fees and expenses and Class Representative's award may be paid out of the Settlement Fund immediately after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, PROVIDED, however, that: (i) such payments shall be subject to all of the terms, conditions, and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein, and (ii) a holdback of 50% of the awarded attorneys' fees shall be applied, such that 50% of the awarded attorneys' fees shall not be payable until the Court executes an order authorizing the Claims Administrator to distribute the Net Settlement Fund (less remaining attorneys' fees, any taxes, and claims administration expenses) to the Settlement Class.

10.    Any appeal or any challenge affecting this Court's approval regarding this Fees, Expenses, and Award Application shall in no way disturb or affect the finality of the Final Order and Judgment Granting Final Approval of Class Action Settlement entered with respect to the Settlement.

11.    Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12.    In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED.

4

DATED:  _____            _____

                                           JED S. RAKOFF, U.S.D.J.
                                           SOUTHERN DISTRICT OF NEW YORK