UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>OLO INC., NOAH GLASS, and PETER BENEVIDES,<br><br>                              Defendants. | Case No. 1:22-cv-08228-JSR<br><br>CLASS ACTION<br><br>Judge: Hon. Jed S. Rakoff<br>Date: June 10, 2024<br>Time: 4:00 PM |

## [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court is advised that the Settling Parties, through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action upon the terms and conditions set forth in the Stipulation and Agreement of Settlement and Release dated January 16, 2024 (the "Stipulation"), which was filed with the Court.[1]

WHEREAS, on February 20, 2024, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 118) (the "Preliminary Approval Order"), which preliminarily approved the Settlement and approved the form and manner of notice to the Class of the Settlement.

---

[1] All defined and capitalized terms herein shall have the same meaning as set forth in the Stipulation.

WHEREAS, said notice has been made to the Class and the Settlement Fairness Hearing has been held pursuant to the terms of the Order Preliminarily Approving Settlement and Providing for Notice.

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon the Settlement Fairness Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Litigation, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2. This Court has jurisdiction of the subject matter of this Action and over all of the Settling Parties and all Members of the Class, including all Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3. The form, content, and method of dissemination of notice given to the Class was adequate and reasonable, met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. §78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995), and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

4. Notice, as given, complied with the requirements of federal law, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

5. The Settlement set forth in the Stipulation is fair, reasonable, and adequate.

  (a) The Settlement was negotiated at arm's length by Class Representative and Class Counsel on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after: (1) an in-person mediation session conducted by an experienced mediator who was thoroughly familiar with this Action; (2) follow-up negotiations facilitated by the mediator; (3) the exchange of detailed mediation statements prior to the in-person mediation which highlighted the factual and legal issues in dispute; (4) Class Counsel's extensive investigation, which included, among other things, a review of Olo's U.S. Securities and Exchange Commission filings, and other information about the Defendants; (5) the drafting and filing of two detailed amended complaints; (6) two orders by the Court granting in part and denying in part Defendants' motions to dismiss; (7) a "bottom-line" Order by the Court granting Class Representative's class certification motion; and (8) extensive factual and expert discovery, including 18 depositions, the filing and/or exchange of eight expert reports, and the production and review of over 100,000 documents, consisting of approximately 530,000 pages of material. Accordingly, both Class Representative and Defendants were well-

positioned to evaluate the settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

(b) If the Settlement had not been achieved, both Class Representative and Defendants faced the expense, risk, and uncertainty of extended litigation, including summary judgment, trial, post-trial motions, and appeals. The Court takes no position on the merits of either Class Representative's or Defendants' arguments but notes these arguments as further evidence in support of the reasonableness of the Settlement.

6. Class Representative and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

7. Class Representative, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

8. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. The Court hereby reaffirms its determination in its orders dated December 1 and 18, 2023 granting (and affirming) class certification and appointing Steamship Trade Association of Baltimore – International Longshoremen's Association Pension Fund as Class Representative and Scott+Scott Attorneys at Law LLP as Class Counsel. ECF Nos. 106, 112.

10. The Court hereby reaffirms its determination in the Preliminary Approval Order that the Settlement Class shall be composed of all persons and entities that purchased or otherwise acquired shares of Olo's Class A common stock between March 17, 2021 and August 11, 2022, inclusive, and who were damaged thereby, excluding any of the Defendants, Olo's officers and

directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

11. Upon the Effective Date, except with respect to individual claims by persons who have validly and timely requested exclusion from the Class as listed in **Exhibit A**, all of the claims asserted in the Second Amended Class Action Complaint for Violations of Federal Securities Laws, dated August 9, 2023 ("Complaint") (ECF No. 72), or the Action against the Defendants are hereby dismissed with prejudice, without costs as to the Settling Parties, except as awarded under the Settlement Fund and approved by the Court.

12. Upon the Effective Date, all Released Parties are released in accordance with the Stipulation, and as defined in the Stipulation, each of the Releasing Parties are hereby deemed to have fully, finally, and forever waived, released, relinquished, and discharged each and every one

of the Released Claims,[2] including Unknown Claims,[3] against each and every one of the Released Parties, whether or not the Class Member executes and delivers the Proof of Claim. Except,

---

[2] "Released Claims" means all Released Defendants' Claims and all Releasing Class Representative's Claims. "Releasing Class Representative's Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), whether arising under federal, state, common, or foreign law by the Releasing Class Representative Parties against any of the Released Defendant Parties that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to: (i) the purchase, sale, acquisition, or disposition of Olo's Class A common stock during the Class Period and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Releasing Class Representative's Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims in any pending derivative litigation, including, without limitation, *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass, et al.*, C.A. No. 2024-0025 (Del. Ch.); and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court. "Released Defendants' Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Defendants could have asserted against the Releasing Class Representative Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

[3] "Unknown Claims" means any Releasing Class Representative's Claims which Class Representative, any other Settlement Class Member, or any other Releasing Class Representative Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them, might have affected their decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and any Released Defendants' Claims which any Defendant or any other Released Defendant Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them might have affected their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides: A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party. The Settling Parties shall expressly waive, and each

however, the Settlement shall not release any claims in the action captioned *Floyd v. Glass, et al.*, Case No. 1:23-cv-03770 (S.D.N.Y.), *Floyd v. Glass, et al.*, C.A. No. 2023-0560 (Del. Ch.), *Balleh v. Glass, et. al.*, C.A. No. 2023-1165 (Del. Ch.), and *Giuda v. Glass, et al.*, C.A. No. 2024-0025 (Del. Ch.).

13. Upon the Effective Date, each of the Releasing Parties are hereby forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other court of law or equity, administrative forum, or arbitration tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of, directly or indirectly, any of the Released Claims.

---

Releasing Class Representative Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Class Representative Parties and Released Defendant Parties acknowledge that they may hereafter discover facts in addition to, or different from, those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Releasing Class Representative's Claims or Released Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Class Representative Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

Class Representative and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

14. Upon the Effective Date, pursuant to 15 U.S.C. §78u-4(f)(7)(A), this Order provides that every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state, or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of the Releasing Class Representative's Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in this Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Defendant Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local, or common law; this Order specifically bars all future claims for contribution arising out of the Action: (i) by any person against Olo Inc., Noah H. Glass, and Peter J. Benevides; and (ii) by Olo Inc., Noah H. Glass, or Peter J. Benevides against any person, other than a person whose liability has been extinguished by the Settlement.

15. Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released Class Representative, Class Counsel, and each and all of the Class Members from all Released Defendants' Claims.

16. All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

17. All Class Members who have failed to properly submit Requests for Exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Order and Judgment.

18. The Requests for Exclusion by the persons or entities in **Exhibit A** to this Final Order and Judgment are accepted by the Court.

19. Neither this Final Order and Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), nor any of the negotiations, documents, or proceedings connected with them shall be argued to be or offered or received:

> (a) Against any of the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by the Class Representative in the Complaint or the Action, or the validity of any claim that has been, or could have been, asserted against any of the Defendants in the Complaint or the Action, or the deficiency of any defense that has been, or could have been, asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants.
>
> (b) Against the Class Representative or any Settlement Class Member or Class Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Class Representative in the Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the

9

Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Complaint or the Action.

(c) Against any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Class Representative, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that if the Stipulation is approved by the Court, the Defendants, the Class Representative, and any Settlement Class Member, or their respective legal counsel, may refer to it or file it as necessary to effectuate the liability protection and releases granted them thereunder.

(d) Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that any of the Class Representative's claims have merit, or that any defenses asserted by the Defendants are without merit, or that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them.

(e)     Against the Class Representative or any Settlement Class Member, or Class Counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

20.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Releasing Class Representative's Claims or of any wrongdoing or liability of the Defendants or the Released Defendant Parties; or (b) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants or the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by the Class Representative, any Class Member, or Class Counsel were not valid in any civil, criminal, or administrative proceeding.

21.     The Parties and other Released Parties may file or refer to this Final Order and Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to

enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Final Order and Judgment.

22. In the event that the Settlement does not become Final and Effective in accordance with the terms and conditions set forth in the Stipulation, then this Final Order and Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions as of December 18, 2023, and the Parties shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action. In such circumstances, the Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

23. In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions as set forth in the Stipulation, within fourteen (14) business days of: (a) the Order rendering the Settlement and Judgment non-Final such that no appeal or other action can alter that outcome; or (b) of notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest, shall be returned to the persons who contributed to the Settlement Fund in accordance with the terms outlined in the Stipulation. Class Counsel shall return any fees or award previously distributed in connection with the Settlement.

24. Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the

Stipulation, the Settlement contained therein, the Settlement Fund, and this Final Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

25. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

26. Any order approving or modifying the Plan of Allocation, Class Counsel's application or award of attorneys' fees and expenses, or Class Representative's application for award, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement.

27. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

28. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

29. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

30. The Court directs immediate entry of this Judgment by the Clerk of the Court.

31. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Final Order and Judgment and shall be considered separate from this Final Order and Judgment. Such orders shall in no way affect or delay the finality of this Final Order and Judgment and shall not affect or delay the Effective Date of the Settlement.

32. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Final Order and Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

IT IS SO ORDERED.

DATED: 6/11/24

_____
JED S. RAKOFF, U.S.D.J.
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A

## Requests for Exclusion

| Name | Location | Exclusion ID# | Signed | Postmarked |
|---|---|---|---|---|
| Joshua K Benn | Greenwich, CT | Exclusion 1 | Yes | 5/14/2024 |
| Passkey Investors | Darien, CT | Exclusion 2 | Yes | 5/13/2024 |
| Scott Lawton | Trumbull, CT | Exclusion 3 | Yes | 5/15/2024 |
| Trace L5 Capital LLC | Briarcliff Manor, NY | Exclusion 4 | Yes | 5/17/2024 |
| Jeffrey Steinberg | Paradise Valley, AZ | Exclusion 5 | Yes | 5/15/2024 |
| Scott Beck | Westport, CT | Exclusion 6 | Yes | 5/16/2024 |
| Tyler Felous | Washington, DC | Exclusion 7 | Yes | 5/16/2024 |
| Heather M Cull | Chicago, IL | Exclusion 8 | Yes | 5/16/2024 |
| Michelle Lozier | Tampa, FL | Exclusion 9 | Yes | 5/16/2024 |
| Jordan Ashdown | Grand Rapids, MI | Exclusion 10 | Yes | 5/16/2024 |
| Blake Ashdown | East Lansing, MI | Exclusion 11 | Yes | 5/16/2024 |
| Kenneth J Foote | Brighton, MI | Exclusion 12 | Yes | 5/16/2024 |
| Iris Rochelle Foote | Howell, MI | Exclusion 13 | Yes | 5/16/2024 |
| Donkersloot-Foote Family Trust | Baltimore, MD | Exclusion 14 | Yes | 5/16/2024 |
| Charlotte Lynne Fitzpatrick | Souderton, PA | Exclusion 15 | Yes | 5/16/2024 |
| Alexander Kirby Foote | Atlanta, GA | Exclusion 16 | Yes | 5/16/2024 |
| Benjamin Aaron Foote | Chicago, IL | Exclusion 17 | Yes | 5/16/2024 |
| Lark Allison Foote | Exton, PA | Exclusion 18 | Yes | 5/16/2024 |
| Blythe Esther Foote | East Lansing, MI | Exclusion 19 | Yes | 5/16/2024 |
| Juliet Ann Foote | Sunnyvale, CA | Exclusion 20 | Yes | 5/16/2024 |
| Wisely Executive Holdings LLC | East Lansing, MI | Exclusion 21 | Yes | 5/16/2024 |
| Amy E. Soltis | Lansing, MI | Exclusion 22 | Yes | 5/16/2024 |
| Pforzheimer Family Limited Partnership | Wilton, CT | Exclusion 23 | Yes | 5/16/2024 |
| Tammy K Billings | Long Beach, CA | Exclusion 24 | Yes | 5/20/2024 (email) |
| Jacob Organek | New York, NY | Exclusion 25 | Yes | 5/17/2024 |
| Jacob Hyde | Darien, CT | Exclusion 26 | Yes | 5/20/2024 |
| Eric Ralphs Bellquist Separate Property Trust | Indian Wells, CA | Exclusion 27 | Yes | 5/20/2024 |
| Chibor Wisely, LLC | Ann Arbor, MI | Exclusion 28 | Yes | 5/20/2024 |
| Project Zingerman - a series of Lamplighter Syndicate Amster Fund LLC | Raleigh, NC | Exclusion 29 | Yes | 5/20/2024 |
| Christopher Bradley | New York, NY | Exclusion 30 | Yes | 5/21/2024 |
| Michael Vichich | Ann Arbor, MI | Exclusion 31 | Yes | 5/20/2024 |
| Lori Ware | Greenburg, PA | Exclusion 32 | Yes | 5/20/2024 |
| LeFranc Consulting Group | Weddington, NC | Exclusion 33 | Yes | 5/20/2024 |
| Daniel Fleischmann | New York, NY | Exclusion 34 | Yes | 5/21/2024 |
| David Cantu | Austin, TX | Exclusion 35 | Yes | 5/23/2024 |
| The Little Red Bird, LLC | ColdSpring, NY | Exclusion 36 | Yes | 5/10/2024 |